SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
BRENDAN DOLAN, Cal. Bar No. 126732
LUCKY MEINZ, Cal. Bar No. 260632
LOWELL B. RITTER, Cal. Bar No. 317738
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E-mails:      bdolan@sheppardmullin.com
               lmeinz@sheppardmullin.com
               lritter@sheppardmullin.com

Attorneys for Defendant Oracle America, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| HAONING RICHTER,<br><br>           Plaintiff,<br><br>     v.<br><br>ORACLE AMERICA, INC., et al.,<br><br>         Defendants. | Case No. 5:22-cv-04795-BLF<br><br>Hon. Beth Labson Freeman<br><br>**DEFENDANT ORACLE AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE, TO COMPEL PLAINTIFF'S CLAIMS TO ARBITRATION [FED. R. CIV. PRO. 12(B)(1) AND 12(B)(6); FEDERAL ARBITRATION ACT 9 U.S.C. § 1, *ET SEQ.*]; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     January 26, 2023<br>Time:    9:00 a.m.<br>Dept.:   3<br>Action Filed: August 22, 2022 |

PLEASE TAKE NOTICE that on January 26, 2023, at 9:00 a.m., or as soon thereafter as this matter can be heard, in Courtroom 3 of the United States District Court for the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, CA 95113, the Honorable Beth Labson Freeman presiding, Defendant Oracle America, Inc. ("Oracle") will and hereby does move, for an order, pursuant to Federal Rule of Civil Procedure Rules 12(b)(1) and 12(b)(6), and the Federal Arbitration Act ("FAA") dismissing, with prejudice, Plaintiff Haoning Richter's ("Plaintiff" or "Richter") Complaint or in the alternative compelling all of her claims to the pending JAMS arbitration.

This Motion to Dismiss pertains to similar issues addressed in Oracle's opposition to Plaintiff's Motion for Preliminary Injunction.  Plaintiff's motion is scheduled for hearing on December 8, 2022 at 9:00 a.m. before this Court.  As such, and in the interest of efficiency and judicial economy, Oracle respectfully requests that this Motion to Dismiss be heard at the same time as Plaintiff's motion.

As to Oracle's Motion pursuant to Federal Rule of Civil Procedure 12(b)(1), Oracle brings its Motion for the following reasons:

This Court lacks jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine, as Plaintiff previously brought an identical matter before the Santa Clara Superior Court. The Santa Clara Superior Court compelled that matter to arbitration, pursuant to the parties' arbitration agreement, but has retained jurisdiction over the case.  The Superior Court also previously rejected Plaintiff's request for relief that she be permitted to litigate her claims in court under the Proprietary Information Agreement ("PIA") that she signed – the same relief she is seeking here in this Court.  Because the matter has been compelled to arbitration by the Superior Court, this Court lacks jurisdiction to effectively review the Superior Court's orders and hear this matter.  The *Rooker-Feldman* doctrine expressly precludes the Court from overriding the Superior Court's prior decisions compelling and maintaining Plaintiff's claims in arbitration or taking this matter over from that court.

To the extent that Plaintiff contends there are any additional disputes between the parties pertaining to the PIA, there is no actual case or controversy as to any such claims, as any claim of

1   future conflict between the parties is merely speculative.

2        As to Oracle's Motion pursuant to Federal Rule of Civil Procedure 12(b)(6), Oracle brings

3   its Motion for the following reasons:

4        To the extent the Court does not dismiss Plaintiff's claims pursuant to Federal Rule of Civil

5   Procedure 12(b)(1), Oracle's Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) seeks

6   dismissal with prejudice of each of Plaintiff's causes of action because the full faith and credit statute

7   requires that the Court give preclusive effect to the Santa Clara Superior Court's prior orders

8   compelling Plaintiff's claims to arbitration and rejecting her request to litigate her claims in court

9   under the PIA.

10       Oracle further seeks to dismiss Plaintiff's claims under Rule 12(b)(6) and the FAA because

11  Plaintiff's claims are subject to arbitration pursuant to the parties' arbitration agreement.  In the

12  alternative, Oracle seeks to compel Plaintiff's claims to the pending JAMS arbitration.  The

13  Complaint does not dispute the enforceability of the parties' arbitration agreement, and the issue of

14  whether the parties' arbitration agreement covers Plaintiff's claims involving the PIA is a matter for

15  the arbitrator to decide.

16       Moreover, this Court is prohibited by the Anti-Injunction Act from enjoining the ongoing

17  arbitration, which is near completion after over three years of litigation.

18       This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points

19  and Authorities, the declaration of Lucky Meinz and the Exhibits attached thereto, the Request for

20  Judicial Notice and Exhibits attached thereto, the records and files in this action, and such evidence

21  and argument as may be presented at or before the hearing on this matter.

22  Dated:  September 26, 2022     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

23

24       By       /s/ Lucky Meinz
                   BRENDAN DOLAN

25                 LUCKY MEINZ
                   LOWELL B. RITTER

26

27              Attorneys for Defendant ORACLE AMERICA, INC.

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................1

I. INTRODUCTION ...................................................................................................1

II. FACTS AND BACKGROUND ..............................................................................2

    A.    Plaintiff Entered Into An Arbitration Agreement With Oracle Pursuant To Which The Santa Clara Superior Court Previously Compelled Arbitration. .............2

    B.    Oracle Sought All Documents Plaintiff Retained Following Her Termination And Plaintiff Revealed She Improperly Downloaded Oracle Documents And Information Following Her Termination. .......................................3

    C.    The Santa Clara Superior Court Denied Plaintiff's Ex Parte Application For Temporary Restraining Order Enjoining JAMS Proceeding. .................................4

    D.    The Parties' Discovery Dispute Regarding Plaintiff's Delay In Arbitration And Obstructing Oracle's Access To Relevant Documents On Her Personal Laptop...................................................................................................................5

    E.    Plaintiff's Complaint Seeking to Litigate her Arbitration Claims and Discovery Dispute in Court. .................................................................................6

III. ARGUMENT AND AUTHORITIES .....................................................................7

    A.    This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Complaint. ...............7

        1.    Legal standard .....................................................................................7

        2.    This Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine...................................................................................7

        3.    The Court lacks subject matter jurisdiction over Plaintiff's first claim for declaratory relief because there is no actual controversy. ..............9

    B.    Plaintiff's Complaint Fails To State A Claim Upon Which Relief Can Be Granted. ...............................................................................................................13

        1.    Legal standard. ..................................................................................13

        2.    Plaintiff's claims are precluded by the Superior Court's prior orders. ........14

        3.    Plaintiff's claims should be dismissed because they are subject to arbitration; In the alternative, her claims should be compelled to the pending JAMS arbitration. .................................................................17

        4.    Plaintiff's Complaint should be dismissed under the Anti-Injunction Act. ...................................................................................................20

IV. CONCLUSION ......................................................................................................21

## TABLE OF AUTHORITIES

**Page(s)**

<u>Federal Cases</u>

*A.H. ex rel. Hubbard v. Midwest Bus Sales, Inc.*
   823 F.3d 448 (8th Cir. 2016) .......................................................................................... 14

*Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*
   398 U.S. 281 (1970) ...................................................................................................... 20

*Balistreri v. Pac. Police Dep't*
   901 F.2d 696 (9th Cir. 1990) .......................................................................................... 13

*Barron v. Reich*
   13 F.3d 1370 (9th Cir. 2004) .......................................................................................... 13

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ...................................................................................................... 14

*Bianchi v. Rylaarsdam*
   334 F.3d 895 (9th Cir. 2003) ....................................................................................... 7, 8

*Brennan v. Opus Bank*
   796 F.3d 1125 (9th Cir. 2015) ........................................................................................ 17

*Brillhart v. Excess Ins. Co.*
   316 U.S. 491(1942) ....................................................................................................... 12

*Brown v. Gen. Steel Domestic Sales*
   LLC, No. CV 08–00779 MMM, 2008 WL 2128057 (C.D. Cal. May 19, 2008) ................... 15

