SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
BRENDAN DOLAN, Cal. Bar No. 126732
LUCKY MEINZ, Cal. Bar No. 260632
LOWELL B. RITTER, Cal. Bar No. 317738
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
E-mails: bdolan@sheppardmullin.com
lmeinz@sheppardmullin.com
lritter@sheppardmullin.com

Attorneys for Defendant Oracle America, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

HAONING RICHTER,

Plaintiff,

v.

ORACLE AMERICA, INC., et al.,

Defendants.

Case No. 5:22-cv-04795-BLF

**DEFENDANT ORACLE AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Date: January 26, 2023
Time: 9:00 a.m.
Dept.: 3
Action Filed: August 22, 2022

**TABLE OF CONTENTS**

**Page**

MEMORADUM OF POINTS AND AUTHORITIES ....... 1

I. INTRODUCTION ....... 1

II. PLAINTIFF FAILS TO MEET HER BURDEN TO ESTABLISH THAT THE COURT HAS JURISDICTION OVER HER CLAIMS ....... 1

A. The Court lacks jurisdiction because Plaintiff concedes that there is no actual controversy presented with respect to her declaratory relief claim. ....... 1

B. The Court also lacks jurisdiction for the additional reason that the Rooker-Feldman doctrine bars Plaintiff's claims. ....... 3

III. EVEN IF THE COURT HAD JURISDICTION, PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ....... 5

A. The Court should give preclusive effect to the State Court's orders compelling arbitration and denying Plaintiff's identical request to enjoin the arbitration. ....... 5

B. Plaintiff's claims should be dismissed because they are subject to arbitration; in the alternative, the Court should compel Plaintiff's claims to arbitration. ....... 7

C. Plaintiff seeks relief that the Court cannot issue under the Anti-Injunction Act. ....... 9

IV. THERE IS NO BASIS FOR PLAINTIFF TO OBJECT TO THE EVIDENCE SUBMITTED BY ORACLE ....... 11

V. THE ARGUMENTS IN PLAINTIFF'S OPPOSITION LACK AN EVIDENTIARY BASIS ....... 13

VI. OBJECTIONS TO PLAINTIFF'S PURPORTED EVIDENCE ....... 13

# TABLE OF AUTHORITIES

**Page(s)**

Federal Cases

*In re American Express*
672 F.3d 113 (2d Cir. 2011) ..... 11

*Amoco Production Co. v. United States*
619 F.2d 1383 (10th Cir. 1980) ..... 12

*Archer and White Sales, Inc. v. Henry Schein, Inc.*
935 F.3d 274 (5th Cir. 2019) ..... 9

*Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*
398 U.S. 281 (1970) ..... 10

*Bey v. Howe*
2019 WL 1877444 (C.D. Cal. Feb. 12, 2019) ..... 10

*Bianchi v. Rylaarsdam*
334 F.3d 895 (9th Cir. 2003) ..... 3

*Brillhart v. Excess Ins. Co.*
316 U.S. 491 (1942) ..... 2

*Brown v. Gen. Steel Domestic Sales, LLC*
2008 WL 2128057 (C.D. Cal. May 19, 2008) ..... 6

*Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*
626 F.3d 483 (9th Cir. 2010) ..... 13

*Cisco Systems, Inc. v. Chung*
462 F.Supp.3d 1024 (N.D. Cal. 2020) ..... 9

*Cooper v. Ramos*
704 F.3d 772 (9th Cir. 2012) ..... 3

*Coscarelli v. ESquared Hospitality LLC*
364 F.Supp.3d 207 (S.D.N.Y. 2019) ..... 9

*Doe & Assocs. Law Offices v. Napolitano*
252 F.3d 1026 (9th Cir. 2001) ..... 3, 5

*Empire Blue Cross & Blue Shield v. Janet Greeson's a Place for Us, Inc.*
985 F.2d 459 (9th Cir. 1993) ..... 11

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*
544 U.S. 280 (2005) ..... 4

*Fielder v. Credit Acceptance Co.*
188 F.3d 1031 (8th Cir. 1999)....................3

*Flanagan v. Arnaiz*
143 F.3d 540 (9th Cir. 1998)....................10

*Geographic Expeditions Inc. v. Est. of Jason Lhotka*
2010 WL 3516116 (N.D. Cal. Sept. 8, 2010)....................6

*Geographical Expeditions, Inc. v. Estate of Lhotka*
599 F.3d 1102 (9th Cir. 2010)....................6

*Gerritsen v. Warner Bros. Ent. Inc.*
112 F. Supp. 3d 1011 (C.D. Cal. 2015)....................13

*Harlow v. Chaffey Cmty. Coll. Dist.*
2022 U.S. App. LEXIS 25357 (9th Cir. 2022)....................13

*Henry Schein, Inc. v. Archer & White Sales, Inc.*
139 S. Ct. 524 (2019)....................8

*Khoja v. Orexigen Therapeutics, Inc.*
899 F.3d 988 (9th Cir. 2018)....................12

