UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HAONING RICHTER,<br><br>    Plaintiff,<br><br>v.<br><br>ORACLE AMERICA, INC.,<br><br>    Defendant. | Case No. 22-cv-04795-BLF<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Re: ECF No. 14] |

Plaintiff Haoning Richter filed suit in state court against her previous employer, Defendant Oracle America, Inc. ("Oracle"), following her termination. The case was compelled to arbitration. Plaintiff filed in state court to stay the arbitration pending appeal. She was unsuccessful. Plaintiff then appealed the motion to compel arbitration, again in state court. She was again unsuccessful. After several discovery disputes in the arbitral proceeding, Plaintiff filed an ex parte application in state court to enjoin the arbitral proceeding. Yet again, Plaintiff was unsuccessful. Having failed to obtain her desired results in state court, Plaintiff filed the instant action in federal court.

Now before the Court is Plaintiff's motion for a preliminary injunction. *See* ECF No. 14 ("Mot."); *see also* ECF No. 25 ("Reply"). Defendant opposes the motion. ECF No. 21 ("Opp."). The Court held a hearing on the motion on January 5, 2023. *See* ECF No. 40. For the following reasons, Plaintiff's motion for a preliminary injunction is DENIED.

I.   **BACKGROUND**

Plaintiff filed suit against Oracle on October 29, 2018 in Santa Clara County Superior Court. ECF No. 1 ("Compl.") ¶ 147. The state court determined that Richter was bound by an arbitration agreement and, on May 3, 2019, it transferred all claims except those brought under the

Private Attorney General Act to a JAMS arbitral proceeding. *Id.* ¶¶ 148-150, Ex. C ("Arbitration Agreement); *see* Declaration of Gautam Dutta, ECF No. 14-1 ("Dutta Decl.") ¶¶ 8-10, Ex. 8 (May 2019 state court order). The Arbitration Agreement states, in relevant part:

> Mutual Agreement to Arbitrate
>
> You and Oracle understand and agree that any existing or future dispute or claim arising out of or related to your Oracle employment, or the termination of that employment, will be resolved by final and binding arbitration and that no other forum for dispute resolution will be available to either party, except as to those claims identified below. The decision of the arbitrator shall be final and binding on both you and Oracle and it shall be enforceable by any court having proper jurisdiction.
> . . .
> The arbitrator will have all the powers a judge would have in dealing with any question or dispute that may arise before, during and after the arbitration.

*See* Compl. Ex. C. Also relevant to this matter is a Proprietary Information Agreement ("PIA") that Richter and Oracle signed as part of her employment. *See* Compl. Ex. A.

Richter petitioned the Santa Clara Superior Court to stay its May 3, 2019 order compelling arbitration while Plaintiff sought review in the Court of Appeal, which the superior court denied on August 27, 2019. Declaration of Lucky Meinz, ECF No. 21-1 ("Meinz Decl") ¶ 5; ECF No. 22 ("RJN") Ex. F (August 2019 state court order). Plaintiff's petitions for review of the May 3, 2019 order were denied by the Court of Appeal and California Supreme Court. Meinz Decl. ¶ 6. The arbitration hearing was originally scheduled for February 1-5, 2021, but it was continued until October 2021 at Plaintiff's request. *Id.* ¶ 7.

On November 3, 2020, Oracle propounded its first set of Requests for Production of Documents ("RFP"), including RFP No. 2, which sought:

> Any and all DOCUMENTS that YOU retained or kept in YOUR possession from YOUR employment at ORACLE . . . .

Dutta Decl. ¶¶ 13-14, Ex. 1. "DOCUMENT(S)" was defined to include "any writing as defined in California Evidence Code Section 250," including "without limitation, written, recorded, filmed, electronic or graphic matter, whether produced or reproduced on . . . computer devices or any other media." *See id.* Ex. 1. On December 15, 2020, Richter responded to the RFP. *Id.* ¶¶ 15-16, Ex. 2.

