SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
BRENDAN DOLAN, Cal. Bar No. 126732
LUCKY MEINZ, Cal. Bar No. 260632
LOWELL B. RITTER, Cal. Bar No. 317738
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415.434.9100
Facsimile:   415.434.3947
E-mails:     bdolan@sheppardmullin.com
             lmeinz@sheppardmullin.com
             lritter@sheppardmullin.com

Attorneys for Defendant Oracle America, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| HAONING RICHTER, | Case No. 5:22-cv-04795-BLF |
| Plaintiff, | Hon. Beth Labson Freeman |
| v. | **DEFENDANT ORACLE AMERICA, INC.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| ORACLE AMERICA, INC., et al., | |
| Defendants. | Date: June 22, 2023<br>Time: 9:00 a.m.<br>Crtrm: 3<br>Action Filed: August 22, 2022 |

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ........................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

I. INTRODUCTION ..............................................................................................................1

II. FACTS AND BACKGROUND .........................................................................................2

    A. Plaintiff Entered Into An Arbitration Agreement With Oracle Pursuant To Which The Santa Clara Superior Court Previously Compelled Arbitration. .............2

    B. Plaintiff Improperly Downloaded Oracle Documents and Information, Improperly Retained Them, and Failed to Produce them in Discovery. ....................3

    C. The Santa Clara Superior Court Denied Plaintiff's Ex Parte Application For Temporary Restraining Order Enjoining JAMS Proceeding. ....................................4

    D. The Parties' Discovery Dispute Regarding Plaintiff's Delay In Arbitration And Obstructing Oracle's Access To Relevant Documents. ....................................4

    E. Plaintiff's Federal Court Complaint Sought to Litigate her Arbitration Claims and Discovery Dispute in Court. ......................................................................5

    F. Oracle Complied with Rule 11's 21-Day Notice Provision. ......................................5

III. ARGUMENT AND AUTHORITIES .................................................................................6

    A. Legal Standard Governing the Imposition of Sanctions. ...........................................6

    B. Plaintiff's Complaint and Motion for Preliminary Injunction Were Frivolous. ..................................................................................................................6

        1. Plaintiff's Complaint and Her Motion for Preliminary Injunction Were Baseless. ..................................................................................................6

        2. A Reasonable Attorney Would Not Have Filed This Action or the Motion for Preliminary Injunction. ................................................................7

    C. Plaintiff's Complaint and Motion for a Preliminary Injunction Were Brought for Improper Purposes. ..................................................................................8

    D. The Court Should Award Appropriate Sanctions to Deter Plaintiff's Conduct. .....................................................................................................................9

IV. CONCLUSION .................................................................................................................10

V. REQUEST FOR JUDICIAL NOTICE .............................................................................10

**TABLE OF AUTHORITIES**

Page(s)

Federal Cases

*Buster v. Greisen*
 104 F.3d 1186 (9th Cir. 1997) ............................................................................................... 6, 8

*Cmty. Elec. Serv. of Los Angeles, Inc. v. Nat'l Elec. Contractors Ass'n, Inc.*
 869 F.2d 1235 (9th Cir. 1989) ..................................................................................................... 1

*Cooter & Gell v. Hartmarx Corp.*
 496 U.S. 384 (1990) ................................................................................................................ 10

*Empire Blue Cross & Blue Shield v. Janet Greeson's a Place for Us, Inc.*
 985 F.2d 459 (9th Cir. 1993) ....................................................................................................... 7

*Est. of Blue v. Cnty. of Los Angeles*
 120 F.3d 982 (9th Cir. 1997) ....................................................................................................... 7

*Intri-Plex Techs., Inc. v. Crest Grp., Inc.*
 499 F.3d 1048 (9th Cir. 2007) .................................................................................................. 10

*Malgesini v. Malley*
 2022 WL 875634, at *1 (N.D. Cal. Mar. 24, 2022),
 *aff'd* No. 22-15625, 2023 WL 1281664 (9th Cir. Jan. 31, 2023) .............................................. 7

*Mogan v. Sacks, Ricketts & Case LLP*
 2022 WL 119212 (N.D. Cal. Jan. 12, 2022) .................................................................... 6, 7, 8

