GAUTAM DUTTA, ESQ. (State Bar No. 199326)
Business, Energy, and Election Law, PC
1017 El Camino Real # 504
Redwood City, CA  94063
Telephone:  415.236.2048; Fax:  213.405.2416
Email:  Dutta@BEELawFirm.com

Attorneys for Plaintiff
HAONING RICHTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAONING RICHTER,<br><br>*Plaintiff*,<br><br>vs.<br><br>ORACLE AMERICA, INC., et al.,<br><br>*Defendants*. | CASE NO. 5:22-cv-04795-BLF<br><br>**PLAINTIFF HAONING RICHTER'S (1) OPPOSITION TO DEFENDANT ORACLE AMERICA, INC.'S MOTION FOR SANCTIONS, AND (2) OBJECTIONS TO DEFENDANT'S MOVING PAPERS; POINTS AND AUTHORITIES**<br><br>Hearing Date:  June 22, 2023, 9 am<br><br>Judge:  Hon. Beth Labson Freeman<br><br>Courtroom:  3 |

POINTS AND AUTHORITIES

**I.     Introduction**

Oracle's fatally defective, time-barred, and baseless Motion for Sanctions must be denied on a number of grounds. To begin with, Oracle failed to comply with Rule 11's safe-harbor provision. Namely, before filing its Motion, Oracle counsel failed to serve a **signed** copy of Oracle's Notice of Motion and Motion. *Alternatively*, Oracle's Motion is time-barred for two reasons: (1) Oracle chose to delay filing its Motion until nearly half a year after Ms. Richter's Complaint and Motion for Preliminary Injunction ("MPI") had been served, and (2) Oracle chose to file its Motion **after** the Court had denied Ms. Richter's MPI and entered judgment in Oracle's favor. *Alternatively*, and finally, Oracle's Motion must be denied on the merits, because the claims raised by Ms. Richter's Complaint and MPI were not frivolous.

**II.    Background**

*Defendant's Unsigned Rule 11 Papers*. FRCP 11(a) requires that a party's lawyer sign "[e]very pleading, *written motion*, or other paper" (italics added). However, the copy of "Defendant Oracle America, Inc.'s Notice of Motion and Motion for Sanctions" (the "Unsigned Motion") that was delivered to Ms. Richter's counsel on Nov. 16, 2022 *was neither signed nor dated*. Dutta Decl. **Exh. 21.** Indeed, the signature blocks of the Unsigned Motion *do not even list the name of **any** lawyer*. Dutta Decl. **Exh. 22,** at 2 & 11. Moreover, the copy of the "Declaration of Lucky Meinz in Support of Defendant Oracle America Inc.'s Motion for Sanctions" (the "Unsigned Declaration") that was delivered to Ms. Richter's counsel on Nov. 16, 2022 *was neither signed nor dated*. Dutta Decl. **Exh. 22,** at PDF p. 10.

*False Representations Made in Oracle's Rule 11 Papers.* Oracle's Rule 11 papers contain troubling misrepresentations of fact. Just as one example, Oracle counsel falsely claimed that "Plaintiff's attorney has been *sanctioned previously*" by a District Court. *See* Moving Papers, at 7:25 (italics added). That claim was *false*. Oracle's Rule 11 papers impugn the good name of Ms. Richter's counsel. In fact, in nearly 25 years of practice, Mr. Dutta has never been sanctioned by *any* court, and he has never been ordered to pay attorney's fees to anyone.

*Furthermore*, Oracle falsely represented that the hearing in the related arbitral proceeding

was "canceled twice due to [Ms. Richter's] misconduct." Moving Papers, at 8:14-8:15.  In fact, the arbitral hearing was continued twice due to *Oracle*'s misconduct.  Dutta Decl. ¶17.

