SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
BRENDAN DOLAN, Cal. Bar No. 126732
LUCKY MEINZ, Cal. Bar No. 260632
LOWELL B. RITTER, Cal. Bar No. 317738
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E-mails:    bdolan@sheppardmullin.com
             lmeinz@sheppardmullin.com
             lritter@sheppardmullin.com

Attorneys for Defendant Oracle America, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| HAONING RICHTER,<br><br>        Plaintiff,<br><br>  v.<br><br>ORACLE AMERICA, INC., et al.,<br><br>        Defendants. | Case No. 5:22-cv-04795-BLF<br><br>Hon. Beth Labson Freeman<br><br>**DEFENDANT ORACLE AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS**<br><br>Date:    June 22, 2023<br>Time:    9:00 a.m.<br>Crtrm:    3<br>Action Filed: August 22, 2022 |

**TABLE OF CONTENTS**

Page

I.   ARGUMENT ..................................................................................................................1

  A.   Plaintiff and Her Attorney Filed A Frivolous Complaint and Motion For Improper Purposes, Justifying Sanctions. ...................................................................1

  B.   Oracle's Motion For Sanctions Is Timely. ................................................................2

  C.   Oracle Complied with Rule 11's Safe Harbor Provision. .........................................4

  D.   The Court Should Grant Oracle's Request for Judicial Notice and Reject Plaintiff's Meritless Evidentiary Objections. ............................................................5

II.  CONCLUSION ...............................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

<u>Federal Cases</u>

*Buster v. Greisen*
    104 F.3d 1186 (9th Cir. 1997) ............................................................................................. 1, 2

*Cmty. Elec. Serv. of Los Angeles, Inc. v. Nat'l Elec.*
    *Contractors Ass'n, Inc.*,
    869 F.2d 1235 (9th Cir. 1989) ................................................................................................. 3

*Consumer Fin. Prot. Bureau v. Howard*
    2018 WL 4846920 (C.D. Cal. Mar. 22, 2018) ........................................................................ 4

*Cooter & Gell v. Hartmarx Corp.*
    496 U.S. 384 (1990) ................................................................................................................ 3

*Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*
    649 F.3d 539 (7th Cir. 2011) ................................................................................................... 3

*MGA Ent., Inc. v. Nat'l Prod. Ltd.*
    2012 WL 4052023 (C.D. Cal. Sept. 14, 2012) ........................................................................ 4

*Mogan v. Sacks, Ricketts & Case LLP*
    2022 WL 119212 (N.D. Cal. Jan. 12, 2022) ....................................................................... 1, 2

*Pack v. Hoge Fenton Jones & Appel, Inc.*
    2013 WL 140027 (N.D. Cal. Jan. 10, 2013) ........................................................................... 1

*In re Quinones*
    543 B.R. 638 (Bankr. N.D. Cal. 2015) .................................................................................... 4

*Rosco v. Transunion, LLC*
    2018 WL 1692937 (E.D. Wash. Jan. 8, 2018),
    *aff'd* 2020 WL 1846976 (9th Cir. Apr. 13, 2020) .................................................................. 3

*Se. Res. Recovery Facility Auth. v. Montenay Int'l Corp.*
    973 F.2d 711 (9th Cir. 1992) ................................................................................................... 1

*Townsend v. Holman Consulting Corp.*,
    914 F.2d 1136 (9th Cir. 1990) ................................................................................................. 3

*Townsend v. Holman Consulting Corp.*
    929 F.2d 1358 (9th Cir. 1990) ................................................................................................. 2

*Uziel v. Sup. Ct.*
    2020 WL 2528818 (C.D. Cal. Mar. 23, 2020) ..................................................................... 1, 2

Federal: Statutes, Rules, Regulations, Constitutional Provisions

Federal Rule of Civil Procedures
    Rule 11 ................................................................................................................. 2, 3, 4, 5