*Campos v. JPMorgan Chase Bank, NA*
   No. 18-CV-06169-JSC, 2019 WL 827634 (N.D. Cal. Feb. 21, 2019) ................................... 18

*Chamberlain v. Allstate Ins. Co.*
   931 F.2d 1361 (9th Cir. 1991) ......................................................................................... 12

*Cisco Sys., Inc. v. Dexon Comput., Inc.*
   2022 U.S. Dist. LEXIS 109619 (N.D. Cal. June 21, 2022) ............................................. 9, 10

*CNG Fin. Corp. v. Davis*
   Case No. 1:16-CV-297, 2016 U.S. Dist. LEXIS 89379 (S.D. Ohio July 11, 2016) .............. 12

*Cooper v. Ramos*
   704 F.3d 772 (9th Cir. 2012) ............................................................................................ 7

*Cristo v. Charles Schwab Corp.*
   Case No.: 17-cv-1843-GPC-MDD, 2021 WL 2633624 (S.D. Cal. June 25, 2021) ............... 16

*CSSU Laver v. Credit Suisse Sec. (USA), LLC*
   No. 18-CV-00828-WHO, 2018 WL 3068109 (N.D. Cal. June 21, 2018),
   *aff'd*, 976 F.3d 841 (9th Cir. 2020) ....................................................................... 17

*D.C. Ct. App. v. Feldman*
   460 U.S. 462 (1983) ............................................................................................ 7, 8

*Daiei, Inc. v. U. S. Shoe Corp.*
   755 F. Supp. 299 (D. Haw. 1991) .......................................................................... 17

*Doe & Assocs. Law Offices v. Napolitano*
   252 F.3d 1026 (9th Cir. 2001) ............................................................................... 8, 9

*Dreier v. United States*
   106 F.3d 844 (9th Cir. 1996) ..................................................................................... 2

*Empire Blue Cross & Blue Shield v. Janet Greeson's a Place for Us, Inc.*
   985 F.2d 459 (9th Cir. 1993) ................................................................................... 20

*Fielder v. Credit Acceptance Co.*
   188 F.3d 1031 (8th Cir. 1999) .................................................................................... 7

*Fleck and Assocs., Inc. v. Phoenix*
   471 F.3d 1100 (9th Cir. 2006) ................................................................................. 10

*Grove Press, Inc. v. Blackwell*
   308 F. Supp. 361 (E.D. Mich. 1969) ....................................................................... 10

*Henry Schein, Inc. v. Archer & White Sales, Inc.*
   139 S. Ct. 524 (2019) .............................................................................................. 16

*Johnmohammadi v. Bloomingdale's, Inc.*
   755 F.3d 1072 (9th Cir. 2014) ................................................................................. 18

*Knievel v. ESPN*
   393 F.3d 1068 (9th Cir. 2005) ................................................................................. 13

*Leonard v. Stemtech Int'l, Inc.*
   2012 U.S. Dist. LEXIS 120525 (D. Del. Aug. 24, 2012 ) ........................................ 13

*LG Electr. U.S.A., Inc. v. Whirlpool Corp.*
   2011 WL 4543886 (D. Del. Sept. 29, 2011) ........................................................... 13

*Marder v. Lopez*
   450 F.3d 445 (9th Cir. 2006) ................................................................................... 13

*Monster Beverage Corp. v. Herrera*
   650 F. App'x 344 (9th Cir. 2016) ............................................................................ 20

*Parker Law Firm v. Travelers Indem. Co.*
   985 F.3d 579 (8th Cir. 2021)...........................................................................8, 9

*Principal Life Ins. Co. v. Robinson*
   394 F.3d 665 (9th Cir. 2005).............................................................................12

*Prometheus Dev. Co. v. Everest Props.*
   289 F. App'x 211 (9th Cir. 2008).......................................................................20

*Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*
   204 F.3d 867 (9th Cir. 2000).............................................................................20

*Pub. Serv. Comm'n v. Wycoff, Co.*
   344 U.S. 237 (1952)...........................................................................................11

*Quackenbush v. Allstate Ins. Co.*
   121 F.3d 1372 (9th Cir. 1997)...........................................................................20

*Rent-A-Ctr., W., Inc. v. Jackson*
   561 U.S. 63 (2010).............................................................................................16

*Rivera v. Salomon Smith Barney Inc.*
   01 Civ. 9282 (RWS), 2002 U.S. Dist. LEXIS 17877 (S.D.N.Y. Sept. 23, 2002)...................11

*Robinson v. United States*
   586 F.3d 683 (9th Cir. 2009)...........................................................................2, 7

*Rooker v. Fid. Tr. Co.*
   263 U.S. 413 (1923)........................................................................................7, 8

*Sankyo Corp. v. Nakamura Trading Corp.*
   139 F. App'x 648 (6th Cir. 2005).......................................................................11

*Se. Res. Recovery Facility Auth. v. Montenay Int'l Corp.*
   973 F.2d 711 (9th Cir. 1992).........................................................................14, 15

*Smith v. Nerium Int'l*
   LLC, Case No. SACV 18-1088-JVS(PLAx), 2019 WL 4282901
   (C.D. Cal. June 20, 2019)..................................................................................15

*Sprewell v. Golden State Warriors*
   266 F.3d 979 (9th Cir. 2001).......................................................................11, 14

*State Farm Mut. Auto. Ins. Co. v. Carter*
   Case No. 1:08-cv-404, 2008 U.S. Dist. LEXIS 108050 (W.D. Mich. Oct. 28, 2008)...........12

*Steckman v. Hart Brewing Inc.*
   143 F.3d 1293 (9th Cir. 1998).........................................................................10

*The Raisin Bargaining Ass'n v. Hartford Cas. Ins. Co.*
   715 F. Supp. 2d 1079 (E.D. Cal. 2010) ................................................................. 14

*Toscano v. Conn. Gen. Life Ins. Co.*
   288 F. App'x. 36 (3d Cir. 2008) ........................................................................... 13

*Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. Of Adjustment*
   558 U.S. 67 (2009) ................................................................................................ 7

*Van Buskirk v. CNN*
   284 F.3d 977 (9th Cir. 2002) ............................................................................... 13

*W. Linn Corp. Park L.L.C. v. City of W. Linn*
   534 F.3d 1091 (9th Cir. 2008) ............................................................................... 9

*Weyerhauser Co. v. Novae Syndicate 2007*
   Case No. C18-0585JLR, 2019 U.S. Dist. LEXIS 139137 (W.D. Wash. Aug. 16, 2019) ....... 11

*Whittington v. Taco Bell of Am., Inc.*
   Civil Action No. 10-cv-01884-KMT-MEH, 2011 U.S. Dist. LEXIS 55292
   (D. Colo. May 10, 2011) ....................................................................................... 11

*Ziober v. BLB Res., Inc.*
   839 F.3d 814 (9th Cir. 2016) ............................................................................... 18

*Ziober v. BLB Res., Inc.*
   Case No.: SACV 14-00675-CJC(DFMx), 2014 U.S. Dist. LEXIS 199142
   (C.D. Cal. July 31, 2014) ..................................................................................... 18

State Cases

*Berg v. MTC Elecs. Techs.*
   61 Cal. App. 4th 349 (1998) ................................................................................ 19

Federal: Statutes, Rules, Regulations, Constitutional Provisions

28 U.S.C.
   § 1738 ................................................................................................................. 14
   § 2201 ................................................................................................................. 10
   § 2283 ................................................................................................................. 20

Federal Rule of Civil Procedure
   Rule 11(b) .......................................................................................................... 17
   Rule 12(b)(1) ............................................................................................... 2, 7, 10
   Rule 12(b)(6) ........................................................................................ 13, 14, 17, 20

United States Constitution ........................................................................................ 11
   Article III ............................................................................................................. 9

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.**     <u>**INTRODUCTION**</u>

Plaintiff's Complaint is baseless and should be dismissed in its entirety.  After being denied relief by the Santa Clara Superior Court, the Court of Appeal, and the California Supreme Court, Plaintiff attempts yet again to evade her obligation to arbitrate her state law discrimination and retaliation claims pursuant to the parties' valid and enforceable arbitration agreement.  Her Complaint asking this Court to enjoin the state-court ordered pending arbitration and to permit her to proceed with her arbitration claims that have been heavily litigated *for over three years* is meritless.  Her Complaint should be dismissed based on the following grounds.