*Lance v. Dennis*
546 U.S. 459 (2006)....................4

*Miles v. Coleman*
2017 WL 2870498 (D. Minn. July 5, 2017)....................4

*Morgan Stanley & Co.*
134 F. Supp. 3d 1215 (E.D. Cal. 2015)....................11

*Mosby v. Ligon*
418 F.3d 927 (2005)....................4

*Negrete v. Allianz Life Ins. Co. of N. Am.*
523 F.3d 1091 (9th Cir. 2008)....................9

*Orr v. Bank of Am.*
285 F.3d 764 (9th Cir. 2002)....................13

*Parker Law Firm v. Travelers Indem. Co.*
985 F.3d 579 (8th Cir. 2021)....................5

*Picciotto v. Cont'l Cas. Co.*
512 F.3d 9 (1st Cir. 2008)....................3

*Principal Life Ins. Co. v. Robinson*
394 F.3d 665 (9th Cir. 2005)....................2

*Quackenbush v. Allstate Ins. Co.*
121 F.3d 1372 (9th Cir. 1997)....................9

*Robinson v. United States*
586 F.3d 683 (9th Cir. 2009)....................2

*Samica Enters. LLC v. Mail Boxes Etc., Inc.*
460 F. App'x 664 (9th Cir. 2011)....................2

*Sandpiper Vill. Condo. Ass'n., Inc. v. Louisiana-Pac. Corp.*
428 F.3d 831 (9th Cir. 2005)....................10

*Se. Res. Recovery Facility Auth. v. Montenay Int'l Corp.*
973 F.2d 711 (9th Cir. 1992)....................6

*Smith v. Nerium Int'l, LLC*
2019 WL 4282901 (C.D. Cal. June 20, 2019)....................6

*Walsh v. Nev. Dep't of Human Res.*
471 F.3d 1033 (9th Cir. 2006)....................2

*Weyerhauser Co. v. Novae Syndicate 2007*
2019 U.S. Dist. LEXIS 139137 (W.D. Wash. Aug. 16, 2019)....................2

*Whittington v. Taco Bell of Am., Inc.*
2011 U.S. Dist. LEXIS 55292 (D. Colo. May 10, 2011)....................2

State Cases

*Hot Rods, LLC v. Northrop Grumman Sys. Corp.*
242 Cal. App. 4th 1166 (2015)....................7

*Peleg v. Neiman Marcus Grp., Inc.*
204 Cal. App. 4th 1425 (2012)....................6

Federal: Statutes, Rules, Regulations, Constitutional Provisions

Federal Rules of Evidence
Rule 602....................14
Rule 701....................14

JAMS Employment Arbitration Rules & Procedures,
Rule 11(b)....................8

Title 28 United States Code
§ 2283 (Anti-Injuction Act)....................1, 9, 10, 11

State: Statutes, Rules, Regulations, Constitutional Provisions

California Civil Code
§ 1638 .......... 7

California Local Rule
Rule 7-5(b) .......... 14

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Complaint must be dismissed because, as a threshold matter, the Court lacks jurisdiction over her claims. Plaintiff fails to address, and thus effectively concedes, that dismissal of her Complaint is warranted because there is no actual controversy presented here with respect to her first claim for declaratory relief. As such, this Court lacks jurisdiction over that claim as well as Plaintiff's other claims, which were previously compelled to arbitration by the Santa Clara Superior Court.

The Court lacks jurisdiction for the additional reason that the *Rooker-Feldman* doctrine bars her claims in this case; the Court does not have the authority to second-guess the Santa Clara Superior Court's prior orders compelling her claims to arbitration and denying her ex parte application seeking the very same relief she seeks here to litigate her arbitration claims in court.

Even if the Court were to find that it has jurisdiction over Plaintiff's claims, which Oracle does not concede, it should find that she fails to state a claim upon which relief can be granted. The Superior Court's prior orders must be given preclusive effect under the full faith and credit statute, and her claims must be dismissed.

As a separate and alternative basis for dismissing her claims, the Court should find that the parties' valid and binding arbitration agreement bars Plaintiff from pursuing her claims in this Court. Alternatively, the Court should compel her claims to the pending JAMS arbitration. Any dispute regarding the arbitrability of Plaintiff's claims has been expressly delegated to the arbitrator to decide pursuant to the parties' arbitration agreement.

Finally, as an additional and separate basis for dismissing her Complaint, the Court should dismiss her claims because she seeks relief that cannot be granted under the Anti-Injunction Act.

## II. PLAINTIFF FAILS TO MEET HER BURDEN TO ESTABLISH THAT THE COURT HAS JURISDICTION OVER HER CLAIMS

### A. The Court lacks jurisdiction because Plaintiff concedes that there is no actual controversy presented with respect to her declaratory relief claim.