2

During her September 17, 2021 deposition, Richter stated that after learning her employment would be terminated, she had kept Oracle-related documents on her personal computer. Dutta Decl. ¶ 24; Meinz Decl. ¶ 10. On a September 20, 2021 conference call with the parties and the arbitrator, Oracle stated that Richter had violated the PIA and may have, as a result, violated federal law. Compl. ¶ 165. Based on the deposition, on September 21, 2021, Oracle brought a motion for forensic examination of Richter's personal laptop. Dutta Decl. ¶ 29, Ex. 5; Meinz Decl. ¶ 12. Oracle asserted that Richter had violated the PIA. Compl. ¶ 167; Meinz Decl. ¶ 12. The arbitrator set a hearing on September 29, 2021. Compl. ¶ 169. At the September 29, 2021 hearing, the arbitrator indicated he would likely grant the request. Meinz Decl. ¶ 13. The arbitrator granted the request on September 30, 2021. Compl. ¶ 174.

Also on September 29, 2021, Richter filed an ex parte application in Santa Clara County Superior Court to enjoin the impoundment of her personal computer and to enjoin the arbitral proceeding. Compl. ¶ 173. In her ex parte application, Plaintiff argued she would likely prevail on her claim that she was contractually entitled to litigate all her claims pending in the JAMS proceeding in the Santa Clara Superior Court on the basis that the PIA permitted her to submit all of her claims in court and that the balance of equities heavily favored her because she would be "compelled to participate in a futile arbitration" and that any forensic examination ordered by the Arbitrator would invade her privacy. Dutta Decl. ¶ 34, Ex. 9; Meinz Decl. ¶¶ 14-15. Oracle opposed the application. Meinz Decl. ¶ 15. The court denied this application on October 4, 2021. Compl. ¶ 177; *see* Dutta Decl. ¶ 38, Ex. 11 (October 2021 state court order).

On October 7, 2021, Oracle disclosed that it had possession of Richter's work computer. Compl. ¶ 180. Given various discovery issues, the arbitrator vacated the October 2021 hearing dates. *Id.* ¶ 184; Meinz Decl. ¶ 18. Plaintiff filed a motion for sanctions against Oracle on the basis of documents she discovered on the work computer that allegedly were not handed over in discovery. Compl. ¶¶ 185-186. In opposition, Oracle asserted that Richter had unclean hands, as her actions in withholding her personal computer had violated the PIA. *Id.* ¶¶ 187-188. In Reply, Richter asserted that she had the legal right under the PIA to litigate PIA-related issues in a judicial forum. *Id.* ¶ 190. The superior court issued an order on June 30, 2022 stating, among

3

1   other things, that Richter's "copying and retention of Oracle documents" was "improper." *Id.* ¶
2   192. The PIA was not mentioned in the order or the hearing. Meinz Decl. ¶ 20.
3       On August 22, 2022, Plaintiff filed her Complaint in this case in federal court. *See* Compl.
4   The Complaint has eight causes of action. *See generally id.* The first cause of action is for
5   declaratory relief seeking a judicial declaration that Richter has the contractual right to litigate the
6   legal issue of whether she can be held liable under the PIA and that she can litigate all of her
7   pending legal claims in the arbitral proceeding. *Id.* ¶¶ 193-195. The remaining causes of action
8   are all causes of action brought by Plaintiff in her state court action. *See* Compl. ¶¶ 196-235;
9   Dutta Decl. Ex. 19 (state court complaint).
10      On August 29, 2022, she filed the motion for preliminary injunction, asking the Court to
11  enjoin the arbitral proceeding. *See* Mot.

## II. REQUEST FOR JUDICIAL NOTICE

Oracle filed a Request for Judicial Notice in support of its Opposition to the motion for preliminary injunction. ECF No. 22 ("RJN"). Defendant seeks judicial notice of nine exhibits, all of which are documents from the state court proceedings between these parties. RJN at 1; *see Haoning Richter v. Oracle America, Inc., et al.*, Case No. 18-cv-337194 (Santa Clara Superior Court). Plaintiff does not oppose the motion.

Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). A court may not take judicial notice of a fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

Defendant requests judicial notice of filings and order in proceedings involving the parties in state court. *See* RJN. Because these are court documents and/or public records properly subject to judicial notice, the Court GRANTS Defendant's Request for Judicial Notice.

## III. LEGAL STANDARD

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v.*

4

1  *Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). "A
2  plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,
3  that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of
4  equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def.*
5  *Council, Inc.*, 555 U.S. 7, 20 (2008). "Under the 'sliding scale' variant of the *Winter* standard, if a
6  plaintiff can only show that there are serious questions going to the merits—a lesser showing than
7  likelihood of success on the merits—then a preliminary injunction may still issue if the balance of
8  hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *All.*
9  *for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (internal quotation marks and
10 citation omitted). Where the court concludes the movant has failed to show a likelihood of
11 success on the merits or a serious question going to the merits, the court, in its discretion, need not
12 consider whether the movant would suffer irreparable injury. *Guzman v. Shewry*, 552 F.3d 941,
13 948 (9th Cir. 2009).

## IV. ANALYSIS

### A. *Rooker-Feldman*

Before turning to the *Winter* factors, the Court must address whether it has subject matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). Oracle argues that the Court does not have subject matter jurisdiction under the *Rooker-Feldman* doctrine. Opp. at 7-9.

"Under the *Rooker-Feldman* doctrine, 'a state-court decision is not reviewable by lower federal courts.'" *Hooper v. Brnovich*, No. 22-16764, 2022 WL 16947727, at *3 (9th Cir. Nov. 15 2022) (quoting *Skinner v. Switzer*, 562 U.S. 521, 532 (2011)). And the doctrine bars jurisdiction "not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Morrison v. Peterson*, 809 F.3d 1059, 1070 (9th Cir. 2015) (quoting *Cooper v.*

5

*Ramos*, 704 F.3d 772, 777 (9th Cir. 2012)). In determining whether an action is a de facto appeal, a court must "pay close attention to the *relief* sought by the federal-court plaintiff." *Cooper*, 704 F.3d at 777-78 (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)). A case is a de facto appeal "when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). "If claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling . . . , then the federal complaint must be dismissed for lack of subject matter jurisdiction." *Bianchi*, 334 F.3d at 898. The doctrine "does not preclude a plaintiff from bringing an 'independent claim' that, though similar or even identical to issues aired in state court, was not the subject of a previous judgment by the state court." *Hooper*, 2022 WL 16947727, at *3 (quoting *Cooper*, 704 F.3d at 778).

In this motion, Plaintiff is asking the Court to enjoin the arbitration proceedings on the basis that her claims should be litigated under the PIA. *See* Mot. Two state court orders are implicated by this claim: (1) the May 2019 state court order compelling arbitration, *see* Dutta Decl. ¶¶ 8-10, Ex. 8 (May 2019 state court order); and (2) the October 2021 state court order denying Richter's ex parte application to enjoin the arbitral proceedings, *see* Dutta Decl. ¶ 38, Ex. 11 (October 2021 state court order). Plaintiff's motion on her ex parte application included the same arguments made here, namely that she would likely prevail on her claim that she was contractually entitled to litigate all her claims pending in the JAMS proceeding in the Santa Clara Superior Court on the basis that the PIA permitted her to submit all of her claims in court. Dutta Decl. ¶ 34, Ex. 9; Meinz Decl. ¶¶ 14-15.