*Pack v. Hoge Fenton Jones & Appel, Inc.*
 2013 WL 140027 (N.D. Cal. Jan. 10, 2013) ........................................................................... 5, 6

*Rachford v. Air Line Pilots Ass'n, Int'l*
 284 F. App'x 473 (9th Cir. 2008) ............................................................................................ 10

*Schromm, Inc. v. Landscape Contractors*
 790 F.2d 1421 (9th Cir. 1986) ............................................................................................. 7, 10

*Se. Res. Recovery Facility Auth. v. Montenay Int'l Corp.*
 973 F.2d 711 (9th Cir. 1992) ....................................................................................................... 6

*Townsend v. Holman Consulting Corp.*
 929 F.2d 1358 (9th Cir. 1990) ................................................................................................ 5, 6

*Uziel v. Superior Ct. of Cal. for Cnty. of Los Angeles*
 2020 WL 2528818 (C.D. Cal. Mar. 23, 2020) ................................................................... 5, 6, 8

-ii-                    Case No. 5:22-cv-04795-BLF
ORACLE'S MOTION FOR SANCTIONS

Federal: Statutes, Rules, Regulations, Constitutional Provisions

Federal Rules of Civil Procedure
    Rule 11 ................................................................................................................... *passim*

Federal Rules of Evidence
    Rule 201 ....................................................................................................................... 10

Title 28 United States Code
    § 1738 ............................................................................................................................. 6
    § 2283 (Anti-Injunction Act) .................................................................................. 1, 5, 6

State: Statutes, Rules, Regulations, Constitutional Provisions

Civil Local Rules
    Rule 7-8(d) ..................................................................................................................... 1

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on June 22, 2023, at 9:00 a.m., or as soon thereafter as this matter can be heard, in Courtroom 3 of the U.S. District Court for the Northern District of California, San Jose Division, at 280 South 1st Street, San Jose, CA 95113, the Honorable Beth Labson Freeman presiding, Defendant Oracle will and hereby does move the Court for an order awarding sanctions against Plaintiff Haoning Richter and her attorney, Gautam Dutta, pursuant to Fed. R. Civ. P. 11(b)(1)-(2) on the grounds that this action, including Plaintiff's Complaint and Motion for Preliminary Injunction, were frivolous and were filed for improper purposes. Oracle's Motion was served on November 16, 2022 and was filed more than 21 days after service. *See* Fed. R. Civ. P. 11(c)(2). Plaintiff did not withdraw her motion or dismiss this action.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities with request for judicial notice, the declaration of Lucky Meinz and the exhibits attached thereto, the records and files in this action, and such evidence and argument as may be presented at or before the hearing on this matter.

Dated: February 13, 2023          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                  By _____
                                              BRENDAN DOLAN

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

The Court should impose sanctions on Plaintiff and her attorney under Federal Rule of Civil Procedure 11 based on Plaintiff's frivolous and inappropriate federal court Complaint and Motion for Preliminary Injunction, both of which this Court has now rejected. Although judgment has been entered, the Court still has jurisdiction over this motion. *See Cmty. Elec. Serv. of Los Angeles, Inc. v. Nat'l Elec. Contractors Ass'n, Inc.*, 869 F.2d 1235, 1242 (9th Cir. 1989); Civil L.R. 7-8(d).

Courts at every level of the California judiciary reaffirmed Plaintiff's contractual obligation to arbitrate her claims. Undeterred by the rejection of her arguments in state court, Plaintiff turned to federal court in what this Court described as "the grossest form of forum shopping that [the Court]

will not condone." *See* Hearing Transcript, p. 4 (Dkt. No. 43). Sanctions should be granted because Plaintiff's federal court action and her Motion were frivolous. Their frivolousness is exposed in multiple ways: the Santa Clara Superior Court's orders are entitled to preclusive effect; Plaintiff's action was barred by the Anti-Injunction Act; and there was no ripe controversy.