Specifically, on Dec. 14, 2020, the arbitral hearing was continued after Oracle produced a critical document *on the eve of the hearing*.  That document proved that Ms. Richter had been awarded a performance-based bonus and salary increase just days before her employment was terminated.  Nearly one year later (Oct. 11, 2021), the arbitral hearing was again continued – because Oracle had concealed, from Ms. Richter and the arbitrator, the fact that it had located Ms. Richter's Oracle work computer (which had been in Oracle's possession since Nov. 6, 2017).  Oracle was sanctioned for that misconduct.  Dutta Decl. ¶¶18, 19, 88 & **Exh. 16.**

*Ms. Richter's Initial Meet-and-Confer Efforts*.  In the Parties' **Nov. 23, 2022** Joint Case Management Statement (Dkt. 28, at 3), Ms. Richter put Oracle on notice that the Ninth Circuit expressly bars Rule 11 motions where the complaint or motion at issue is not frivolous, irrespective of any claim that the papers were filed for an improper purpose.  In the same document (Dkt. 28, at 3-4), Oracle stated that it would "file its Motion for Sanctions" if Ms. Richter did not "dismiss this action and withdraw her Motion for Preliminary Injunction within 21 days of the service of Oracle's Motion".

Subsequently, on **Nov. 28, 2022,** Oracle lawyer Lowell Ritter sent Mr. Dutta an email.  In that email, he asked Mr. Dutta to "identify with specificity any purported 'false representations'" contained in "Oracle's draft motion for sanctions".  Dutta Decl. **Exh. 24.**

In response, Mr. Dutta sent Mr. Ritter an email on **Nov. 30, 2022.**  In that email, Mr. Dutta showed that (1) Oracle counsel falsely claimed that Mr. Dutta had been "sanctioned previously" by a District Court, and (2) Oracle falsely represented that the hearing in the related arbitral proceeding was "canceled twice due to [Ms. Richter's] misconduct."  Dutta Decl. **Exh. 25.**

*Ms. Richter's Subsequent Meet-and-Confer Efforts.*  On Friday, Feb. 10, 2023, after the Court had ruled on Ms. Richter's MPI and Oracle's motion to dismiss, Oracle stated to the Courtroom Deputy that it would file its Rule 11 papers.  Dutta Decl. ¶29.

In response, Mr. Dutta sent an email to Oracle lawyer Lowell Ritter on Sunday, Feb. 12,

OPPOSITION AND OBJECTIONS

2023. In that email, Ms. Richter put Oracle on notice that Oracle's Rule 11 papers were time-barred as a matter of law. Dutta Decl. **Exh. 25,** at 2.

The next morning (Monday, Feb. 13, 2023), Mr. Ritter emailed a terse response. In his one-sentence response, Mr. Ritter referred to Local Rule 7.8. Dutta Decl. **Exh. 25,** at 2. In a response that same morning, Mr. Dutta reminded Mr. Ritter that Local Rule 7.8(c) expressly mandates that any sanctions motion "*must be made as soon as practicable* after the filing party learns of the circumstances that it alleges makes the motion appropriate." (italics in original). Dutta Decl. **Exh. 25,** at 1. Oracle filed its sanctions motion later that day, at 7:16 and 7:20 pm.

### III. Legal Analysis

A. Oracle Failed to Comply with Rule 11's Safe-Harbor Provision

This Motion must be summarily denied, for Oracle failed to comply with Rule 11's safe-harbor provisions. "An award of sanctions for a violation of … FRCP, Rule 11 is an exceptionally serious matter, and is reserved for those *rare situations* in which a claim or defense is asserted without any evidentiary support or legal basis[.] It is therefore *critical* that a party seeking such extraordinary relief *comply strictly* with all procedural requirements for an award under Rule 11." *In re Quinones*, 543 B.R. 638, 646 (Bankr. N.D. Cal. 2015) (emphases added); *see Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001); *Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998).

FRCP 11 bans a party from filing a sanctions motion, unless (1) that party served a **signed** copy of its motion upon its opponent, and (2) after being served, the opponent was given at least **21 days** to withdraw the challenged pleading or other document. FRCP 11(a) (a "written motion" must be signed); FRCP 11(c) (21-day requirement); *Truesdell v. So. Cal. Perm. Med. Grp.*, 293 F.3d 1146, 1151-52 (9th Cir. 2002) ("…Rule 11 provides for a *mandatory 21 day safe-harbor period* … This period is meant to give litigants an opportunity to remedy any alleged misconduct before sanctions are imposed.") (italics added); *see also Barber*, 146 F.3d at 707-11 (vacating sanctions order because the moving party failed to comply with Rule 11's safe-harbor provision).