State: Statutes, Rules, Regulations, Constitutional Provisions

Civil Local Rules
    Rule 7-8(d) ................................................................................................................. 2, 5

## I. ARGUMENT

### A. Plaintiff and Her Attorney Filed A Frivolous Complaint and Motion For Improper Purposes, Justifying Sanctions.

Plaintiff and her attorney should be sanctioned for filing this action, which was predicated on arguments that the Santa Clara Superior Court rejected almost a year earlier, and which sought to stop an ongoing arbitration in the midst of the fallout from Plaintiff's admission that she improperly downloaded and retained thousands of confidential Oracle documents following her termination for violations of Oracle's expense policy. In the Court's words, "the bottom line . . . is that this is forum shopping;" Plaintiff "lost [the] motion for a TRO before the state court judge," and does not "get a second bite at the apple here." *See* Hearing Transcript at 4:7-19 (Dkt. No. 43).

Ignoring these circumstances, Plaintiff's Opposition does little to refute, or even address, the frivolousness that arose from basing her Complaint and Motion for Preliminary Injunction on claims and arguments that the Superior Court already rejected. *See Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997) (action barred by res judicata and collateral estoppel deemed frivolous); *Mogan v. Sacks, Ricketts & Case LLP*, 2022 WL 119212, at *2 (N.D. Cal. Jan. 12, 2022) (action frivolous where plaintiff refused to accept other courts' and arbitrators' rulings); *Pack v. Hoge Fenton Jones & Appel, Inc.*, 2013 WL 140027, at *3 (N.D. Cal. Jan. 10, 2013) (asserting already rejected claims deemed frivolous); *Uziel v. Sup. Ct.*, 2020 WL 2528818, at *10 (C.D. Cal. Mar. 23, 2020) (imposing sanctions where claims had "been repeatedly rejected by the state courts").

Instead, Plaintiff repeats the same underlying arguments that the Court previously rejected in denying her Motion for Preliminary Injunction and granting Oracle's Motion to Dismiss. She argues that a decision on a motion to compel arbitration is not a final judgment on the merits that gives rise to collateral estoppel. Opp. at 9. The Court rejected that argument, finding the three decades old *Se. Res. Recovery Facility Auth. v. Montenay Int'l Corp.*, 973 F.2d 711 (9th Cir. 1992) case to be "directly on point." Order Granting Motion to Dismiss (Dkt. No. 47) ("Order") at 11. Plaintiff argues that she "provided authority supporting her claim that the state court's TRO order did not have preclusive effect under California law." Opp. at 9. But that authority, the Court held, did not "stand[] for the proposition that Richter assert[ed]." Order at 12. The Court rejected

Plaintiff's argument, relying "again" on *Southeast Resource Recovery Facility Authority* in which "a party made a similar argument" and the "Ninth Circuit disagreed." *See id.* at 13. Plaintiff argues that she had "ample basis" to argue that the "aid in jurisdiction" exception to the Anti-Injunction Act should apply. Opp. at 9. The Court rejected that argument too, finding that the exception did not apply and that Plaintiff was seeking an injunction for an impermissible purpose. Order at 15 ("The Court determines that is exactly what is happening here."). Had Plaintiff and her attorney conducted a "reasonable and competent inquiry"—as is required to defeat "frivolousness"—that inquiry would have led them to the authorities and conclusions that resulted in dismissal. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).

Plaintiff all but concedes that the Complaint and Motion were brought for improper purposes by solely arguing that they were not frivolous. She mischaracterizes Circuit authority by contending that courts do "not consider improper purpose." Opp. at 10. As the authority she cites recognizes, the "'improper purpose' and 'frivolousness' inquiries are separate and distinct," even if they "often overlap." *Townsend*, 929 F.2d at 1362. Plaintiff's Complaint and motion were frivolous.