As a threshold matter, this Court lacks jurisdiction over Plaintiff's Complaint based on the *Rooker-Feldman* doctrine.  That doctrine precludes district courts from granting the relief that Plaintiff seeks in her Complaint – to effectively review and reverse the Santa Clara Superior Court's prior orders compelling Plaintiff's claims to arbitration and denying her request to enjoin the arbitration.

The Court also lacks jurisdiction over Plaintiff's first claim for a declaratory relief for the additional reason that there currently is no actual controversy with respect to her claim that she is entitled to a declaration regarding her obligations and rights under the Proprietary Information Agreement ("PIA") that she signed.

Even if the Court has jurisdiction over Plaintiff's Complaint which Oracle does not concede, it should still dismiss Plaintiff's claims because the full faith and credit statute requires that the Court give preclusive effect to the Santa Clara Superior Court's prior orders compelling Plaintiff's claims to arbitration and rejecting her request to litigate her claims in court under the PIA.

The Court should also dismiss Plaintiff's Complaint because all of Plaintiff's claims are subject to arbitration pursuant to the parties' arbitration agreement, or in the alternative, it should compel Plaintiff's claims to the pending JAMS arbitration.  The parties' arbitration agreement is valid and enforceable, as the Santa Clara Superior Court previously concluded.  The issue of whether the arbitration agreement covers Plaintiff's claims involving the PIA is a matter for the arbitrator to decide, not the Court.

Finally, the Court should dismiss the Complaint because it is prohibited from enjoining the ongoing JAMS arbitration under the Anti-Injunction Act.

## II.    FACTS AND BACKGROUND

In deciding on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), the court may consider evidence outside the pleadings.  *See Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (noting that "the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure," and in doing so may "hear evidence regarding jurisdiction" and "resolve factual disputes where necessary.");  *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).   The Complaint and the evidence referred to below establish that the Court lacks subject matter jurisdiction and that the Complaint fails to state a claim upon which relief can be granted.

### A.    Plaintiff Entered Into An Arbitration Agreement With Oracle Pursuant To Which The Santa Clara Superior Court Previously Compelled Arbitration.

Plaintiff filed her original lawsuit in Santa Clara Superior Court against Oracle in October 2018 following her termination for violations of Oracle's Travel & Expense policy.  Complaint ¶ 147; Declaration of Lucky Meinz ("Meinz Decl."), ¶ 2; Declaration of Gautam Dutta in Support of Plaintiff's Motion for Preliminary Injunction ("Dutta Decl."), Ex. 19; Oracle's Request for Judicial Notice ("RJN"), Ex. A.   The state court lawsuit alleged all the same state law discrimination, retaliation, failure to produce records, and unfair competition claims that are alleged in her Complaint in this action.  *See* Dutta Decl., Ex. 19; RJN Ex. A; Complaint ¶¶ 6-145, 196-235.

In connection with her hiring at Oracle, Plaintiff entered into an arbitration agreement that requires arbitration of any claim arising out of or related to her Oracle employment or the termination of that employment.  The arbitration agreement states, in relevant part:

#### Mutual Agreement to Arbitrate

You and Oracle understand and agree that any existing or future dispute or claim arising out of or related to your Oracle employment, or the termination of that employment, will be resolved by final and binding arbitration and that no other forum for dispute resolution will be available to either party, except as to those claims identified below.  The decision of

> the arbitrator shall be final and binding on both you and Oracle and it shall be enforceable by any court having proper jurisdiction.
>
> . . .
>
> The arbitration proceedings shall be conducted pursuant to the Federal Arbitration Act, and in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association or the Employment Arbitration Rules and Procedures adopted by Judicial Arbitration & Mediation Services ("JAMS"). The arbitrator will have all the powers a judge would have in dealing with any question or dispute that may arise before, during and after the arbitration.

Complaint Ex. C; Meinz Decl., ¶ 3; RJN Ex. B (Ex. 1 to Orozco Decl., p. 2).

Based on this arbitration agreement and pursuant to the FAA, Oracle petitioned to compel Plaintiff's claims to arbitration and stay the action in state court pending the conclusion of the arbitration. *See* Complaint ¶ 148; Meinz Decl., ¶ 4; RJN Ex. B. On May 3, 2019, the Santa Clara Superior Court granted Oracle's petition to compel arbitration. The order compelled all of Plaintiff's claims to arbitration except her Private Attorneys General Act ("PAGA") cause of action. Complaint ¶ 149; Dutta Decl., Ex. 8; RJN Ex. C (May 2019 Order Compelling Arbitration).

Plaintiff's petitions for review of the May 3, 2019 order were denied by the Court of Appeal and California Supreme Court. Meinz Decl., ¶ 5; RJN Exs. D, E.

Former Santa Clara Superior Court Judge Robert Baines was appointed by JAMS as the arbitrator. The arbitration has been pending before him for over three years. Complaint ¶¶ 148-151; Meinz Decl., ¶ 6.

**B.** **Oracle Sought All Documents Plaintiff Retained Following Her Termination And Plaintiff Revealed She Improperly Downloaded Oracle Documents And Information Following Her Termination.**

The purported controversy that Plaintiff and her attorney have concocted that has apparently led them to bring this federal court action arises out of her improper retention of Oracle data and documents and their disregard of their discovery obligations in relation thereto in the JAMS arbitration.

On November 3, 2020, Oracle propounded its first set of Requests for Production of Documents ("RFP"), including RFP No. 2, which sought:

> Any and all DOCUMENTS that YOU retained or kept in YOUR possession
> from YOUR employment at ORACLE . . ..

Complaint ¶ 158; Meinz Decl., ¶ 7; Dutta Decl., Ex. 1.  "Documents" was defined to include "any writing as defined in California Evidence Code Section 250," including "without limitation, written, recorded, filmed, electronic or graphic matter, whether produced or reproduced on . . . computer devices or any other media."  *Id.*

During Plaintiff's deposition on September 17, 2021, Plaintiff testified that between the time she was terminated and the time she turned in her Oracle-issued laptop, she purchased a personal computer and transferred all of the Oracle documents and information from her Oracle-issued laptop to the newly purchased personal computer.  She also testified at a later deposition that she had not produced all of the Oracle documents she had retained to Oracle despite RFP No. 2 and her representation in discovery that she had produced all responsive documents.  Complaint ¶ 163; Meinz Decl., ¶ 8, Ex. A, 870:11-22, 871:9-15, 873:14-19, 874:1, 874:13-22, 875:25-876:6, 876:10-882:21, 885:1-24, 900:1-901:17, 905:8-14, 905:23-906:25, 907:6-9, 907:16-17 (9/17/2021 Richter Dep.); Ex. B 994:20-995:7, 1009:5-1010:5 (10/6/2021 Richter Dep.).

Based on Plaintiff's admissions during her deposition, Oracle brought a motion to the Arbitrator seeking a forensic examination of the computer to which Plaintiff transferred the data from her Oracle laptop.  Complaint ¶ 167.  Oracle explained in its motion that it appeared that Plaintiff had not produced all documents responsive to Oracle's document request, had concealed her retention of Oracle documents, and that a forensic examination should be permitted to, among other reasons, determine whether Plaintiff's document production was complete.  Oracle also raised the Proprietary Information Agreement ("PIA") that Plaintiff signed, which required the return of Oracle documents in connection with termination of her employment.  Meinz Decl., ¶ 9.