Plaintiff's Complaint must be dismissed because she fails to address, and thus effectively concedes, that there is no actual controversy presented here with respect to her first claim for

declaratory relief. Therefore, the Court lacks jurisdiction over that claim as well as Plaintiff's other claims, which are currently pending in the JAMS arbitration pursuant to the Santa Clara Superior Court's orders.

The only claim asserted by Plaintiff in federal court that had not already been compelled to the pending JAMS arbitration is her first cause of action seeking declaratory relief under the PIA. Complaint ¶ 195; Motion, pp. 9-12. Yet, neither party has asserted any claim or cause of action under the PIA in the pending JAMS arbitration, and it is entirely speculative that either would do so. Federal courts routinely dismiss cases seeking declaratory judgment as to whether an unasserted claim would be subject to arbitration as failing to present a case or controversy. *See, e.g., Whittington v. Taco Bell of Am., Inc.*, 2011 U.S. Dist. LEXIS 55292, *16-18 (D. Colo. May 10, 2011) (finding that "a declaration regarding the enforceability of the proffered arbitration agreement [against putative class members] would constitute an advisory opinion."); *Weyerhauser Co. v. Novae Syndicate 2007*, 2019 U.S. Dist. LEXIS 139137, *14-15 (W.D. Wash. Aug. 16, 2019) ("courts have concluded that a declaratory judgment action concerning the arbitrability of a future, hypothetical conflict is nonjusticiable"); *see also* Oracle's Motion, pp. 11-12.

Plaintiff makes no effort whatsoever to address this jurisdictional defect in her claims. Having failed to address Oracle's contention that her declaratory relief claim is not ripe, Plaintiff must be deemed to have conceded the point, as arguments not raised in opposition are deemed waived. *Samica Enters. LLC v. Mail Boxes Etc., Inc.*, 460 F. App'x 664, 666 (9th Cir. 2011); *see also Walsh v. Nev. Dep't of Human Res.,* 471 F.3d 1033, 1037 (9th Cir. 2006) (finding issue waived when not raised in opposition to motion to dismiss). This is particularly so because it is Plaintiff's burden to establish the jurisdiction of this Court. *See, e.g., Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).

Alternatively, pursuant to *Brillhart v. Excess Ins. Co*., 316 U.S. 491 (1942) and *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005), this Court should decline to exercise jurisdiction over a declaratory relief action in the interests of judicial administration and fairness. *See* Motion, p. 12. Again, Plaintiff completely ignores this issue, and fails to proffer an explanation

as to why the Court should exercise jurisdiction over this clear effort by her to second guess the Superior Court's determinations.

Since the Court does not have jurisdiction over Plaintiff's declaratory relief claim relating to the PIA, there is no "connection" to the PIA upon which Plaintiff relies for federal court jurisdiction. As such, her remaining arbitration claims in the Complaint must be dismissed. *See, e.g.*, *Picciotto v. Cont'l Cas. Co*., 512 F.3d 9, 22 (1st Cir. 2008) ("supplemental jurisdiction does not apply where, as here, the district court lacks original jurisdiction over any viable suit.") (internal citation omitted).

**B. The Court also lacks jurisdiction for the additional reason that the Rooker-Feldman doctrine bars Plaintiff's claims.**

The *Rooker-Feldman* doctrine applies in this case to bar the Court from exercising jurisdiction over her claims. As set forth in Oracle's Motion, the *Rooker-Feldman* doctrine bars "de facto appeals" of state court judgments as well as claims that are that are "inextricably intertwined" with claims adjudicated in state court. *See Cooper v. Ramos*, 704 F.3d 772, 777-79 (9th Cir. 2012); *Fielder v. Credit Acceptance Co.*, 188 F.3d 1031, 1034-35 (8th Cir. 1999); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (claims are inextricably intertwined if "the adjudication of ... [such] federal claims would undercut the state ruling . . .."); Motion pp. 7-9.

Plaintiff fails to address Oracle's argument that her federal court claims are barred by the *Rooker-Feldman* doctrine because they are inextricably intertwined with the claims that were the subject of the Santa Clara Superior Court's prior orders, and thus must be found to have conceded this point. Accordingly, her Complaint must be dismissed for the Court lacks jurisdiction.

Plaintiff does not dispute that her Complaint is duplicative of the relief that she sought in her ex parte application in the Santa Clara Superior Court – to permit her to litigate all of her arbitration claims in court based on the PIA. Nor can she dispute that the Superior Court denied her requested relief. She also does not dispute that her non-declaratory relief claims were all compelled to arbitration by the Santa Clara Superior Court. Instead, she argues that the *Rooker-Feldman* doctrine does not apply because she does not seek any damages in connection with the Santa Clara Superior

Court's prior orders compelling her claims to arbitration and denying her ex parte application. Opp. at p. 24. Her argument must be rejected.

There is no requirement under the *Rooker-Feldman* doctrine that the party asserting federal court jurisdiction must seek damages from the prior state court ruling in order for the doctrine to apply. Plaintiff's cited authorities – *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, *Lance v. Dennis*, *Mosby v. Ligon*, and *Miles v. Coleman* – are inapposite and do not support her argument that this Court has jurisdiction over her claims.