The Court finds that the instant motion is a de facto appeal of the state court's October 2021 order. The Ninth Circuit has directed courts to "pay close attention to the *relief* sought by the federal-court plaintiff" in a *Rooker-Feldman* analysis. *See Cooper*, 704 F.3d at 777-78. And Richter is seeking the same relief in this motion as the state court denied in that order: to enjoin the arbitration. Further, Richter is arguing that the arbitration should be enjoined on the same basis that she argued in her ex parte application in state court: that she can litigate her claims under

6

the PIA. This motion is "inextricably intertwined" with the ex parte application brought in state court. *See Bianchi*, 334 F.3d at 898.

Richter argues that the *Rooker-Feldman* doctrine does not apply here because she does not assert that the state court order caused her to suffer any injuries. Reply at 10-11. She points to language from a Supreme Court decision stating that the *Rooker-Feldman* doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Rooker-Feldman* does not apply when an injury "was not caused by the state court," but instead the state court "failed to rectify" an injury. *Henrichs v. Valley View Dev.*, 474 F.3d 609, 614 (9th Cir. 2007) (quoting *Noel v. Hall*, 341 F.3d 1148, 1165 (9th Cir. 2003)). The Court agrees with Richter. As stated above, the instant action is a de facto appeal of the state court's October 2021 order. But that order did not *cause* Richter any injuries; it instead simply maintained the status quo, failing to rectify an earlier injury: being compelled to arbitration. *Cf. KIPP Acad. Charter Sch. v. United Fed'n of Tchrs., AFT NYSUT, AFL-CIO*, 723 F. App'x 26 (2d Cir. 2018) (holding *Rooker-Feldman* did not apply because court order denying a stay of already-occurring arbitration did not cause a new injury, but instead ratified an injury caused by defendant). The *Rooker-Feldman* doctrine therefore does not apply.

**B.   Preclusion**

Oracle argues that even if the instant action is not barred by *Rooker-Feldman*, it is barred by the related doctrine of preclusion. Opp. at 15-17. The Ninth Circuit has held that "[p]reclusion, not *Rooker–Feldman*, applies when 'a federal plaintiff complains of an injury that was not caused by the state court, but which the state court has previously failed to rectify.'" *Henrichs*, 474 F.3d at 614 (quoting *Noel*, 341 F.3d at 1165).

The Full Faith and Credit Act, 28 U.S.C. § 1738, "directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state." *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996). "Federal courts are compelled by the 'full faith and credit' statute to give collateral estoppel and res judicata effects to the

7

1 judgments of state courts." *Se. Res. Recovery Facility Auth. v. Montenay Int'l Corp.*, 973 F.2d
2 711, 712-13 (9th Cir. 1992) (citing 28 U.S.C. § 1738 (1988)). A "court must treat a state court
3 judgment with the same respect it would receive in the courts of the rendering state." *Moreno v.
4 UtiliQuest, LLC*, 29 F.4th 567, 578 (9th Cir. 2022). The Court therefore applies California law to
5 determine the preclusive effect of a state court order. *Id.* (citing *Manufactured Home Cmtys. Inc.
6 v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005)). Under California law, "[c]ollateral
7 estoppel bars 'relitigation of an issue decided at a previous proceeding if (1) the issue necessarily
8 decided at the previous [proceeding] is identical to the one which is sought to be relitigated; (2)
9 the previous [proceeding] resulted in a final judgment on the merits; and (3) the party against
10 whom collateral estoppel is asserted was a party or in privity with a party at the prior
11 [proceeding].'" *Wabakken v. California Dep't of Corr. & Rehab.*, 801 F.3d 1143, 1148 (9th Cir.
12 2015) (quoting *People v. Carter*, 36 Cal. 4th 1215, 1240 (2005)) (alterations in original).