Sanctions should be imposed on the additional grounds that Plaintiff's Complaint and her motion were part of an ongoing effort to harass Oracle, cause unnecessary delay, and needlessly increase the cost of litigation. Plaintiff's attorney has been admonished by the arbitrator in the pending JAMS arbitration for his unprofessional, and "unusually 'over the top' and confrontational" conduct in the pending JAMS arbitration. However, the behavior has continued. The conduct before this Court must be the subject of Rule 11 sanctions.

## II. FACTS AND BACKGROUND

### A. Plaintiff Entered Into An Arbitration Agreement With Oracle Pursuant To Which The Santa Clara Superior Court Previously Compelled Arbitration.

Plaintiff filed her original lawsuit against Oracle in Santa Clara Superior Court in October 2018 following her termination for violations of Oracle's Travel & Expense policy. Complaint ¶ 147; Declaration of Lucky Meinz ("Meinz Decl."), ¶ 2; Ex. A. The state court lawsuit alleged the same state law discrimination, retaliation, failure to produce records, and unfair competition claims that were alleged in her Complaint in this action. *See id.*, Ex. A, Complaint ¶¶ 6-145, 196-235.

In connection with her hiring, Plaintiff entered into an arbitration agreement that required arbitration of any claim arising out of or related to her Oracle employment or termination thereof. Complaint Ex. C; Meinz Decl., ¶ 3; Ex. B (Ex. 1 to Orozco Decl., p. 2). Oracle petitioned to compel Plaintiff's claims to arbitration and stay the action pending the conclusion of the arbitration. *See* Complaint ¶ 148; Meinz Decl., ¶ 4; Ex. B. On May 3, 2019, the Santa Clara Superior Court granted Oracle's petition and compelled all of Plaintiff's non-PAGA claims to arbitration. Complaint ¶ 149; Meinz Decl., Ex. C.

The California Court of Appeal and Supreme Court denied Plaintiff's petitions for review of the May 3, 2019 order. Meinz Decl., ¶ 6; Exs. E, F.

Former Santa Clara Superior Court Judge Robert Baines was appointed arbitrator and

Plaintiff's claims proceeded in JAMS arbitration. The case has been pending before Judge Baines for over three years. Complaint ¶¶ 148-151; Meinz Decl., ¶ 7. The arbitration hearing has been canceled twice. In December 2020, Plaintiff sought to continue the hearing on the grounds that she purportedly needed additional discovery. Plaintiff's motion was granted and the arbitration hearing was continued to October 25-29, 2021. *Id.* at ¶ 7. As discussed further below, the October 2021 hearing was canceled based on Plaintiff's discovery misconduct.

Throughout the course of the arbitration, Plaintiff and her attorney have engaged in improper litigation tactics and discovery abuse and have been admonished by the Arbitrator for their conduct, which is summarized below.

   B. **Plaintiff Improperly Downloaded Oracle Documents and Information, Improperly Retained Them, and Failed to Produce them in Discovery.**

The contrived controversy upon which Plaintiff and her attorney brought this federal court action arose out of her improper retention of Oracle data and documents and their disregard of their discovery obligations in the JAMS arbitration. In November 2020, Oracle propounded its first set of Requests for Production of Documents ("RFP"), including RFP No. 2, which sought: "Any and all DOCUMENTS that YOU retained or kept in YOUR possession from YOUR employment at ORACLE . . .." Complaint ¶ 158; Meinz Decl., ¶ 12.

Plaintiff testified during her deposition on September 17, 2021 that between the time she was terminated and the time she turned in her Oracle-issued laptop, she had purchased a personal computer and transferred all of the Oracle documents and information from her Oracle-issued laptop to the newly purchased personal computer. She also admitted at a later deposition that she had not produced to Oracle all of the Oracle documents she had retained despite RFP No. 2 and her representation in discovery that she had produced all responsive documents. Complaint ¶ 163; Meinz Decl., ¶ 13, Exs. J, K.

Oracle brought a motion to the Arbitrator seeking a forensic examination of the computer to which Plaintiff transferred the data from her Oracle laptop. Complaint ¶ 167. Oracle explained in its motion – which was granted by the Arbitrator – that it appeared that Plaintiff had not produced all documents responsive to Oracle's document request, had concealed her retention of Oracle

documents, and that a forensic examination should be permitted to, among other reasons, determine whether Plaintiff's document production was complete. Meinz Decl., ¶ 14.