Recently, this District's Bankruptcy Court held that a sanctions motion was deficient,

because Rule 11's stringent notice and service requirements were not met.  In so doing, the Bankruptcy Court noted that "its conclusion on this point is *not mere technical pettifogging.  It is precisely because the sanctions for violations of [bankruptcy court's Rule 11 equivalent] can be so severe that the procedural requirements are both stringent and mandatory*." *Quinones*, 543 B.R. at 647 (italics added) (*quoting Radcliffe*, 254 F.3d at 789).

Here, the copy of "Defendant Oracle America, Inc.'s Notice of Motion and Motion for Sanctions" (the "Unsigned Motion") that was delivered to Ms. Richter's counsel on Nov. 16, 2022 was *neither signed nor dated*.  Indeed, the signature blocks of the Unsigned Motion do not even list the name of *any* lawyer. Dutta Decl. **Exh. 22,** at 2 & 11.  Similarly, the copy of Oracle lawyer Lucky Meinz's Declaration (the "Unsigned Declaration") that was delivered to Ms. Richter's counsel on Nov. 16, 2022 was neither signed nor dated.  Dutta Decl. **Exh. 22,** at PDF p. 10.  Because Oracle failed to serve a *signed* copy of its sanctions motion at least 21 days before **Feb. 13, 2023** (when its Motion was *filed*), it failed to comply with Rules 11(a) and 11(c).  Accordingly, Oracle's Motion must be summarily denied.

### B. Oracle's Motion Is Time-Barred

*Alternatively*, Oracle's Motion is time-barred for two reasons:  (1) Oracle chose to delay filing its Motion until nearly half a year after Ms. Richter's Complaint and MPI had been served, and (2) Oracle filed its Motion *after* the Court had entered judgment in Oracle's favor.

*Time Bar Due to Half-Year Delay*.  Oracle's Motion is time-barred, because Oracle chose to delay filing its Motion until nearly half a year after Ms. Richter's Complaint and MPI had been served.  As this District's Bankruptcy Court has noted, "courts have required that motions under Rule 11 be brought ***promptly*** *after the identification of the allegedly wrongful conduct*.  Such prompt action is necessary to achieve the prophylactic purpose of Rule 11 – the prevention of wasteful litigation practices and the deterring of future bad conduct." *Quinones*, 543 B.R. at 648 (emphases added) (*citing Islamic Shura Council of So. Cal. v. FBI*, 757 F.3d 870, 873 (9th Cir. 2014) & *Matter of Yagman*, 796 F.2d 1165, 1183 (9th Cir. 1986)).

*Accord*, *In re Waldrop*, 2017 Bankr. Lexis 3720, at *17 (Bankr. W.D. Okla. Oct. 25,

2017) ("If Bruce truly believed that the Law Firm's conduct was so abusive and vexatious to warrant service of the safe harbor letters … he should have pursued [a Rule 11] motion *shortly after* the expiration of the *twenty-one (21) day safe harbor*[.]  Instead, Bruce elected to wait and spend *additional time and money*[.]" (italics added); *MGA Entm't, Inc. v. Nat'l Prods. Ltd.*, 2012 WL 4052023, at *5 (C.D. Cal. Sept. 14, 2012) (motion untimely where defendants did not move for sanctions until more than six months after plaintiff's allegedly improper conduct).  Indeed, Local Rule 7-8(c) *mandates* that any sanctions motion "must be made *as soon as practicable* after the filing party learns of the circumstances that it alleges make the motion appropriate" (italics added).

    Here, Ms. Richter's Complaint in this action was filed on Aug. 22, 2022, and it was personally served on Oracle on Aug. 29, 2022; Ms. Richter's MPI was filed and served on Aug. 29, 2022.  However, Oracle waited until Feb. 13, 2023 – nearly half a year later – before filing its sanctions motion.  Due to this unreasonable – and deliberate – delay, the Motion is time-barred.

    *Time Bar Due to Adjudication of MPI and Entry of Judgment*.  Oracle's Motion is also time-barred, because it was filed after the Court had denied Ms. Richter's MPI and entered judgment in Oracle's favor.  "[C]ourts look *with disfavor* on Rule 11 motions brought at the conclusion of a matter."  *Quinones*, 543 B.R. at 648 (italics added) (sanctions motion untimely because it was filed after bankruptcy matter had concluded).  "[T]he primary purpose of sanctions, which is to *deter subsequent abuses*, is *not served* by tolerating abuses during the course of an action and then punishing the offender *after the trial is at an end*." *Id.* at 648 (italics added, internal quotation marks omitted) (*quoting Yagman*, 796 F.2d at 1183).