They were also brought to cause "harassment, delay, and increased cost," as described in Oracle's moving sanctions papers. An "improper purpose" can be "inferred" by continuing to pursue claims that have been rejected by a state court, which is precisely what occurred here. *See Uziel*, 2020 WL 2528818, at *9. Filing a complaint based on propositions already rejected by another court constitutes "harassment." *See Mogan*, 2022 WL 119212, at *3; *Buster*, 104 F.3d at 1190. Plaintiff's federal action has undoubtedly delayed the JAMS arbitration proceeding, which Plaintiff sought to stay based on this action. *See* Meinz Decl., ¶ 24. Finally, she does not even attempt to dispute the significantly increased cost to Oracle, which is undeniable.

### B. Oracle's Motion For Sanctions Is Timely.

Plaintiff is wrong that Oracle's Motion for Sanctions is untimely. There is neither any bar to filing a motion for sanctions after the merits of the underlying motion is decided, nor any prohibition on filing a motion for sanctions after judgment. In the Northern District, a motion for sanctions may be filed up to 14 days after entry of judgment. Civil L.R. 7-8(d). Beyond that requirement, the "timeliness of the Rule 11 motion rests within the judge's discretion," which

depends on the circumstances of the matter.  *Cmty. Elec. Serv. of Los Angeles, Inc. v. Nat'l Elec. Contractors Ass'n, Inc.*, 869 F.2d 1235, 1242 (9th Cir. 1989), *abrogated on other grounds by Townsend v. Holman Consulting Corp.*, 914 F.2d 1136 (9th Cir. 1990).  Motions for sanctions can be granted "after the principal suit has been terminated" because it is a ruling on a "collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).  Courts can and do grant motions for sanctions after granting motions to dismiss.  *See, e.g.*, *Cmty. Elec. Serv. of Los Angeles, Inc.*, 869 F.2d at 1242*; Rosco v. Transunion, LLC*, 2018 WL 1692937, at *2 (E.D. Wash. Jan. 8, 2018), *aff'd* 2020 WL 1846976 (9th Cir. Apr. 13, 2020) (motion for sanctions filed after court granted motion to dismiss was timely); *see also* Fed. R. Civ. P. 11(c)(2), 1983 and 1993 Advisory Committee Notes (explaining that timeliness is considered "on a case-by-case basis" and that motions pertaining to the pleadings "normally will be determined at the end of the litigation," whereas with motions, "at the time when the motion is decided or shortly thereafter").

Oracle served its sanctions motion well before the Court ruled on any motion.  This timing afforded Plaintiff and her attorney ample opportunity to dismiss the action and withdraw Plaintiff's injunction motion, but they failed to do so.  The "21–day window specified in Rule 11 is a floor, not a ceiling," so the fact that Plaintiff and her attorney "had much more 'safe harbor' time before the Rule 11 motion was filed only underscores the fact that [they] had sufficient opportunity to decide whether to dismiss" the suit and withdraw the motion.  *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 649 F.3d 539, 552 (7th Cir. 2011).

Filing the motion earlier would have made no difference because Plaintiff and her attorney were—and are—undeterred by the possibility of sanctions despite ample notice of their improper Complaint and motion.  Oracle's counsel asked Plaintiff to dismiss the action and withdraw her preliminary injunction motion when it served its sanctions motion in November 2022.  Meinz Decl. ¶ 27, Ex. R.  In the Joint Case Management Statement, Oracle again reiterated its intent to seek sanctions.  Joint Case Management Statement (Dkt. No. 28) at 8-9.  Rather than dismiss her action and withdraw her motion, which would have precluded any sanctions motion, Plaintiff doubled down, threatening to seek sanctions if Oracle were to file its sanctions motion.  *Id*. at 9.  She also

attempted to condition her participation in a mediation on Oracle's agreeing not to file its motion for sanctions. *Id.* at p. 11. Remaining undeterred, Plaintiff's attorney again threatened to seek sanctions against Oracle later in November. Dutta Decl., Ex. 25. Even in the face of the Court's concerns regarding forum shopping raised at the January 5, 2023 hearing on Plaintiff's motion, she still did not seek to withdraw it or dismiss the action. Even after the Court dismissed this action, in February 2023, Plaintiff's position had not changed, as her attorney again threatened to seek sanctions against Oracle. *Id*. As such, Plaintiff's argument that Oracle should have purportedly filed its motion sooner to prevent wasteful litigation and deter "future bad conduct" rings hollow. Opp. at 5.