**C.**    **The Santa Clara Superior Court Denied Plaintiff's Ex Parte Application For Temporary Restraining Order Enjoining JAMS Proceeding.**

On September 29, 2021, the same day as the hearing on Oracle's motion for a forensic examination of her computer, Plaintiff filed an ex parte application in Santa Clara Superior Court seeking to enjoin the JAMS arbitration on the same PIA grounds that she seeks declaratory relief in

this Court.  Complaint ¶¶ 173, 193-195, p. 34 (request for injunctive relief); Meinz Decl., ¶ 10.  In her ex parte application, Plaintiff argued she would likely prevail on her claim that she was contractually entitled to litigate all her claims pending in the JAMS proceeding in the Santa Clara Superior Court.  She based her argument on the PIA, which she contended permitted her to submit all of her claims in court.  She further argued that the balance of equities heavily favored her because she would be "compelled to participate in a futile arbitration" and that any forensic examination ordered by the Arbitrator would invade her privacy.  Dutta Decl., Ex. 9; RJN Ex. F.

Oracle opposed the ex parte application on among other grounds that Plaintiff was not likely to succeed on the merits on her argument that she was entitled to litigate all of her claims in Court based on the PIA, and that Plaintiff failed to establish that she would suffer irreparable harm by proceeding in the arbitration.  Meinz Decl., ¶ 11; RJN Ex. G.

On October 4, 2021, the Santa Clara Superior Court issued an order finding that, "[f]or the reasons stated in [Oracle's] opposition, the ex parte application is denied."  Complaint ¶¶ 173, 177; Dutta Decl., Ex. 11; Meinz Decl., ¶ 12; RJN Ex. H (October 2021 Order Denying Ex Parte Application).

**D.**   **The Parties' Discovery Dispute Regarding Plaintiff's Delay In Arbitration And Obstructing Oracle's Access To Relevant Documents On Her Personal Laptop.**

After Plaintiff's ex parte application was denied by the Santa Clara Superior Court, Oracle continued to seek access to relevant documents that Plaintiff retained on her personal laptop, which should have been produced in discovery.  The Arbitrator ordered a forensic examination of Plaintiff's personal laptop and created a process by which she was able to assert her objections regarding documents that she contends should be withheld based on privilege or privacy grounds. Complaint ¶¶ 174-176; Meinz Decl., ¶ 13; RJN Ex. J.

During the parties' conferences with the Arbitrator regarding Plaintiff's personal laptop, an issue was raised about Plaintiff's Oracle laptop.  Although the Oracle laptop had not been sought by Plaintiff in discovery and Plaintiff had deleted virtually all of the readable data on it, Plaintiff sought to distract from her misconduct by moving for sanctions based on the purported failure of Oracle earlier to produce her work laptop.  Complaint ¶¶ 179-186; Meinz Decl., ¶ 14; RJN Ex. I.

During the June 29, 2022 hearing on Plaintiff's sanctions motion, the Arbitrator noted that it may have been wrongful for Plaintiff to copy and retain Oracle documents on her personal laptop, but stated that he was not ruling on that at that point.  The PIA was never expressly mentioned during the hearing or referenced in the order ultimately issued.  Complaint ¶¶ 191-192; Meinz Decl., ¶ 15; Dutta Decl., Ex. 16; RJN Ex. I.

To date, Plaintiff has continued to delay and refuse to produce hundreds of documents retained on her personal laptop that Oracle contends should have been produced in response to its discovery request.  Oracle has not been able to complete her deposition and the Arbitrator has not been able to set a hearing date based on the incomplete discovery issues arising out of Plaintiff's refusal to produce such documents.  Oracle continues to seek the production of these relevant documents when on August 22, 2022, Plaintiff filed her Complaint and on August 29, 2022, she filed her Motion for Preliminary Injunction in the above-captioned matter in federal court.  Meinz Decl., ¶ 16.  Plaintiff's filing of her federal court Complaint and her Motion for Preliminary Injunction is the latest in a saga of inappropriate and dilatory conduct.

On the same day she filed her Motion for Preliminary Injunction in this Court, Plaintiff asked the Arbitrator to stay the arbitration proceedings pending a decision on her Motion.  On September 12, 2022, the Arbitrator denied her request for stay noting that the "lengthy arbitration is nearing completion, with limited discovery remaining before a final hearing can be set."  The Arbitrator further noted that he would not schedule the matter for final hearing on a date that is before this Court rules on Plaintiff's injunctive relief request.  Meinz Decl., ¶ 17.

**E.**    **<u>Plaintiff's Complaint Seeking to Litigate her Arbitration Claims and Discovery Dispute in Court.</u>**

Plaintiff's first claim in the federal court Complaint seeks a declaration from the Court as to whether (a) she can be held liable under the PIA, and (b) whether all of her claims pending in the JAMS arbitration can be litigated in this Court pursuant to the PIA.  Complaint ¶¶ 193-195.  Other than this first declaratory relief claim, her remaining claims in the Complaint – second through eighth claims – allege the same state law discrimination, retaliation, failure to produce records, and unfair competition claims that were alleged in her complaint filed in the Santa Clara Superior Court,

1   all of which were compelled to arbitration by that court.  *See* Complaint ¶¶ 6-145, 196-235; Dutta

2   Decl., Exs. 19, 8; RJN Exs. A, C.

3   **III.     ARGUMENT AND AUTHORITIES**

4            **A.      This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Complaint.**

5                     **1.      Legal standard**

6            Pursuant to Rule 12(b)(1), a complaint must be dismissed when the court lacks subject matter

7   jurisdiction.  Fed R. Civ. P. 12(b)(1).  Subject-matter jurisdiction "refers to a tribunal's power to

8   hear a case, a matter that can never be forfeited or waived."  *Union Pac. R.R. Co. v. Bhd. of*

9   *Locomotive Eng'rs & Trainmen Gen. Comm. Of Adjustment*, 558 U.S. 67, 69 (2009) (internal

10  quotations omitted).  It is the plaintiff's burden to establish subject matter jurisdiction.  *Robinson v.*

11  *United States*, 586 F.3d 683, 685 (9th Cir. 2009).

12                    **2.      This Court lacks subject matter jurisdiction under the *Rooker-Feldman***
                              **doctrine.**

13

14           Application of *Rooker-Feldman* is a threshold jurisdictional matter.  *Cooper v. Ramos*, 704

15  F.3d 772, 777 (9th Cir. 2012).  Where jurisdiction is barred by the *Rooker-Feldman* doctrine, a

16  motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) is appropriate.  *See id*.

17  Under the *Rooker-Feldman* doctrine, district courts generally lack subject matter jurisdiction to

18  review state court judgments.  *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. App. v.*

19  *Feldman*, 460 U.S. 462, 482 (1983).  The *Rooker-Feldman* doctrine "bars a district court from

20  exercising jurisdiction not only over an action explicitly styled as a direct appeal," but also the "de

21  facto equivalent of such an appeal."  *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (internal

22  quotations and citations omitted).  To determine whether an action functions as a de facto appeal,

23  the court must "pay close attention to the relief sought by the federal-court plaintiff."  *Id*. at 777-78

24  (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)).

25           The doctrine also precludes a federal court from reviewing claims that are "inextricably

26  intertwined" with claims adjudicated in state court.  *Feldman*, 460 U.S. at 487; *Cooper*, 704 F.3d at

27  778-79.  A claim is inextricably intertwined "if the relief requested . . . would effectively reverse

28

the state court decision or void its ruling." *Fielder v. Credit Acceptance Co.*, 188 F.3d 1031, 1034-35 (8th Cir. 1999); *Cooper*, 704 F.3d at 779; *see also Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined"); *Bianchi*, 334 F.3d at 898 (claims are inextricably intertwined if "the adjudication of ... [such] claims would undercut the state ruling"). *Rooker-Feldman* bars all claims that would reverse a state court decision, "regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." *Bianchi*, 334 F.3d at 901.