In *Exxon Mobil*, the U.S. Supreme Court held that where the corporate parent of defendants in a state court action commenced a parallel action in federal court while the state court action was pending prior to any state court judgment, subsequent entry of judgment by the state court did not deprive the district court of jurisdiction under the *Rooker-Feldman* doctrine. 544 U.S. 280, 293-294 (2005).

In *Lance*, the U.S. Supreme Court found that the *Rooker-Feldman* doctrine did not apply because plaintiffs in the federal court action were not parties to the earlier state court proceedings. 546 U.S. 459, 464-466 (2006). Here, Plaintiff and Oracle are parties to the Superior Court action, the pending JAMS arbitration, as well as this federal court action, thus *Lance* is inapplicable.

In *Miles*, the Minnesota District Court found that the *Rooker-Feldman* doctrine did not bar plaintiff's claims in federal court where plaintiff prevailed in the state court proceeding upon which defendants based their *Rooker-Feldman* argument. 2017 WL 2870498, slip op. at *3 (D. Minn. July 5, 2017). Unlike *Miles* (and *Exxon Mobil* and *Lance*), here there is no dispute that Plaintiff sought relief in this Court after she lost in the Santa Clara Superior Court and that the Superior Court issued orders compelling her claims to arbitration and denying her request for ex parte relief from arbitration.

Plaintiff's reliance on *Mosby* is similarly unavailing. In *Mosby*, the 8th Circuit agreed with the district court that plaintiff's claims that effectively challenged the state bar committee's previous disciplinary action against her were barred by the *Rooker-Feldman* doctrine. To the extent that plaintiff's complaint stated only a facial challenge to the state model rules of professional conduct or a declaration involving other attorneys, such claims were not barred by *Rooker-Feldman*. 418

F.3d 927, 931-933 (2005). Here, Plaintiff is seeking relief from this Court as it specifically relates to claims regarding her own circumstances, all of which were both compelled to arbitration by the Santa Clara Superior Court and were ordered by the Superior Court to remain in arbitration. *See* Meinz Decl. ¶¶4, 12; RJN Exs. C, H.

To the extent that Plaintiff argues that the Santa Clara Superior Court's order denying her ex parte application cannot serve as the basis for the application of the *Rooker-Feldman* doctrine, she is wrong. As set forth in Oracle's Motion, the doctrine applies to interlocutory state court decisions such as the Superior Court's order denying Plaintiff ex parte application. *See*, *e.g.*, *Napolitano*, 252 F.3d at 1030 (affirming application of the *Rooker-Feldman* doctrine); *Parker Law Firm v. Travelers Indem. Co*., 985 F.3d 579, 583-584 (8th Cir. 2021) (same). In any event, even without the Santa Clara Superior Court's decision denying her ex parte application, Plaintiff's claims in federal court should still be dismissed because, as explained above, they are inextricably intertwined with the Superior Court's order compelling arbitration of Plaintiff's claims against Oracle. *See* Meinz Decl. ¶ 4; RJN Ex. C.

## III. EVEN IF THE COURT HAD JURISDICTION, PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Even if the Court had jurisdiction over Plaintiff's claims, which Oracle does not concede, her Complaint should still be dismissed because she fails to state a claim upon which relief can be granted for the reasons set forth below and in Oracle's Motion (pp. 13-21).

### A. The Court should give preclusive effect to the State Court's orders compelling arbitration and denying Plaintiff's identical request to enjoin the arbitration.

The Court should give preclusive effect to the Superior Court's prior orders and dismiss Plaintiff's Complaint, which seeks to evade those orders. As set forth in Oracle's Motion (pp. 14-17), Plaintiff must arbitrate her claims; the Superior Court's order compelling her claims to arbitration is final and the pending JAMS arbitration must be permitted to proceed. Plaintiff unsuccessfully sought writ review of the order in the California Court of Appeal and California Supreme Court. *See* RJN Exs. D, E. Plaintiff's declaratory relief claim expressly seeks the "right to litigate" claims, which she was already ordered to arbitrate. Complaint ¶ 195. The Superior

Court's ruling on Plaintiff's ex parte application denying Plaintiff's request to litigate her claims in court – the precise relief she seeks here – operates with equal force because it is equivalent to an order compelling Plaintiff to arbitrate her claims. *See Se. Res. Recovery Facility Auth. v. Montenay Int'l Corp.*, 973 F.2d 711, 714 (9th Cir. 1992) ("The state court decision denying Dravo an injunction was an order compelling arbitration that must be given preclusive effect in federal court.").