13 The Court finds that all three elements of collateral estoppel are satisfied here with respect
14 to the October 2021 state court order. As to the first prong, as discussed above, the issue decided
15 before the state court on the ex parte application is identical to the one at issue here: whether the
16 PIA allows Richter to enjoin the arbitration and litigate her claims in court. *Compare* Mot. *with*
17 Dutta Decl. Ex. 9 (state court application). As to the second prong, the Ninth Circuit has
18 previously held that, under California law, "an order compelling arbitration is the final order in a
19 special proceeding," and it is thus "entitled to full faith and credit." *Se. Res. Recovery Facility
20 Auth.*, 973 F.2d at 713. The Ninth Circuit further held that "the denial of an injunction against
21 arbitration is an order compelling arbitration," and it is thus entitled to preclusive effect. *Id.* And
22 the October 2021 state court order is precisely that—the denial of an injunction against arbitration.
23 Finally, as to the third prong, the parties here are identical to those in the state court proceeding.

24 Richter argues that the full faith and credit statute does not apply here because collateral
25 estoppel does not apply to a state court arbitration order from which an appeal may still be taken,
26 despite the Ninth Circuit's ruling in *Southeast Resource Recovery Facility Authority*. Reply at 11-
27 12. Richter relies on *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d
28 1102 (9th Cir. 2010). In that case, Lhotka brought suit against Geographic Expeditions, Inc.

8

("GeoEx") in state court, and GeoEx filed a motion to compel arbitration in the state court action. *Id.* at 1105. While the state court motion to compel arbitration was pending, GeoEx filed a petition in federal district court to compel arbitration. *Id.* at 1105-06. The district court dismissed for lack of subject matter jurisdiction because the amount in controversy did not exceed $75,000. *Id.* at 1106. GeoEx appealed. *Id.* By the time the Ninth Circuit made a decision, the California Court of Appeal had already held the arbitration agreement to be unenforceable. *Id.* at 1105 n.3. The Ninth Circuit stated in a footnote that the California Court of Appeal's decision did not prevent the federal suit from proceeding. *Id.* It stated that "[u]nder California law, a judgment is not final for the purposes of collateral estoppel until it is free from the potential of a direct attack, i.e. until no further direct appeal can be taken," and that the state court judgment was not yet final "because GeoEx filed a petition for review in the California Supreme Court, which petition remains pending." *Id.* (citing *Abelson v. Nat'l Union Fire Ins. Co.,* 28 Cal. App. 4th 776, 787 (1994)). The Ninth Circuit's statement in the footnote in *Lhotka* did not implicate its holding as to the preclusive effect of a motion to compel arbitration in *Southeast Resource Recovery Facility Authority*.

Richter argues more generally that the language in *Lhotka*, coming from *Abelson*, that a judgment is not final for the purposes of collateral estoppel until no further direct appeal can be taken, means that a motion to compel arbitration does not have preclusive effect. Reply at 11-12. She cites to a California case recognizing that "[o]rders granting motions to compel arbitration are generally not immediately appealable" and instead "are normally subject to review only on appeal from the final judgment." *Nelsen v. Legacy Partners Residential, Inc.*, 207 Cal. App. 4th 1115, 1121-22 (2012).

The Court is unpersuaded by Richter's argument. The Ninth Circuit decision in *Southeast Resource Recovery Facility Authority* is directly on point, and the Court declines to find that it no longer applies in light of *Abelson*. The Court also notes that other district courts in California, decided after *Abelson*, have held that a state court order compelling arbitration has preclusive effect in federal court under California law, relying on *Southeast Resource Recovery Facility Authority*. *See Smith v. Nerium Int'l, LLC*, No. SACV 18-1088-JVS(PLAx), 2019 WL 4282901,

9

at *6 (C.D. Cal. June 20, 2019); *Brown v. Gen. Steel Domestic Sales, LLC*, No. CV 08-00779 MMM (SHx), 2008 WL 2128057, at *4-5 (C.D. Cal. May 19, 2008).

Because the Court must give full faith and credit to the California state court order declining to enjoin arbitration, Richter cannot show a substantial likelihood of success on the merits, nor that there are serious questions going to the merits. The Court therefore need not address the other *Winter* factors.

## V. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Richter's motion for a preliminary injunction is DENIED.

Dated: January 20, 2023

_____
BETH LABSON FREEMAN
United States District Judge