### C. The Santa Clara Superior Court Denied Plaintiff's Ex Parte Application For Temporary Restraining Order Enjoining JAMS Proceeding.

On September 29, 2021, the same day as the hearing on Oracle's motion for a forensic examination of her computer, Plaintiff filed an ex parte application in Santa Clara Superior Court seeking to enjoin the JAMS arbitration on the same grounds that she sought declaratory relief in this Court. Complaint ¶¶ 173, 193-195, p. 34 (request for injunctive relief); Meinz Decl., ¶ 9. In her ex parte application, Plaintiff argued she was contractually entitled to litigate her claims pending in the JAMS proceeding in the Santa Clara Superior Court based on the Proprietary Information Agreement ("PIA") she agreed to when she went to work at Oracle. Meinz Decl., ¶ 9; Ex. G.

Oracle opposed the ex parte application on among other grounds that Plaintiff was not likely to succeed on the merits and that she failed to establish that she would suffer irreparable harm by proceeding in the arbitration. Meinz Decl., ¶ 10; RJN Ex. H. On October 4, 2021, the Santa Clara Superior Court issued an order denying the ex parte application. Complaint ¶¶ 173, 177; Meinz Decl., ¶ 11; Ex. I (October 2021 Order Denying Ex Parte Application).

### D. The Parties' Discovery Dispute Regarding Plaintiff's Delay In Arbitration And Obstructing Oracle's Access To Relevant Documents.

After Plaintiff's ex parte application was denied, Oracle continued to seek access to Oracle documents that Plaintiff retained on her personal laptop, which should have been produced in discovery. Until January 2023, Plaintiff continued to delay and refused to produce hundreds of documents retained on her personal laptop that Oracle contends should have been produced in response to its discovery request. Oracle has not been able to complete her deposition and the Arbitrator has not been able to set a hearing due to these circumstances. Meinz Decl., ¶¶ 16-17.

On August 22, 2022, Plaintiff filed her Complaint in this Court and on August 29, 2022, she filed her Motion for Preliminary Injunction. Meinz Decl., ¶ 23. On the same day she filed her Motion for Preliminary Injunction in this Court, she asked the Arbitrator to stay the arbitration pending a decision on her Motion. Judge Baines denied her request for a stay. *Id.*, ¶ 24.

      **E.**      **Plaintiff's Federal Court Complaint Sought to Litigate her Arbitration Claims and Discovery Dispute in Court.**

Plaintiff's Motion for Preliminary Injunction was based on her first claim in the federal court Complaint, which sought a declaration from the Court that she could proceed in this Court rather than in arbitration with all of the state court claims that were pending in the JAMS arbitration. It was the same argument she made in the Santa Clara Superior Court proceedings. Complaint ¶¶ 193-195. Her remaining claims in the Complaint alleged the same state law discrimination, retaliation, failure to produce records, and unfair competition claims that were alleged in her state court complaint, all of which were compelled to arbitration. *See* Complaint ¶¶ 6-145, 196-235. Oracle opposed the Motion for Preliminary Injunction on September 19, 2022. Dkt. No. 21. Based on the frivolousness of her claims, Oracle moved to dismiss the entire federal action on September 26. Dkt. No. 23.

On January 20, 2023, the Court denied Plaintiff's Motion for Preliminary Injunction. *See* Order Denying Motion for Preliminary Injunction (Dkt. No. 44). The Court found that Plaintiff could not show a likelihood of success on the merits because this action was precluded by the Santa Clara Superior Court's October 2021 order ruling on the same issues and denying Plaintiff's motion to enjoin the arbitration. On January 31, 2023, the Court granted Oracle's Motion to Dismiss, recognizing that multiple independent bases supported dismissal. *See* Order Granting Motion to Dismiss (Dkt. No. 47). The Court held that there was no ripe dispute regarding the PIA; this action was precluded by the Superior Court's order denying Plaintiff's motion to enjoin the arbitration; and that Plaintiff's claims were barred by the Anti-Injunction Act, recognizing that injunctions "must be denied when they are sought for impermissible purposes." *Id.* at 9-13, 15. The Court dismissed the entire action, noting that Plaintiff does not "have the option of selecting state court until she loses, and then jumping to federal court in the hopes of finding a more sympathetic forum." *Id.* at 16, n.2.