    "The Ninth Circuit has consistently found that a party may not *serve* a Rule 11 motion for sanctions on an opposing party after the Court resolved the offending motion or claim.  *Hamilton v. Yavapai Cmty. Coll. Dist.*, 2018 U.S. Dist. Lexis 215845, at *4-*5 (D. Ariz. Dec. 20, 2018) (italics in original) (*citing Shura Council*, 757 F.3d at 873; *Barber*, 146 F.3d at 710).  "And the Second, Fourth, and Eleventh Circuits have held that a court may not issue sanctions unless the motion is *filed* before the Court has resolved the underlying claim."  *Hamilton*, 2018 U.S. Dist.

Lexis at *5 (italics in original) (*citing In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008); *Brickwood Contractors, Inc. v. Datanet Eng'g Inc.*, 369 F.3d 385, 389-90 (4th Cir. 2004) (en banc)*; In re Pennie & Edmonds LLP*, 323 F.3d 86, 89, nn. 1-2 (2d Cir. 2003)).

Invoking *Shura Council* (757 F.3d 870), courts in this Circuit have roundly held that Rule 11 sanctions cannot be *filed* after the court has resolved the underlying claim. *E.g.*, *Quinones*, 543 B.R. at 648; *Grant v. Bostwick*, 2016 U.S. Dist. Lexis 96078, at *18 (S.D. Cal. July 21, 2016) (sanctions motion filed after the underlying dispute giving rise to the challenged filing had been resolved); *In re Conagra Foods, Inc. v. Conagra Foods, Inc.*, 2019 U.S. Dist. Lexis 228676, at *6-*7 (C.D. Cal. Dec. 18, 2019) (same); *CFPB v. Howard*, 2018 WL 4846920, at *3 (C.D. Cal. Mar. 22, 2018) (same); *Natural-Immunogenics Corp. v. Newport Trial Grp.*, 2016 U.S. Dist. Lexis 197855, at *3-*4 (C.D. Cal. June 16, 2016) (same); *Silaev v. Swiss-America Trading Corp.*, 2017 U.S. Dist. Lexis 12364, at *5-*6 (D. Ariz. Jan. 30, 2017) (sanctions motion filed after summary judgment granted); *see also Waldrop*, 2017 Bankr. Lexis 3720, at *15-*18 (same).

As courts have noted, allowing a sanctions motion to be filed after the underlying dispute has been resolved "would *defeat* [Rule 11's] explicit requirements". *Hamilton*, 2018 U.S. Dist. Lexis 215845, at *5 (italics added). Indeed, "a rule 11 motion cannot be made unless there is some paper, claim, or contention that *can be withdrawn*." *Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir. 1997) (italics added). As this District's Bankruptcy Court has noted, to rule otherwise would convert Rule 11 "from a powerful tool for deterrence of abusive litigation to a *mere fee-shifting statute*, a transformation that the language of the statute *disclaims* and the cases interpreting Rule 11 *condemn*." *Quinones*, 543 B.R. at 648 (italics added) (*citing U.S. ex rel. Leno v. Summit Const. Co.*, 892 F.2d 788, 791 n.4 (9th Cir. 1989)); *accord*, *May Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d. Cir. 1988) (Rule 11 "*must not be used as an automatic penalty against an attorney or a party advocating the losing side of a dispute.*") (italics added); *cf.* FRCP 11(c)(5)(A) (a party may not be monetarily sanctioned for its counsel's legal contentions).

Here, the Court denied Ms. Richter's MPI on Jan. 20, 2023, and entered judgment in Oracle's favor on Jan. 31, 2023. Oracle did not file its Motion until Feb. 13, 2023. "There is *no*

*excuse* for such delay; and, more fundamentally, there is *no longer any conduct to be corrected.*" *Quinones*, 543 B.R. at 648 (italics added). Because Oracle filed its Motion after Ms. Richter's MPI was denied and after judgment was entered, its Motion is time-barred *a fortiori*.

    C.  <u>Oracle's Motion Fails on the Merits</u>

*Alternatively*, Oracle's Motion must be denied on the merits, for the claims raised by Ms. Richter's Complaint and MPI were not frivolous. The Ninth Circuit bars Rule 11 motions where the complaint or motion at issue is not frivolous, irrespective of any claim that the papers were filed for an improper purpose. *Townsend v. Holman*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc) (complaint); *U.S. v. Stringfellow*, 911 F.2d 225, 226 & n.1 (9th Cir. 1990) (motion).