Plaintiff's cited authorities allegedly in support of her argument that Oracle's sanctions motion is untimely are inapposite. They arose in distinct circumstances or are otherwise distinguishable. *See, e.g.*, Opp. at 6 (citing authorities for the proposition that a motion for sanctions cannot be **served** after the court resolves the motion or enters judgment); *MGA Ent., Inc. v. Nat'l Prod. Ltd.*, 2012 WL 4052023, at *5 (C.D. Cal. Sept. 14, 2012) (addressing discovery sanctions under Rule 37, but not Rule 11); *In re Quinones*, 543 B.R. 638, 648–49 (Bankr. N.D. Cal. 2015) (considering timeliness of sanctions motion filed a year and a half after assertion of violation of Bankruptcy Court rule); *Consumer Fin. Prot. Bureau v. Howard*, 2018 WL 4846920, at *3 (C.D. Cal. Mar. 22, 2018) (party sought to impose sanctions for conduct that occurred in a different case).

Plaintiff disregards the unique procedural posture of this case, which involves her pursuing litigation against Oracle in state court, arbitration, and then federal court on grounds that were previously rejected by the state court. Her federal court action exemplifies forum shopping conduct that should be penalized. Imposing sanctions here would deter Plaintiff from seeking out yet another forum or avenue in which to attempt to assert her baseless claims that were previously rejected.

Even if the Court were persuaded that Oracle's Motion should have been filed earlier, the Court should sanction Plaintiff and her attorney on its own initiative. *See* Fed. R. Civ. P. 11(c)(3).

**C.     Oracle Complied with Rule 11's Safe Harbor Provision.**

Oracle complied with Rule 11's safe harbor provision by serving its motion on November 16, 2022, more than 21 days before it filed it. *See* Fed. R. Civ. P. 11(c)(2). Plaintiff does

not dispute that Oracle served its motion, but spuriously contends that Oracle did not comply with Rule 11 because the motion was not signed. There is no requirement that the motion that is served be signed, and Plaintiff cites none. Rule 11(a)'s requirement that every "pleading, written motion, and other paper" be signed refers to documents *filed* with the court. Moreover, in the Northern District, even documents that are filed with the court need not be signed. Civil L.R. 5-1(h) (filing by an ECF user "shall function as the Signatory's signature **. . . for purposes of Rule 11 of the Federal Rules of Civil Procedure**. . . ."). Oracle served its motion, putting Plaintiff and her attorney on notice of Oracle's intent to seek sanctions, and thus fulfilled Rule 11's requirements.

### D. The Court Should Grant Oracle's Request for Judicial Notice and Reject Plaintiff's Meritless Evidentiary Objections.

Oracle's request for judicial notice should be granted, as the Court previously took judicial notice of many of the same documents and rejected Plaintiff's similar objections. *See* Order Denying Motion for Preliminary Injunction (Dkt. No. 44) at 4; Order Granting Motion to Dismiss (Dkt. No. 47) at 4. Furthermore, Plaintiff's meritless evidentiary objections should be rejected. Oracle does not seek to impose sanctions for any of Plaintiff's improper discovery conduct that occurred in arbitration; rather, Oracle refers to such misconduct by Plaintiff and her attorney to provide the Court appropriate context of their improper litigation tactics, which culminated in them filing this improper federal action.

## II. CONCLUSION

For all of the reasons discussed above and all of the reasons set forth in its Motion, Oracle's Motion for Sanctions should be granted.

Dated:  March 17, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Brendan Dolan
BRENDAN DOLAN

Attorneys for Defendant
ORACLE AMERICA, INC.