The *Rooker-Feldman* doctrine applies to interlocutory state court decisions, not just final judgments. *Napolitano*, 252 F.3d at 1030 (agreeing with the D.C. Circuit's reasoning that "[w]e cannot imagine how one could reconcile *Feldman*'s reasoning, based as it is on allowing state courts to arrive at decisions free from collateral federal attack, with the idea that the district court would be free to review [the state court decision] so long as the decision was interlocutory.") (internal citations and quotations omitted); *Parker Law Firm v. Travelers Indem. Co.*, 985 F.3d 579, 584 (8th Cir. 2021) (affirming the dismissal of appellant's claims because such claims "effectively seek to appeal the New York court's order compelling arbitration . . . .  By proceeding with the claims in the district court, appellants necessarily asked the federal court to review and reject the New York court's ruling that claims concerning amounts owed under the contract must be resolved in arbitration.  The claims against PS Finance are thus barred by the rule of *Rooker* and *Feldman*.") (Internal citations omitted.)

Plaintiff's Complaint is nothing more than an attempt to relitigate prior decisions of the Santa Clara Superior Court.  In the May 2019 Order Compelling Arbitration, the Santa Clara Superior Court found that the parties have a valid arbitration agreement and ordered all of Plaintiff's individual claims be submitted to arbitration.  The Superior Court further stayed Plaintiff's PAGA claim and the case pending the arbitration.  *See* Complaint ¶¶ 148-150; Meinz Decl., ¶ 4; Dutta Decl., Ex. 8; RJN Ex. C (May 2019 Order Compelling Arbitration).  In the October 2021 Order Denying Ex Parte Application, the Santa Clara Superior Court denied Plaintiff's ex parte application seeking injunctive relief based on the same grounds that she is alleging here in her federal court

Complaint – that she was entitled to enjoin the pending JAMS arbitration proceeding and to pursue her arbitration claims in court based on the PIA.  *See* Complaint ¶¶ 173-177; Meinz Decl., ¶¶ 10-12; Dutta Decl., Ex. 11; RJN Ex. H (October 2021 Order Denying Ex Parte Application).

In other words, she is seeking for the functional equivalent of an appeal from this Court of the Santa Clara Superior Court's rulings compelling her claims to arbitration and denying to stay the arbitration.  In fact, her Complaint expressly refers to the Santa Clara Superior Court's prior orders compelling her claims to arbitration and denying her ex parte application seeking to enjoin the arbitration.  Complaint ¶¶ 148-150, 173, 177.

Allowing Plaintiff to pursue her claims and seek injunctive relief in this Court would necessarily mean that this Court would have to review and reject the prior May 2019 Order Compelling Arbitration and October 2021 Order Denying Ex Parte Application of the Santa Clara Superior Court.  Therefore, her Complaint is effectively a request for an appeal of, and is inextricably intertwined with, the foregoing prior decisions of the Santa Clara Superior Court, and is thus barred by the *Rooker-Feldman* doctrine.  *Napolitano*, 252 F.3d at 1029-30; *Parker Law Firm*, 985 F.3d at 584.

### 3.  The Court lacks subject matter jurisdiction over Plaintiff's first claim for declaratory relief because there is no actual controversy.

"Article III of the Constitution limits the jurisdiction of federal courts to consideration of actual cases and controversies, and federal courts are not permitted to render advisory opinions.  *W. Linn Corp. Park L.L.C. v. City of W. Linn*, 534 F.3d 1091, 1099 (9th Cir. 2008).  "When presented with a claim for a declaratory judgment, therefore, federal courts must take care to ensure the presence of an actual case or controversy."  *Cisco Sys., Inc. v. Dexon Comput., Inc.*, 2022 U.S. Dist. LEXIS 109619, slip op. at *15 (N.D. Cal. June 21, 2022) (internal citations and quotations omitted).  "The disagreement [underlying the declaratory relief action] must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them."  *Pub. Serv. Comm'n v. Wycoff, Co.*, 344 U.S. 237, 244 (1952).  An "actual controversy" requires "something more than fear, speculation or concern over a possible challenge to a party."

*Grove Press, Inc. v. Blackwell*, 308 F. Supp. 361, 375 (E.D. Mich. 1969). "Absent a true case or controversy, a complaint solely for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction under Rule 12(b)(1)." *Cisco Sys.*, 2022 U.S. Dist. LEXIS 109619 at *15 (internal citation and quotations omitted); *see also Fleck and Assocs., Inc. v. Phoenix*, 471 F.3d 1100, 1103-04 (9th Cir. 2006).

Here, the Court lacks subject matter jurisdiction for the additional reason that there currently is no actual controversy with respect to Plaintiff's first claim for declaratory relief in the Complaint. As noted, Plaintiff's Complaint is identical to the complaint that was filed in the Santa Clara Superior Court and compelled to arbitration, save only for the addition of a first cause of action seeking declaratory relief as to her rights and obligations under the PIA. Complaint ¶ 195. Yet, Plaintiff's claims have already been compelled to arbitration, where they have been litigated for over three years, and no controversy is ripe yet with respect to any alleged violation of the PIA.

There is currently no case or controversy with respect to whether Plaintiff has violated the PIA or any issue pertaining to the PIA. Plaintiff herself describes in her Complaint a discovery dispute that arose in arbitration relating to her transfer and retention of Oracle documents on her personal laptop after termination, and failure to produce the documents in response to Oracle's request for production of documents. Complaint ¶¶ 158-176, 187-192. She claims that on June 29, 2022, the Arbitrator stated that her copying certain Oracle documents from her work computer may have been wrongful and that in his order the following day, the Arbitrator stated that her "'copying and retention of Oracle documents' was '*improper*.'" *Id.* at ¶¶ 191-192.

As set forth in her Complaint, the Arbitrator's alleged statements on June 29 and June 30 were made in the context of the parties' discovery disputes, which arose when Oracle attempted to obtain relevant documents withheld by Plaintiff in discovery despite Oracle's request for production expressly seeking such documents. Complaint ¶¶ 158-192; Meinz Decl., ¶¶ 7, 9, 15. Furthermore, her Complaint mischaracterizes the Arbitrator's June 30, 2022 order, which did not state that he believed her copying and retention of Oracle documents was "improper" as she claims. *See* Dutta Decl., Ex. 16, p. 4; RJN Ex. I; *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295-1296 (9th Cir. 1998) ("we are not required to accept as true conclusory allegations which are contradicted by

documents referred to in the complaint."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").

Plaintiff effectively acknowledges, as she must, that there is currently no claim based upon or arising out of the PIA pending or asserted between the parties. The PIA is not referenced at all in Plaintiff's operative complaint in the JAMS arbitration, and Oracle has not brought any counterclaim under the PIA. Dutta Decl., Ex. 19; RJN Ex. A (operative Complaint in JAMS arbitration); Meinz Decl., ¶¶ 2, 6. Thus, Plaintiff's claims as pled in arbitration are necessarily unrelated to the PIA. Rather, Plaintiff appears to ask the Court to speculate based on the Arbitrator's purported offhand observations (which did not reference the PIA) that Oracle may, at some undefined point in the future, pursue some sort of counterclaim against her for violation of the PIA. Complaint ¶¶ 191-195. Yet, no such claim has been asserted, and whether and in what form such a claim would be made is entirely speculative at this point. This is precisely the type of "nebulous or contingent" claim, lacking a "fixed and final shape," that has been found not to constitute an actual case or controversy. *Pub. Serv. Comm'n,* 344 U.S. at 244.