Plaintiff's reliance on a footnote in *Geographical Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102 (9th Cir. 2010) to argue that collateral estoppel does not apply if a direct appeal may still be taken is meritless. Opp. at p. 25. Her reliance is misleading because *Geographical Expeditions, Inc.* involved the *denial* of a motion to compel arbitration by the state court from which a direct appeal can be taken. 599 F.3d at 1105. The Ninth Circuit noted in a footnote that it could consider the appeal from the district court's dismissal for lack of subject matter jurisdiction because the parties agreed that the California Court of Appeal's decision was "not yet final," given a pending petition for review in the California Supreme Court. *Id.* at 1105 n. 3.

Plaintiff here fails to disclose that the collateral estoppel doctrine ultimately precluded the federal action in *Geographical Expeditions*. After the Ninth Circuit remanded the case to the district court and the California Supreme Court denied review, the district court granted the state court plaintiffs' motion for judgment on the pleadings because the state court had already denied the same motion to compel arbitration that was also the subject of the federal action. *Geographic Expeditions Inc. v. Est. of Jason Lhotka*, 2010 WL 3516116, at *4 (N.D. Cal. Sept. 8, 2010).

Unlike the denial of a motion to compel arbitration, as was at issue in *Geographical Expeditions,* there is no "direct appeal" from the <u>granting</u> of a motion to compel arbitration. *Peleg v. Neiman Marcus Grp., Inc.*, 204 Cal. App. 4th 1425, 1438, (2012) ("[N]o immediate, direct appeal lies from an order compelling arbitration.") (internal quotation omitted). Indeed, the absence of a right to appeal an order granting a motion to compel arbitration is what led the *Se. Res. Recovery Facility Auth.* court, in part, to conclude that the state court order must be given preclusive effect. *See* 973 F.2d at 712; *see also Smith v. Nerium Int'l, LLC*, 2019 WL 4282901, at *6 (C.D. Cal. June 20, 2019) ("[T]he decision compelling arbitration was a final decision on the merits entitled to preclusive effect under California law . . . ."); *Brown v. Gen. Steel Domestic Sales, LLC*, 2008 WL

2128057, at *5 (C.D. Cal. May 19, 2008) ("[T]he court concludes that it is bound by *Southeast Resource* to give the state court's order compelling arbitration preclusive effect . . ..").

Plaintiff's insistence that she can pursue her claims in this Court, yet still retain the ability to pursue further appellate review of the state court's order compelling arbitration, is absurd and should be rejected. Accordingly, the Court should give preclusive effect to the Santa Clara Superior Court's orders and dismiss Plaintiff's Complaint.

**B. Plaintiff's claims should be dismissed because they are subject to arbitration; in the alternative, the Court should compel Plaintiff's claims to arbitration.**

Plaintiff's claims should be dismissed or compelled to arbitration pursuant to the parties' valid and binding arbitration agreement. Plaintiff contends she should be permitted to proceed with all of her claims in federal court because they are somehow "connected" to the PIA due to her mischaracterizations of references to the PIA that the arbitrator and Oracle allegedly made in arbitration in connection with the parties' discovery disputes. Opp. at pp. 16-18; Complaint ¶¶ 147-95. Her argument is meritless.

It is undisputed that other than Plaintiff's first claim for declaratory relief, none of her remaining claims that were compelled to arbitration by the Santa Clara Superior Court even mention the PIA or have anything to do with that agreement. *See* Complaint ¶¶ 196-235; RJN Ex. A. In addition, Plaintiff also does not dispute that there is no claim asserted in the pending arbitration pertaining to the PIA. Thus, her arbitration claims cannot be interpreted to be a "legal action or proceeding" that is "connected" with the PIA in any way such that it requires all of her arbitration claims to be transferred to federal court after numerous years of litigation.

Adopting Plaintiff's admitted "broad" interpretation of the PIA language would mean that <u>any</u> reference to the PIA in arbitration, even if it does not relate at all to the claims in arbitration (as is the case here), would permit one of the parties to go to court on all arbitration matters regardless of its connection to the PIA. The Court should reject such an absurd interpretation of the PIA language. *See* Cal. Civ. Code § 1638 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."); *Hot Rods, LLC v. Northrop Grumman Sys. Corp.*, 242 Cal. App. 4th 1166, 1178 (2015) (same) (internal citations omitted).

Regarding her declaratory relief claim, Plaintiff has failed to establish that that claim should not be subject to arbitration. The Santa Clara Superior Court already denied Plaintiff's argument that the PIA permits her to proceed in court. RJN Ex. H. Furthermore, Plaintiff fails to address, and thus effectively concedes, Oracle's argument that to the extent that there was any issue raised with the PIA, such issue pertains to the parties' discovery dispute, the subject of which is clearly within the arbitrator's authority. *See* Motion, pp. 16-17; RJN Ex. B (Ex. 1 to Orozco Decl., p. 2) (the parties' arbitration agreement provides, "The arbitrator will have all the powers a judge would have in dealing with any question or dispute that may arise before, during and after the arbitration."); Complaint ¶¶ 158-176, 187-192 (describing the parties' discovery dispute upon which Plaintiff relies for her declaratory relief claim).