      **F.**      **Oracle Complied with Rule 11's 21-Day Notice Provision.**

Oracle complied with Rule 11's 21-day notice provision by serving its motion for sanctions on Plaintiff's attorney, Gautam Dutta, on November 16, 2022. *See* Fed. R. Civ. P. 11(c)(2); Meinz

Decl., ¶ 27. Despite ample opportunity to do so, Plaintiff never withdrew her Motion for Preliminary Injunction and even after being admonished at the preliminary injunction hearing, did not dismiss this action. Meinz Decl., ¶ 27.

### III.     ARGUMENT AND AUTHORITIES

#### A.     Legal Standard Governing the Imposition of Sanctions.

Two *independent* bases authorize the Court to impose sanctions on an attorney or a party: (1) when a pleading or motion is presented for an "improper purpose" and (2) when a filing is frivolous, meaning that the claims and other legal contentions are not warranted by existing law or a nonfrivolous argument for changing the current law. Fed. R. Civ. P. 11(b)(1)-(2); *Pack v. Hoge Fenton Jones & Appel, Inc.*, 2013 WL 140027, at *3 (N.D. Cal. Jan. 10, 2013); *see also Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) ("Either . . . ground is sufficient to sustain a sanction[.]"). The standard for both bases is objective; the misconduct is measured against a competent attorney in this district. *Pack*, 2013 WL 140027, at *3. The subjective intent of the pleader is irrelevant and the rule "does not require bad faith or willfulness." *Uziel v. Superior Ct. of Cal. for Cnty. of Los Angeles*, 2020 WL 2528818, at *10 (C.D. Cal. Mar. 23, 2020), *report and recommendation adopted*, 2020 WL 2523108 (C.D. Cal. May 18, 2020).

#### B.     Plaintiff's Complaint and Motion for Preliminary Injunction Were Frivolous.

Plaintiff's Complaint and Motion for a Preliminary Injunction were frivolous. Fed. R. Civ. P. 11(b)(2). "Frivolous" means a filing that is (1) "baseless" and (2) "made without a reasonable and competent inquiry." *Townsend*, 929 F.2d at 1362.

##### 1.     Plaintiff's Complaint and Her Motion for Preliminary Injunction Were Baseless.

A filing is "baseless" when it asserts a claim that is barred under preclusion principles or contains claims or arguments that a court previously rejected. *See Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997); *Mogan v. Sacks, Ricketts & Case LLP*, 2022 WL 119212, at *2 (N.D. Cal. Jan. 12, 2022) (action was frivolous where plaintiff refused to accept other courts' and arbitrators' rulings); *Pack*, 2013 WL 140027, at *3 (asserting already rejected claims deemed frivolous).

The claims and arguments set forth in Plaintiff's Complaint and Motion for Preliminary

Injunction, including Plaintiff's declaratory relief cause of action, were baseless. The Santa Clara Superior Court rejected the same arguments Plaintiff asserted here in seeking to litigate her claims in court rather than arbitration. The Superior Court ordered Plaintiff to arbitrate her non-PAGA state law claims pertaining to her Oracle employment. *See* Meinz Decl., ¶ 4, Ex. C. On October 4, 2021, the Superior Court denied Plaintiff's application for a TRO. *Id.*, ¶ 11, Ex. I. As the Court held in dismissing this action, the order denying Plaintiff's ex parte application to enjoin the arbitration was entitled to preclusive effect under the full faith and credit statute. *See* 28 U.S.C. § 1738; *Se. Res. Recovery Facility Auth. v. Montenay Int'l Corp.*, 973 F.2d 711, 712 (9th Cir. 1992).