"Rule 11 sets a *low bar*: It deters baseless filings by requiring a reasonable inquiry that there is some plausible basis for the theories alleged. When there is a plausible basis, *even a very weak one*, supporting the litigant's position, imposition of Civil Rule 11 sanctions is *inappropriate*." *Strom v. United States,* 641 F.3d 1051, 1059 (9th Cir. 2011) (italics added). "Because the rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories, Rule 11 sanctions are reserved for the *exceptional circumstance*." *Lima v. Deutsche Bank Nat'l Trust Co.*, 687 Fed. Appx. 606, 609 (9th Cir. 2017) (italics added).

"[T]o constitute a frivolous legal position for purposes of Rule 11 sanction, it must be clear under existing precedents that there is *no chance of success and no reasonable argument* to extend, modify or reverse the law as it stands." *Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 167 (2d Cir. 1999) (italics added). "The simple fact that an attorney's legal theory *failed to persuade the district court* does not demonstrate that counsel lacked the requisite good faith in attempting to advance the law." *Operating Eng. Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988) (italics added).

Here, Oracle claimed that Ms. Richter's Complaint and MPI were frivolous on three purported grounds: (1) this Court purportedly lacked jurisdiction under the *Rooker-Feldman* doctrine, (2) Ms. Richter was purportedly barred from bringing her claims to this Court under the doctrine of preclusion, and (3) Ms. Richter was purportedly barred from bringing her claims to

- 8 -           OPPOSITION AND OBJECTIONS

this Court under the Anti-Injunction Act. Each of Oracle's claims fail.

*First*, it is beyond dispute that Oracle's claim is baseless with respect to the *Rooker-Feldman* doctrine – because the Court *agreed with* Ms. Richter's legal analysis. Namely, the Court held that the *Rooker-Feldman* doctrine did not bar it from exercising jurisdiction. Order granting Motion to Dismiss ("MTD Order", Dkt. 47), at 7-9; Order denying MPI, at 5-7 (Dkt. 44).

*Second*, although the Court disagreed with Ms. Richter's legal analysis with respect to preclusion, the Court "acknowledg[ed]" its conclusion regarding that issue was "a close call" (MTD Order, at 13:21). Ms. Richter argued that claim preclusion did not apply for two reasons. Specifically, Ms. Richter's Opposition (Dkt. 26, at 25) provided authority supporting her claim that the state court's TRO order did not have preclusive effect under California law: *Thomas v. Quintero*, 126 Cal.App.4th 635, 652, 664 n.21 (Cal.Ct.App. 2005).

Furthermore, as Ms. Richter showed (Dkt. 26, at 25-26), courts in this Circuit have held that, under California law, "a decision on a motion to compel arbitration is *not a final judgment* on the merits that gives rise to collateral estoppel." *Lotsoff v. Wells Fargo Bank, N.A.*, 2019 U.S. Dist. Lexis 169373, at *11 (S.D. Cal. Sept. 30, 2019) (italics added) (*quoting Pearson v. P.F. Chang's China Bistro, Inc.*, 2015 U.S. Dist. Lexis 184157, at *12 n.4 (S.D. Cal. Feb. 23, 2015)).

*Third*, although the Court disagreed with her analysis of the Anti-Injunction Act, Ms. Richter had ample basis to argue that the "aid in jurisdiction" exception to the Anti-Injunction Act should apply under *Lou v. Belzberg*, 834 F.2d 730, 740 (9th Cir. 1987). In *Ocean Thermal Energy Corp. v. Coe*, the Central District of California explained the "aid in jurisdiction" exception would apply, if a plaintiff showed that the state-court action would resolve a significant portion of the claims that had been brought to the federal court. 2020 WL 7414745, at *5 (C.D. Cal. Nov. 16, 2020). In *Flanagan v. Arnaiz*, the Ninth Circuit held that the "aid in jurisdiction" exception applied where the defendants had filed a parallel state-court action in "an entirely unjustified attempt … to *evade their own agreement* … to submit disputes and enforcement proceedings regarding their settlement to the federal district court." 143 F.3d 540, 546 (9th Cir. 1998).