It is for this reason that "attempting to take preemptive action by filing a lawsuit to settle the arbitration question in advance . . . is precluded by the Case and Controversy requirement of the United States Constitution." *Sankyo Corp. v. Nakamura Trading Corp*., 139 F. App'x 648, 652 (6th Cir. 2005). Indeed, courts regularly dismiss claims to determine whether unasserted causes of action are subject to arbitration as failing to present an actual case or controversy. *See, e.g., Whittington v. Taco Bell of Am., Inc*., Civil Action No. 10-cv-01884-KMT-MEH, 2011 U.S. Dist. LEXIS 55292, *16-18 (D. Colo. May 10, 2011) (finding that "a declaration regarding the enforceability of the proffered arbitration agreement [against putative class members] would constitute an advisory opinion."); *Weyerhauser Co. v. Novae Syndicate 2007*, Case No. C18-0585JLR, 2019 U.S. Dist. LEXIS 139137, *14-15 (W.D. Wash. Aug. 16, 2019) ("courts have concluded that a declaratory judgment action concerning the arbitrability of a future, hypothetical conflict is nonjusticiable"); *Rivera v. Salomon Smith Barney Inc.,* 01 Civ. 9282 (RWS), 2002 U.S. Dist. LEXIS 17877, at *2-6 (S.D.N.Y. Sept. 23, 2002) (dismissing an action as nonjusticiable where the plaintiff sought a

declaratory judgment to determine whether potential, future claims against her former employer were subject to mandatory arbitration); *CNG Fin. Corp. v. Davis*, Case No. 1:16-CV-297, 2016 U.S. Dist. LEXIS 89379, at *7-8 (S.D. Ohio July 11, 2016) (finding that the court does not have jurisdiction to issue declaratory relief regarding whether unasserted claims "would be subject to an agreement to arbitrate."); *State Farm Mut. Auto. Ins. Co. v. Carter*, Case No. 1:08-cv-404, 2008 U.S. Dist. LEXIS 108050, *51-52 (W.D. Mich. Oct. 28, 2008) (courts will not issue an order that a party "can brandish if [the opposing party] ever asserts the threatened claims.").  Because no claim under the PIA has been brought and any such claim in the future, if any, is entirely speculative at this point, the Court lacks jurisdiction to determine the arbitrability of such a claim.

Moreover, even if the Court did find that Plaintiff's claim for declaratory relief presents a controversy, which Oracle does not concede, the Court retains discretion not to exercise jurisdiction over her claim.  In deciding whether or not to exercise jurisdiction over a request for judicial declaration, the Court "must balance concerns of judicial administration, comity, and fairness to the litigants." *Chamberlain v. Allstate Ins. C*o., 931 F.2d 1361, 1367 (9th Cir. 1991).  In doing so, courts should consider the factors set forth in *Brillhart v. Excess Ins. Co*., 316 U.S. 491(1942). *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005).  Prominent among the *Brillhart* factors are that "(1) the district court should avoid needless determination of state law issues; (2) it should discourage litigants from filing declaratory actions as a means of forum shopping; and (3) it should avoid duplicative litigation." *Id*.  Such factors could not more aptly describe the present case.  Here, Plaintiff has already sought and obtained a determination of these matters from the Santa Clara Superior Court.  Plaintiff's declaratory relief claim is brought solely for the purpose of forum shopping, as Plaintiff has already been denied this same remedy on these same grounds in the Santa Clara Superior Court.

Plaintiff's Complaint is duplicative, as it has been brought solely in order to take a second bite at the apple.  These factors all weigh strongly against deciding this matter in this forum.  Thus, even if there is found to be a controversy here, the Court should decline jurisdiction over it.

**B.      Plaintiff's Complaint Fails To State A Claim Upon Which Relief Can Be Granted.**

Even if the Court has jurisdiction over Plaintiff's claims, which Oracle does not concede, her Complaint should still be dismissed because (1) her claims are precluded by the prior Santa Clara Superior Court orders; (2) her claims are all subject to the parties' valid and enforceable arbitration agreement and should be compelled to arbitration in the event they are not dismissed; and (3) the Anti-Injunction Act mandates dismissal of her claims.

**1.      Legal standard.**

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pac. Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  "Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint."  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  However, a court may also consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment. *See*, *e.g.*, *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Moreover, when deciding a motion pursuant to Rule 12(b)(6), "the law is clear that the Court may properly consider the existence of the record in a previous action—particularly in a circumstance . . . where the Court's charge is to determine whether a later-filed matter raises claims that are at issue in an earlier-filed matter." *Leonard v. Stemtech Int'l, Inc.*, 2012 U.S. Dist. LEXIS 120525, at *11-14 n.6  (D. Del. Aug. 24, 2012 ) (citing *LG Electr. U.S.A., Inc. v. Whirlpool Corp.*, 2011 WL 4543886, at *3-4 (D. Del. Sept. 29, 2011) (noting that "[a]lthough the court may not generally consider evidence beyond the complaint in deciding a Rule 12(b)(6) motion, when a motion to dismiss is based upon the defense of claim preclusion, the court may take judicial notice of the record in the [previous] action in reaching its determination" and consider the jury verdict in conducting a claim preclusion analysis)); *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x. 36, 38 (3d Cir. 2008) ("The defense of claim preclusion . . . may be raised and adjudicated on a motion to

dismiss and the court can take notice of all facts necessary for the decision… Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties.")

Although the court accepts as true all "well-pleaded factual allegations," it is not required to accept as true allegations that are mere conclusions, unwarranted deductions of fact, or unreasonable inferences. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *The Raisin Bargaining Ass'n v. Hartford Cas. Ins. Co.*, 715 F. Supp. 2d 1079, 1084 (E.D. Cal. 2010). Courts also do not accept as true pleading allegations that are contradicted by attached exhibits or by matters subject to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### 2. Plaintiff's claims are precluded by the Superior Court's prior orders.

Even if this Court were to find that it has jurisdiction over Plaintiff's claims, it should nonetheless dismiss this matter in its entirety. Under the full faith and credit statute, the Court must afford preclusive effect to the Santa Clara Superior Court's May 2019 order compelling arbitration of Plaintiff's individual claims, which was upheld by that court's October 2021 order denying Plaintiff's ex parte application seeking the same relief she seeks in her Complaint here. *See* 28 U.S.C. § 1738; RJN Exs. C, H. Under that statute, district courts are "compelled" to "give collateral estoppel and res judicata effects to the judgments of state courts." *Se. Res. Recovery Facility Auth. v. Montenay Int'l Corp.*, 973 F.2d 711, 712 (9th Cir. 1992). A state court's order "compelling arbitration is 'sufficiently firm to be accorded conclusive effect' and is entitled to full faith and credit." *Id.* Rule 12(b)(6) motions are the appropriate vehicles for a dismissal based on preclusion. *See A.H. ex rel. Hubbard v. Midwest Bus Sales, Inc.*, 823 F.3d 448, 453 (8th Cir. 2016).

In *Southeast Resource Recovery Facility Authority v. Montenay International Corp.*, 973 F.2d 711 (9th Cir. 1992), the Ninth Circuit reversed the district court's order enjoining an ongoing arbitration proceeding, holding that it was bound by a state court's order compelling arbitration. In litigation concerning a dispute in connection with the purchase of parts to operate a waste-to-energy business, Montenay International Corporation's ("MIC") subsidiary Montenay Pacific Power Corp. ("MPPC") initiated an arbitration against Dravo Corporation pursuant to the parties' arbitration agreement. Although Dravo initially participated in the arbitration proceedings, it later filed an action in California Superior Court to enjoin the arbitration. *Se. Res. Recovery Facility Auth.*, 973

F. 2d at 712.  The state court rejected Dravo's arguments and refused to stay the arbitration.  Dravo filed third party complaints against MIC and MPCC in federal district court, again seeking to stay the arbitration, reiterating the same arguments that had been rejected by the state court.  The district court stayed the ongoing arbitration and MIC and MPCC appealed.  *Id*.

The Ninth Circuit reversed, holding that the district court should have given preclusive effect to the state court's order and denied the request to enjoin the arbitration proceedings.  The court explained that the order by the state trial court that declined to stay the arbitration proceedings  "was indeed an order compelling arbitration under California law" because that order possessed all of the hallmarks of an order compelling arbitration.  *Id*. at 713-14 ("a denial of an injunction against arbitration is an order compelling arbitration").  The order, therefore, was entitled to preclusive effect and the parties were precluded from "relitigat[ing] the same issues in federal court."  *Id*.