The issue of whether the arbitration agreement covers claims under the PIA has also been clearly delegated to the arbitrator to decide pursuant to the express terms of the parties' arbitration agreement and the JAMS arbitration rules to which the parties agreed to be bound. *See* Motion, pp. 16-17; *see also* RJN Ex. B (Ex. 1 to Orozco Decl., p. 2); JAMS Employment Arbitration Rules & Procedures, Rule 11(b) ("Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, ***interpretation or scope of the agreement*** under which Arbitration is sought . . . shall be submitted to and ruled on by the Arbitrator.") (emphasis added); *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019) ("When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue."). Accordingly, to the extent they are not dismissed, Plaintiff's declaratory relief claim and related arguments regarding supersession and carve-out of the PIA should all be submitted to arbitration.

If the Court considers Plaintiff's arguments, which Oracle contends would not be appropriate, the Court should reject those arguments. Plaintiff has failed to demonstrate that the PIA superseded the arbitration agreement or carved out PIA claims to permit her to proceed with her declaratory relief claim in federal court. As discussed above, there is no pending PIA claim in arbitration and she concedes that her declaratory relief claim in federal court is premature and does not present an actual case or controversy. *See supra*, pp. 1-3.

The cases upon which Plaintiff relies – *Coscarelli v. ESquared Hospitality LLC*, *Archer and White Sales, Inc. v. Henry Schein, Inc.*, and *Cisco Systems, Inc. v. Chung* – are distinguishable from the present matter and do not support allowing Plaintiff to proceed with her claims in this Court. Unlike those cases, Plaintiff cannot dispute that the parties' arbitration agreement here does not include an express carve-out for any of Plaintiff's claims in the agreement. RJN Ex. B (Ex. 1 to Orozco Decl., p. 2). Moreover, the arbitration agreements in *Coscarelli*, *Archer* and *Cisco* also did not include an express provision like that in the parties' arbitration agreement here providing for the arbitrator to resolve "[j]urisdictional and arbitrability disputes" including, among others, disputes regarding "interpretation or scope of the agreement." *See id.* Finally, *Coscarelli* and *Cisco* do not involve the issue of delegation of arbitrability matters to the arbitrator at all and thus have no bearing on that issue.

Based on the foregoing, Plaintiff's Complaint should be dismissed in its entirety, or alternatively, the Court should compel all of her claims to the pending JAMS arbitration.

### C. Plaintiff seeks relief that the Court cannot issue under the Anti-Injunction Act.

Nothing in Plaintiff's Opposition overcomes the "fortress" that is the Anti-Injunction Act. *See Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1100 (9th Cir. 2008). Because the declaratory relief that Plaintiff seeks requires enjoining the Santa Clara Superior Court ordered arbitration and because, without such an injunction, Plaintiff would be unable to litigate her remaining claims pending in arbitration in this Court, the Anti-Injunction Act bars Plaintiff's action in its entirety. *See* Complaint ¶ 195 (seeking a declaration that Plaintiff can litigate all of the claims that are pending in arbitration in court instead); Motion, p. 20 (the Act applies to declaratory relief).

Plaintiff does not dispute that the Anti-Injunction Act applies here. Relying solely on an exception to the Act, she instead contends that the Court has the power to enjoin the arbitration proceedings that were ordered by the state court because such an injunction would be "in aid of its jurisdiction." *See* 28 U.S.C. § 2283. She is wrong because that exception does not apply here.

In assessing an exception to the Anti-Injunction Act, the Court must construe the exception narrowly and "resolve doubts in favor of letting the state action proceed." *Quackenbush v. Allstate*

*Ins. Co.*, 121 F.3d 1372, 1378 (9th Cir. 1997). As Plaintiff acknowledges, the "necessary in aid of its jurisdiction" exception does not apply unless an injunction is "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 295 (1970). The exception only applies when "a parallel state action 'threatens to 'render the exercise of the federal court's jurisdiction nugatory.'" *Sandpiper Vill. Condo. Ass'n., Inc. v. Louisiana-Pac. Corp.*, 428 F.3d 831, 843-44 (9th Cir. 2005).

The exception generally does not apply when the state court action was filed first. *See, e.g.*, *Bey v. Howe*, 2019 WL 1877444, at *2 (C.D. Cal. Feb. 12, 2019). Where, as here, a federal court action is filed *after* the state court action and the purpose of the federal court action is to halt the state court action, the exception does not apply. *See id.* (where state court action was commenced first and the "primary purpose" of later federal action was to "interfere" with state action, TRO was not necessary in aid of court's jurisdiction). In the present case, no injunction against the pending JAMS arbitration proceedings is required to protect this Court's alleged jurisdiction, which Oracle disputes even exists (*see* Motion, pp. 7-12; *supra* pp. 1-5). Plaintiff's federal court action was brought for the express purpose of halting the arbitration proceedings previously ordered by the Superior Court and "transferring" Plaintiff's claims to this Court, which is not permitted under the Anti-Injunction Act or any exception thereto.