Plaintiff's pursuit of claims and arguments rejected by the Superior Court constitutes textbook frivolousness under Rule 11. *See Buster*, 104 F.3d at 1190 (sanctions proper where claims were already litigated in prior action); *Mogan*, 2022 WL 119212, at *2 ("Because these allegations have already been rejected on multiple occasions in state court, a complaint premised on the same allegations is frivolous."); *Uziel*, 2020 WL 2528818, at *9 (imposing sanctions where claims had "been repeatedly rejected by the state courts"); *Pack*, 2013 WL 140027, at *3 (same).

Baselessness is also evidenced by the fact that this action is barred under the Anti-Injunction Act. *See* 28 U.S.C. § 2283. The Ninth Circuit long ago squarely held that a district court has no power to enjoin an arbitration proceeding ordered by a state court. *Empire Blue Cross & Blue Shield v. Janet Greeson's a Place for Us, Inc.*, 985 F.2d 459 (9th Cir. 1993). Consistent with this well-settled precedent, this Court held that the ongoing arbitration is "clearly a state proceeding for purposes of the Act" and recognized that allowing Plaintiff to proceed "would encourage the forum shopping that the Act was designed to prevent . . . ." Order Granting Motion to Dismiss (Dkt. # 47) at 14, 16. Pursuing relief that the Court does not have power to issue constitutes frivolousness under Rule 11. *See, e.g.*, *Schromm, Inc. v. Landscape Contractors*, 790 F.2d 1421, 1427 (9th Cir. 1986).

  **2.** <u>**A Reasonable Attorney Would Not Have Filed This Action or the Motion for Preliminary Injunction.**</u>

The "reasonable inquiry" element asks "whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint [or motion] to be well-founded." *Mogan*, 2022 WL 119212, at *3; *see also Est. of Blue v. Cnty. of Los Angeles*, 120 F.3d

982, 985 (9th Cir. 1997) ("When a reasonable investigation would reveal that a claim is barred . . . Rule 11 sanctions may be imposed").

Plaintiff's attorney ignored established precedent that foreclosed the relief sought in the Complaint and Motion for Preliminary Injunction. As one example, the Court deemed the *Se. Res. Recovery Facility Auth.* case, issued over three decades ago, to be "directly on point" on the issue of preclusion. Order Granting Motion to Dismiss (Dkt. No. 47) at 11. No reasonable attorney would have filed a Complaint and motion that were barred on the multiple grounds described in Oracle's motion to dismiss and on which the Court relied in dismissing the action. *See Est. of Blue*, 120 F.3d at 985; *Mogan*, 2022 WL 119212, at *3. Further, those grounds foreclosed any possibility that Plaintiff was advancing a nonfrivolous argument for changing the current law.

This is not the first time that Plaintiff's attorney has made a frivolous filing in the Northern District. He was the attorney of record in *Malgesini v. Malley* in which Judge Edward Davila imposed a sanction of attorneys' fees under 28 U.S.C. § 1447 (c) against the defendant who, represented by Mr. Dutta, "had no objectively reasonable basis for removal" and "pursue[d] an argument that has already been rejected by the Ninth Circuit[.]" 2022 WL 875634, at *1 (N.D. Cal. Mar. 24, 2022), *aff'd* No. 22-15625, 2023 WL 1281664 (9th Cir. Jan. 31, 2023).

**C.  Plaintiff's Complaint and Motion for a Preliminary Injunction Were Brought for Improper Purposes.**

Sanctions are appropriate for the additional and independent reason that Plaintiff's Complaint and her preliminary injunction motion exemplify each of the improper purposes prohibited by Rule 11(b)(1): harassment, delay, and increased cost to an adversary (and the Court). An "improper purpose" can be "inferred" by, for example, continuing to pursue claims that have been rejected by a state court. *See Uziel*, 2020 WL 2528818, at *9.

It is well-settled in the Ninth Circuit that filing a complaint based on propositions already rejected by another court constitutes harassment under Rule 11. *See Mogan*, 2022 WL 119212, at *3; *Buster*, 104 F.3d at 1190. As discussed above, multiple courts have ordered that Plaintiff arbitrate her claims or refused to grant her the same relief from arbitration that she is seeking here.