Thus, Ms. Richter had ample basis to argue that not enjoining the Arbitral Proceeding

would "seriously impair [this] [C]ourt's flexibility and authority to decide" the claims raised in this action – because it would (1) enable Oracle to "evade [its] own agreement", and (2) enable the arbitrator to resolve a significant portion of the claims Ms. Richter had brought to this Court. *See Belzberg*, 834 F.2d at 740; *Flanagan*, 143 F.3d at 546; *Ocean*, 2020 WL 7414745, at *5.

Finally, although the Ninth Circuit does not consider improper purpose for its Rule 11 analysis of complaints and motions (*Townsend*, 929 F.2d at 1362 & *Stringfellow*, 911 F.2d at 226 & n.1), Ms. Richter's filing of either document did not reflect any improper purpose. As the Ninth Circuit has noted, the "frivolous and improper purpose prongs of Rule 11 overlap, and 'evidence bearing on *frivolousness* will often be *highly probative of purpose*.'" *In re Grantham Bros.*, 922 F.2d 1438, 1443 (9th Cir. 1991) (italics added). Here, none of Ms. Richter's claims were frivolous; and Ms. Richter filed her Complaint and MPI to vindicate her asserted right, under Oracle's Proprietary Information Agreement, to transfer her claims to this Court. Therefore, no improper purpose can be shown as a matter of law. *Id.* at 1443.

Because there was *more than* a "plausible basis for the theories alleged" in her Complaint and MPI, Ms. Richter's claims were not frivolous as a matter of law – and there was no legal basis for Oracle to file any sanctions motion. *Strom,* 641 F.3d at 1059.

**IV. Objections**

Ms. Richter objects to the following, improper evidence proffered by Oracle:

Oracle's Request for Judicial Notice failed to provide (1) a list of the documents for which judicial notice is sought, (2) the purpose for which the documents are offered, or (3) the specific fact or facts for which judicial notice is requested. Therefore, the entire RJN must be summarily denied. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1000 (9th Cir. 2018).

Ms. Richter objects to the entirety of Meinz Declaration (Dkt. 50) **lines 8-11 of Page 3, Paragraphs 12 through 27, and Exhibits J, K, and L, M, N, O, and P,** for they were proffered for the improper purpose of describing purported discovery abuses in the Arbitral Proceeding. *GRiD Systems Corp. v. John Fluke Mfg. Co., Inc.*, 41 F.3d 1318, 1319 (9th Cir. 1994) (federal sanctions only reach conduct that occurred in federal court); *Jackson v. Law Firm of O'Hara,*

*Ruberg, Osborne Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989) (Rule 11 "relates to *papers* filed *in court* by an attorney, not to questionable attorney conduct in general.") (italics added); *Yagman*, 796 F.2d at 1187 (discovery abuses cannot be sanctioned under Rule 11).

## V.     Conclusion

Oracle filed its sanctions motion against Ms. Richter and her counsel, even though it (1) failed to comply with Rule 11's safe-harbor provision, (2) was apprised that its motion was time-barred and contained grave misrepresentations of fact, and (3) had no legal basis to invoke Rule 11. Ms. Richter's counsel (a solo practitioner) was forced to burn midnight oil to defend his client and his own good name. One can only conclude that Oracle and its counsel (who, without providing *any* actual, contemporaneous billing records, seek $152,028,60 in attorney's fees [Meinz Decl., at 9-10]) filed their sanctions motion for an improper purpose: to vex, harass, and intimidate Ms. Richter and her counsel. *Cf. Zynga v. Erkan,* 2010 WL 3463630, at *2 (N.D. Cal. Aug. 31, 2010) (attorney's fees denied because no actual billing records were provided).

Simply put, Oracle and its counsel had no basis *whatsoever* to file their fatally defective, time-barred, and baseless Motion. Therefore, the Court must (a) deny Oracle's Motion, and (b) issue an Order to Show Cause as to why all appropriate Rule 11 sanctions (both monetary and non-monetary) should not be imposed on Oracle and its counsel.

DATED:  Mar. 10, 2023

                                           BUSINESS, ENERGY, AND ELECTION LAW, PC


                                           By: /s/ Gautam Dutta
                                                GAUTAM DUTTA, ESQ.
                                         Attorneys for Plaintiff
                                         HAONING RICHTER