The Ninth Circuit also explained that its decision was "mandated" by the purposes underlying the full faith and credit statute: "the promotion of comity and the conservation of judicial resources."  *Id*. at 714.  Remarking that the comity concerns were "obvious," the court pointed out that the state court had already considered and rejected the arguments that Dravo raised in federal court and, there were no issues of federal law.  *Id*.  Reexamining "arguments that already have been considered and rejected by a state court . . . creates needless friction between the state and federal forums."  *Id*.  In addition, the district court had "wasted judicial resources by reexamining the state court order."  *Id*.  Accordingly, the Ninth Circuit reversed the district court's order staying the arbitration, concluding that "the federal district court must abide by" the state court's order.  *Id*.  *See also, e.g., Smith v. Nerium Int'l*, LLC, Case No. SACV 18-1088-JVS(PLAx), 2019 WL 4282901, at *3-7 (C.D. Cal. June 20, 2019) (denying motion to enjoin arbitration proceedings in Texas because under both California and Texas law, the court was bound by the Texas state court's order compelling arbitration, and the plaintiffs were therefore unlikely to succeed on the merits of their claim that they were not bound by arbitration agreement); *Brown v. Gen. Steel Domestic Sales*, LLC, No. CV 08–00779 MMM (SHx), 2008 WL 2128057, at *4-5 (C.D. Cal. May 19, 2008) (compelling arbitration because court was bound by state court order compelling arbitration, even though the parties had not yet arbitrated the dispute that was ordered to arbitration by the state court).

1    Here, Richer seeks to improperly bring to federal court her claims that were previously

2    compelled to arbitration by the Santa Clara Superior Court's May 2019 order.  *See* Complaint ¶ 148;

3    Dutta Decl., Ex. 8; RJN Ex. C.  According to her Complaint the Santa Clara Superior Court found

4    that "Richter was bound by the terms of an arbitration agreement."  Complaint ¶ 148.  Plaintiff's

5    Complaint does not dispute that the arbitration agreement is enforceable.

6    To the extent Plaintiff argues that the PIA provides an independent basis for her to litigate

7    her arbitration claims in this Court, she is wrong.  If there are any issues relating to the PIA, it relates

8    to the parties' discovery dispute, the subject of which is clearly within the Arbitrator's authority.

9    Whether the arbitration agreement covers claims by the PIA is also within the arbitrator's authority

10   to decide.  The parties' arbitration agreement provides: "The arbitrator will have all the powers a

11   judge would have in dealing with any question or dispute that may arise ***before***, ***during*** and after

12   the arbitration."  Meinz Decl., ¶ 3; RJN Ex B (Ex. 1 to Orozco Decl., p. 2) (emphasis added); *see*

13   *also Cristo v. Charles Schwab Corp.*, Case No.: 17-cv-1843-GPC-MDD, 2021 WL 2633624, at *3

14   (S.D. Cal. June 25, 2021) (denying plaintiff's motion to enjoin arbitration because plaintiff

15   "disagree[d] with a number of procedural decisions concerning the arbitration," such as "procedural

16   rulings concerning scheduling [and] discovery," which were "not subject to judicial scrutiny during

17   the arbitration."); *see also Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010) (the Supreme

18   Court has "recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such

19   as whether the parties have agreed to arbitrate or whether their agreement covers a particular

20   controversy."); *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019) ("When

21   the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the

22   contract.  In those circumstances, a court possesses no power to decide the arbitrability issue.  That

23   is true even if the court thinks that the argument that the arbitration agreement applies to a particular

24   dispute is wholly groundless.")

25   The parties' agreement also references the JAMS arbitration rules, which in turn provide that

26   "[j]urisdictional and arbitrability disputes, including disputes over the formation, existence, validity,

27   interpretation or scope of the agreement under which Arbitration is sought, and who are proper

28   Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator."  JAMS Employment

1   Arbitration Rules & Procedures, Rule 11(b); *see Brennan v. Opus Bank*, 796 F.3d 1125, 1130-31

2   (9th Cir. 2015).

3          Consequently, the entirety of Plaintiff's Complaint is precluded by the Santa Clara Superior

4   Court's prior rulings.  The Superior Court previously held that the entirety of Plaintiff's individual

5   claims must be compelled to arbitration.  Complaint ¶¶ 148-149.  Notably, the Superior Court made

6   that holding even in light of Plaintiff's newly asserted contentions regarding the PIA, which she also

7   made in her Superior Court action.  Complaint ¶¶ 173, 177; Meinz Decl., ¶ 12; RJN Ex. H (October

8   2021 Order Denying Ex Parte Application) (denying Plaintiff's ex parte application based on the

9   PIA "[f]or the reasons stated in [Oracle's] opposition"), Ex. G (Oracle's Opposition to Plaintiff's

10  Ex Parte Application), pp. 8-14 (maintaining that the PIA does not provide a basis for Plaintiff to

11  litigate her claims in court).  Collateral estoppel and res judicata preclude this Court from relitigating

12  that dispute here.  Consequently, giving full faith and credit to the Santa Clara Superior Court's

13  prior orders, this matter must be dismissed.

14              **3.    Plaintiff's claims should be dismissed because they are subject to
                        arbitration; In the alternative, her claims should be compelled to the**
15                      **pending JAMS arbitration.**

16          If for any reason, the Court deems that it has jurisdiction over Plaintiff's Complaint and that

17  her claims are not precluded by the prior Superior Court orders under the full faith and credit statute,

18  without waiving any of Oracle's arguments, the Court should dismiss Plaintiff's Complaint under

19  Rule 12(b)(6) and the Federal Arbitration Act ("FAA") because all of her claims are subject to

20  arbitration.  *See CSSU Laver v. Credit Suisse Sec. (USA), LLC*, No. 18-CV-00828-WHO, 2018 WL

21  3068109, at *4, *7 (N.D. Cal. June 21, 2018), *aff'd*, 976 F.3d 841 (9th Cir. 2020) (granting motion

22  to dismiss based on arbitration agreement and collecting cases providing for such authority); *Daiei,*

23  *Inc. v. U. S. Shoe Corp.*, 755 F. Supp. 299, 303 (D. Haw. 1991) (granting motion to dismiss under

24  Rule 12(b)(6) for plaintiffs' failure to state a claim upon which relief can be granted because their

25  claim for declaratory and injunctive relief was subject to arbitration).

26          In the alternative, the Court should compel to the pending JAMS arbitration all of Plaintiff's

27  claims in the Complaint pursuant to the parties' valid and enforceable arbitration agreement under

28  the FAA and dismiss her claims accordingly.  *See* Meinz Decl., ¶¶ 4, 12; RJN Ex. C (May 2019

1   Order Compelling Arbitration) (compelling Plaintiff's individual claims to arbitration under the

2   FAA), Ex. H (October 2021 Order Denying Ex Parte Application) (denying Plaintiff's ex parte

3   application seeking an injunction of the pending JAMS arbitration based on the PIA and that she

4   should be permitted to litigate her claims in court); *Johnmohammadi v. Bloomingdale's, Inc.*, 755

5   F.3d 1072, 1073–74 (9th Cir. 2014) (a court may dismiss an action "outright when, as here, the court

6   determines that all of the claims raised in the action are subject to arbitration."); *Campos v.*

7   *JPMorgan Chase Bank, NA*, No. 18-CV-06169-JSC, 2019 WL 827634, at *12 (N.D. Cal. Feb. 21,

8   2019) ("Courts in this District regularly dismiss actions after granting motions to compel arbitration

9   where all of the plaintiff's claims were subject to arbitration."); *Ziober v. BLB Res., Inc.*, Case No.:

10  SACV 14-00675-CJC(DFMx), 2014 U.S. Dist. LEXIS 199142, slip op. at *13-14 (C.D. Cal. July

11  31, 2014) (finding that plaintiff's claims were arbitrable and dismissing all such claims because they

12  were all subject to arbitration) (affirmed by *Ziober v. BLB Res., Inc.*, 839 F.3d 814 (9th Cir. 2016)).

13      Her entire Complaint is duplicative of her complaint in the Santa Clara Superior Court that

14  was previously ordered to the arbitration by that court other than her first claim for injunctive relief.