*Flanagan v. Arnaiz*, upon which Plaintiff relies, is wholly inapposite. In *Flanagan*, the district court enjoined plaintiffs from pursuing the state court action, which was filed *after* the federal court action. 143 F.3d 540, 542 (9th Cir. 1998). The Ninth Circuit upheld the injunction, holding that it was proper because the plaintiffs had agreed that the federal court would maintain exclusive jurisdiction, but their own state court action threatened the district court's jurisdiction. *Id.* at 545-46; *see also Sandpiper Vill. Condo. Ass'n., Inc.*, 428 F.3d at 847 (distinguishing *Flanagan*).

The circumstances here are entirely unlike those in *Flanagan*. The Santa Clara Superior Court action and the JAMS arbitration have been pending for years, and Oracle does not seek to avoid an *ongoing* federal case by seeking relief in state court. *See Sandpiper Vill. Condo. Ass'n., Inc.*, 428 F.3d at 847 ("The absence of an actual threat to an ongoing case renders the analogy

to *Flanagan* unsound."). Nor does Oracle seek to "evade" the PIA as Plaintiff baselessly contends; the PIA does not provide a basis for Plaintiff to seek to enjoin the arbitration.

Plaintiff's reliance on *In re American Express Fin. Advisors Sec. Litig.* and *Morgan Stanley & Co., LLC v. Couch* is similarly misplaced. Neither case involved consideration of the exception to the Anti-Injunction Act or enjoined an arbitration proceeding ***ordered by a state court***. Both cases involved arbitrations that were initiated in the Financial Industry Regulatory Authority, not in state court. *See In re American Express*, 672 F.3d 113, 118-119 (2d Cir. 2011); *Morgan Stanley & Co.*, 134 F. Supp. 3d 1215, 1220 (E.D. Cal. 2015). Those cases simply do not apply here.

*Empire Blue Cross & Blue Shield v. Janet Greeson's a Place for Us, Inc.*, 985 F.2d 459 (9th Cir. 1993) – which Plaintiff fails to even address – expressly held that arbitration proceedings ordered by a state court are considered state court proceedings for purposes of the Anti-Injunction Act and that a district court is "without power" to enjoin such proceedings. *Id.* at 462. That court also noted that the injunction "was not in aid of the jurisdiction of the district court." *Id.* at 461. The very relief that Plaintiff seeks is something that the Court has no power to issue; her Complaint should therefore be dismissed in its entirety.

## IV. THERE IS NO BASIS FOR PLAINTIFF TO OBJECT TO THE EVIDENCE SUBMITTED BY ORACLE

Plaintiff's Opposition concludes with a series of frivolous objections to the evidence submitted by Oracle, all of which should be overruled. First, Plaintiff objects that Oracle incorporates by reference documents (including documents attached to the declaration of Plaintiff's counsel in another motion) contending that this somehow violates Section IV(D) of this Court's Standing Order. Opp. at p. 28:18-23. Remarkably, by her own account, Plaintiff is objecting to documents that *she herself* has submitted to the Court. Moreover, Oracle has set forth its facts and legal arguments entirely within its briefing; it is not incorporating anything by reference in violation of Section IV(D). Nothing in the Court's Standing Order precludes the parties from referring to documents submitted by opposing counsel, nor does it require all documents submitted by the parties to be re-submitted with every subsequent filing. And in any event, there is no dispute regarding the authenticity of any documents referenced by Oracle. Accordingly, Plaintiff's objections in this

regard are baseless and should be disregarded.

Plaintiff's objections to Oracle's RJN are similarly non-sensical. Plaintiff contends that Oracle has not adequately listed, authenticated, and identified the purpose for which the documents provided have been submitted. Yet, there can be no question as to the documents of which Oracle seeks judicial notice, as Oracle has attached them to its RJN. This case is entirely distinguishable from *Amoco Production Co. v. United States*, 619 F.2d 1383, 1391 (10th Cir. 1980) where the authenticity of an old and incomplete document was disputed. Here, Oracle has submitted only documents that were court records and orders in the Santa Clara Superior Court matter and Plaintiff's related petitions for review, Plaintiff's own filings in the Superior Court matter, and the arbitrator's orders in the pending arbitration, the authenticity of which is not disputed by Plaintiff. Moreover, these documents have been authenticated in the Declaration of Lucky Meinz, and Plaintiff does not identify any deficiency with such authentication or dispute the authenticity of any documents. Indeed, Plaintiff herself has relied upon or referred to the majority of these documents in her Opposition and in her Motion for Preliminary Injunction in this Court. Likewise, Oracle has cited to its RJN throughout its Motion where appropriate, so there is no question as to the purpose for which these documents have been offered. Unlike *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), Plaintiff has not identified a single instance in which the cited documents do not support the asserted premise. Any purported concerns in this regard are illusory and should be disregarded.