This action was Plaintiff's latest effort to improperly delay the arbitration proceeding and

the efficient resolution of her claims, which was originally filed in state court over four years ago. After taking every opportunity to seek to evade arbitration, once in arbitration, the arbitration hearing was canceled twice due to Plaintiff's misconduct. Rather than complying with her obligations to produce requested documents in discovery, she instead filed this federal action seeking to cause further delay. Indeed, Plaintiff relied on this action to request a stay of the arbitration proceeding. *See* Meinz Decl., ¶¶ 7, 18, 24.

The unjustified increased litigation costs to Oracle are indisputable. Oracle has been forced to defend itself in multiple forums—the ongoing arbitration, in the Santa Clara Superior Court, and in the federal action, thereby unnecessarily increasing Oracle's litigation costs significantly.

The improper purpose of this action is also evident based on the extensive pattern of improper and abusive conduct by Plaintiff and her attorney that precedes it. Among many other examples are Plaintiff's downloading and retention of confidential Oracle documents described above, improper deposition conduct during Plaintiff's deposition necessitating the appointment of a discovery referee to supervise her deposition, and the improperly timed production of documents days before the use of such documents in the depositions of Oracle employees. Indeed, the inappropriate conduct of Plaintiff's attorney caused the Arbitrator to remark in one of his orders that based on his "over fifty years' experience in the legal field (including over twenty-two years on the bench, and over fifteen years of conducting arbitration hearings), Claimant's discovery actions to date have been unusually 'over the top' and confrontational." He further noted that "[a]t times, they appear more aimed at annoying opposing counsel than in efficiently obtaining the necessary facts to proceed to hearing." Meinz Decl., ¶ 20, Ex. N. In addition, during a discovery conference, the arbitrator admonished Plaintiff's counsel for his inappropriate and unprofessional conduct in litigation. *Id.*, ¶ 20. The filing of this frivolous federal action was only the latest improper tactic to harass Oracle, cause delay, and increase the cost of litigation. Plaintiff and her attorney should thus be sanctioned.

### D. The Court Should Award Appropriate Sanctions to Deter Plaintiff's Conduct.

Once a violation of Rule 11 is found, district courts have broad discretion to shape the appropriate sanction. In light of "the Rule's central goal [of] deterrence," the most appropriate

sanctions for a Rule 11 violation include "the reasonable attorneys' fees incurred for defense of the action." *Schromm, Inc.*, 790 F.2d at 1427; *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 391 (1990); Fed. R. Civ. P. 11(c)(4).

Plaintiff's and her attorney's initiation of this action and filing of Plaintiff's Motion for Preliminary Injunction unjustifiably forced Oracle to expend significant attorney fees and costs to defend itself that would not have been necessary but for the violations of Rule 11. As of when Oracle's motion for sanctions was served in November 2022, responding to Plaintiff's sanctionable conduct in this federal court action cost Oracle more than $150,000 in attorneys' fees and costs, including in preparing the Motion for Sanctions, opposing Plaintiff's Motion for Preliminary Injunction, preparing its Motion to Dismiss, and other matters related to this federal action. Meinz Decl., ¶ 26. Plaintiff and her attorney should be ordered to immediately reimburse these fees and costs.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff and her attorney should be sanctioned and ordered to pay the attorneys' fees and costs that Oracle has been forced to expend to defend itself in this action.

## V. REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, Oracle requests that the Court take judicial notice of the orders and filings, attached as Exhibits A to I and M to O to the Declaration of Lucky Meinz, from *Haoning Richter v. Oracle America, Inc., et al.*, Case No. 18-cv-337194 (Santa Clara Sup. Ct.), and the associated arbitration and appellate proceedings, many of which the Court already took judicial notice. Judicial notice of such materials is appropriate and warranted. *See, e.g.*, *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("a court may take judicial notice of matters of public record"); *Rachford v. Air Line Pilots Ass'n, Int'l*, 284 F. App'x 473, 475 (9th Cir. 2008) (taking judicial notice of an arbitrator's ruling).

Dated: February 13, 2023          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                  By _____
                                         BRENDAN DOLAN