15  *See* Dutta Decl., Ex. 19; RJN Ex. A.  She alleges that her first claim seeking declaratory relief under

16  the PIA is not within the scope of that arbitration agreement and that the PIA permits her to litigate

17  all of her arbitration claims in court.  Complaint ¶¶ 152-156, 158-195.  Her allegations are meritless,

18  and were rejected by the Santa Clara Superior Court in its October 2021 order denying her request

19  for ex parte relief to enjoin the pending JAMS arbitration – the same relief she is seeking now in

20  this Court.  Meinz Decl., ¶¶ 10, 12; RJN Ex. F (Plaintiff's Ex Parte Application), Ex. H (October

21  2021 Order Denying Ex Parte Application); Complaint ¶¶ 193-195, p. 34 (request for injunctive

22  relief under the PIA).

23      The PIA does not permit her to litigate her claims in any court.  The PIA provides that an

24  action "connected" with the PIA "may be instituted in federal court in San Francisco or San Jose,

25  California . . . ."  Complaint Ex. A, ¶ 12 (emphasis added).  To the extent Plaintiff argues that this

26  language permits her to proceed with her declaratory relief claim in this Court, her claim is meritless.

27  As discussed above (*supra* at pp. 9-12) the Court lacks subject matter jurisdiction to hear such a

28  claim because it is not sufficiently ripe.  In any event, the PIA does not establish a basis to grant

1   Plaintiff's request to proceed with all of her state law discrimination, retaliation, failure to produce

2   records, and unfair competition claims in this Court because none of those claims pertaining to her

3   alleged wrongful termination by Oracle are in any way connected with the PIA.  The issue in the

4   JAMS arbitration relating to Plaintiff's failure to produce Oracle-related documents that she retained

5   after termination is a discovery dispute in the matter being arbitrated that is within the authority of

6   the Arbitrator to decide – not a claim under the PIA.  Indeed, the two comments from the Arbitrator

7   on which Plaintiff purportedly bases her declaratory relief action arose out of Plaintiff's request for

8   sanctions based on alleged discovery conduct by Oracle.  *See* Complaint ¶¶ 158-192.

9        It is undisputed that there is no current claim under the PIA in the JAMS arbitration.  The

10  PIA has no bearing on the outcome of Plaintiff's discrimination, retaliation, failure to produce

11  records, and unfair competition claims, and Plaintiff's Complaint does not allege otherwise.

12       Even assuming that Plaintiff is correct that the current discovery issue in arbitration is

13  "connected" to the PIA based on Oracle allegedly raising the issue, which Oracle denies, Plaintiff

14  already "instituted" this action in Santa Clara Superior Court and that court ordered the dispute to

15  arbitration based on the parties' agreement.  Oracle chose to continue to proceed with the discovery

16  dispute in arbitration, and not in court.  Complaint ¶¶ 147-150, 158-192; RJN Exs. C, H.  It was

17  permitted to do this under the express language in the PIA; the PIA permits, but does not mandate

18  that Oracle raise PIA issues in court.  Complaint Ex. A, p. 3; *see, e.g., Berg v. MTC Elecs. Techs.*,

19  61 Cal. App. 4th 349, 359 (1998) ("Clauses that grant jurisdiction to a particular forum without

20  expressly making that forum the mandatory situs for resolution of disputes are considered

21  permissive only.").  The PIA does not provide any basis to halt the arbitration proceedings or permit

22  Plaintiff, at her unilateral choosing, to pursue her action in court.

23       Moreover, as discussed above (*supra* at pp. 16-17) the Arbitrator, and not the Court, has the

24  authority to decide on issues regarding the arbitrability of Plaintiff's claims in the Complaint

25  including any purported claim based on the PIA.  Accordingly, all of Plaintiffs' claims are subject

26  to arbitration and should be dismissed, or in the alternative, compelled to the pending JAMS

27  arbitration and also dismissed.

28

### 4.   Plaintiff's Complaint should be dismissed under the Anti-Injunction Act.

In addition to the bases discussed above, and as an alternative basis for dismissing Plaintiff's Compliant, dismissal under Rule 12(b)(6) is the proper course to dispose of claims barred by the Anti-Injunction Act.  *See Monster Beverage Corp. v. Herrera*, 650 F. App'x 344, 346 (9th Cir. 2016); *Prometheus Dev. Co. v. Everest Props.*, 289 F. App'x 211, 213 (9th Cir. 2008) ("Because the Anti–Injunction Act bars the sole remedy Plaintiffs seek, they have therefore 'fail[ed] to state a claim upon which relief can be granted.'") (citing Fed. R. Civ. P. 12(b)(6)).

The Anti-Injunction Act mandates dismissal of Plaintiff's Complaint.  The Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts[.]"  *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970).  Doubts as to whether a federal injunction against state court proceedings is proper "should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy."  *Id.* at 297; *see also Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1378 (9th Cir. 1997).

The Act applies with equal force to declaratory judgments and "prohibits courts from issuing declaratory judgments that interfere with state court proceedings."  *Monster Beverage Corp.*, 650 F. App'x at 346 (affirming dismissal where the "injunction, along with the requested declaratory judgment, effectively would stay the proceedings in the state court action . . . .").

Under the Act, a federal court is without power to enjoin a pending arbitration proceeding that was ordered by a state court.  *Empire Blue Cross & Blue Shield v. Janet Greeson's a Place for Us, Inc.*, 985 F.2d 459, 462 (9th Cir. 1993) (vacating injunction that had enjoined state court ordered arbitration proceeding because the district court was "without power to interrupt the proceedings by enjoining what the state court has commanded"); *see also Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 879 (9th Cir. 2000) ("An arbitration is a 'state proceeding' for purposes of the Act if it has been ordered . . . by a state court in judicial (as opposed to merely ministerial) proceedings.").

1        Here, the relief that Plaintiff seeks necessarily requires "interfering" with the state court

2  ordered arbitration, and is therefore barred by the Anti-Injunction Act.  Richter seeks a "judicial

3  declaration that she has the contractual right to litigate, in this Court . . . all of her pending legal

4  claims in the Arbitral Proceeding" and "injunctive relief to give effect to that contractual right."  *See*

5  Complaint ¶¶ 193-195; Prayer for Relief, ¶ I.  Plaintiff has also filed a Motion for Preliminary

6  Injunction seeking to enjoin the arbitration, which was ordered by the Santa Clara Superior Court.

7  *See* Dutta Decl., Ex. 8; RJN Ex. C (order compelling arbitration of Plaintiff's individual claims).

8  To grant the relief Plaintiff seeks, the Court must necessarily enjoin and "interfere" with the state

9  court ordered arbitration because Plaintiff seeks – on the face of the Complaint – to litigate the

10  claims that were already ordered to arbitration in federal court instead of continue to arbitrate them.

11  *See* Complaint ¶ 2 ("This case also vindicates the contractual right of an employee ***to bring her***

12  ***grievances to federal court*** – and ***stay a pending arbitral proceeding*** – pursuant to the express terms

13  of a proprietary information agreement.") (emphasis added).  Thus, Plaintiff's Complaint entirely

14  depends on halting the ongoing arbitration.  All of Plaintiff's claims other than her first claim for

15  declaratory relief are identical to her state claims alleged in state court and can only proceed in this

16  Court if Plaintiff obtains the declaratory relief she seeks and the arbitration is enjoined.  *See* Dutta

17  Decl., Ex. 19; RJN Ex. A; Complaint ¶¶ 2, 6-145, 196-235.  Accordingly, Plaintiff's Complaint is

18  barred by the Anti-Injunction Act and dismissal is required.

19  **IV.**    <u>**CONCLUSION**</u>

20        Based on the reasons above, Oracle respectfully requests that the Court grants its motion

21  and dismiss Plaintiff's claims, or in the alternative, compel her claims to the pending JAMS

22  arbitration, as well as dismiss them.

23  Dated:  September 26, 2022        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

24                        By                      */s/ Lucky Meinz*

25                                     BRENDAN DOLAN

26                                     LUCKY MEINZ
                                     LOWELL B. RITTER

27                         Attorneys for Defendant ORACLE AMERICA, INC.

28