Plaintiff's objections to the Declaration of Lucky Meinz are also completely without merit. Notably, Plaintiff objects primarily to citations to her *own sworn testimony*, on the grounds that it has purportedly been "cherrypicked." Opp. at p. 30:4-6. Of course it is the case that Oracle has put before the Court only relevant selections from Plaintiff's deposition testimony. Plaintiff's other objections are not objections at all, but merely conclusory statements taking issue with the Declaration of Lucky Meinz. Notably, no actual dispute is stated that is of any relevance to the Motion at hand; rather, Plaintiff merely "objects" that there are other facts that provide additional context. Regardless, such objections have no basis in the law and should be rejected.

///

## V. THE ARGUMENTS IN PLAINTIFF'S OPPOSITION LACK AN EVIDENTIARY BASIS

Plaintiff's Opposition also fails to cite the evidentiary basis for the vast majority of her factual contentions. Plaintiff admits this up front, stating generally that the facts asserted are purportedly derived from either the Complaint or one of the accompanying declarations. Opp. at p. 6:12-15. Evidence cannot be cited in this manner. Rather, the Ninth Circuit has made clear that failure to cite to evidence with specificity "warrants exclusion of the evidence," since "[j]udges need not paw over the files without assistance from the parties." *Orr v. Bank of Am.*, 285 F.3d 764, 774-775, (9th Cir. 2002), superseded by statute on unrelated grounds as explained in *Harlow v. Chaffey Cmty. Coll. Dist.*, 2022 U.S. App. LEXIS 25357, *3 (9th Cir. 2022). "Judges are not like pigs, hunting for truffles buried in briefs." *Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu,* 626 F.3d 483, 488 (9th Cir. 2010). Here, large swathes of Plaintiff's extended parade of "facts" are unsupported by any evidentiary basis whatsoever. *See* Opp. at pp. 7:19-9:12, 11:6-24, and 14:5-20. These accounts are conclusory and replete with falsehoods, such as Plaintiff's assertion that she did not "improperly withhold any documents," when the arbitrator expressly found that she did. *Compare* Opp. at p. 11:20-21 *with* RJN Ex. J. Without a basis in evidence, Plaintiff's contentions should be disregarded.

## VI. OBJECTIONS TO PLAINTIFF'S PURPORTED EVIDENCE

Finally, there are evidentiary flaws with the bulk of the purported evidence which Plaintiff submits in her own declaration ("Richter Decl.") and the Declaration of Gautam Dutta ("Dutta Decl."). Initially, the Court cannot consider on this motion to dismiss the purported "facts" and exhibits on which Plaintiff relies, but of which Plaintiff has failed to seek judicial notice or attach to the Complaint (and of which Oracle has not sought judicial notice). *See* Dutta Decl., Exs. 2-7, 12-15, and 17-18; *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1021 (C.D. Cal. 2015) ("Courts regularly decline to consider declarations and exhibits submitted in . . . opposition to a motion to dismiss . . . if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice.").

In her Opposition, Plaintiff relies on her own declaration and that of her counsel, and the

exhibits attached thereto. Plaintiff's extended and skewed retellings of her employment history and the procedural history of this case have no bearing on the matters at issue, and no explanation has been provided as to what relevance these claims could possibly have. This applies to paragraphs 2, 4, 5, 10, 11, 12, 14, 16, and 17 of Plaintiff's declaration, and paragraphs 21-22, 31-33, 41-43, 45-49, and 61-63 of her counsel's declaration.

Plaintiff's counsel's declaration also repeatedly makes legal arguments, citing to legal authorities (Dutta Decl., ¶¶ 19, 25), purported conclusions of fact, and seeking to re-litigate previous discovery disputes. *See* Dutta Decl., ¶¶ 25, 36-37.

Many portions of the Dutta and Richter Declarations are simply misleading, omit material factual context, and/or contain inappropriately argumentative and inflammatory language. *See* Dutta Decl., ¶¶ 12,15, 20, 21, 22, 23, 25, 26, 27, 29, 30, 31, 33, 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 54, 55, 57, 58, 61, 63; Richter Decl., ¶¶ 6, 11, 14, 15, 16, 17. This is in clear violation of Local Rule 7-5(b), which provides that a "declaration may contain only facts," and must "avoid conclusions and argument." The large number of misleading "facts" and blatant omissions in the declarations prohibits Oracle from addressing them all within the page length limitations.

The Dutta Declaration also contains speculation (¶¶ 12 and 44) and purports to attest to matters of which counsel has no personal knowledge (¶¶ 3-4, 12). Indeed, Plaintiff's counsel goes so far in his declaration as to speculate as to how the arbitrator would have ruled given an alternative set of facts. *See* Dutta Decl., ¶ 44. Such testimony is barred by the Federal Rules of Evidence. *See* FRE 602 and 701. Oracle objects to all of the cited portions of the Dutta and Richter Declarations and the foregoing evidence must be excluded and disregarded.

Dated: November 1, 2022

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *_/s/ Lucky Meinz_*
LUCKY MEINZ

Attorneys for Defendant, ORACLE AMERICA, INC.