United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HAONING RICHTER,<br><br>Plaintiff,<br><br>v.<br><br>ORACLE AMERICA, INC.,<br><br>Defendant. | Case No. 22-cv-04795-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE MOTION FOR SANCTIONS**<br><br>[Re: ECF No. 49] |

Defendant Oracle America, Inc. ("Oracle") seeks sanctions in the amount of $152,067.07 against Plaintiff and her counsel under Federal Rule of Civil Procedure 11. *See* Fed. R. Civ. P. 11. The Court previously vacated the hearing on the motion, finding it suitable for submission without oral argument. *See* ECF No. 57; Civ. L.R. 7-1(b). For the reasons discussed below, the motion for sanctions is GRANTED IN PART and DENIED IN PART.

**I.  BACKGROUND**

The background of this case was laid out in detail in the Court's Orders denying the preliminary injunction and granting the motion to dismiss. *See Richter v. Oracle Am., Inc.*, No. 22-cv-04795-BLF, 2023 WL 350405 (N.D. Cal. Jan. 20, 2023) ("PI Order"); *Richter v. Oracle Am., Inc.*, No. 22-cv-04795-BLF, 2023 WL 1420722 (N.D. Cal. Jan. 31, 2023) ("MTD Order"). The Court will provide an abbreviated version here.

Plaintiff filed suit against Oracle on October 29, 2018 in Santa Clara County Superior Court. ECF No. 1 ("Compl.") ¶ 147. The state court determined that Richter was bound by an arbitration agreement and, on May 3, 2019, it transferred all claims except those brought under the Private Attorney General Act to a JAMS arbitral proceeding. *Id.* ¶¶ 148-150, Ex. C ("Arbitration Agreement). On August 22, 2022, Plaintiff filed her Complaint in this case in federal court. *See*

1  Compl. The first cause of action is for declaratory relief seeking "a judicial declaration that
2  [Richter] has the contractual right to litigate, in this Court, (a) the legal issue of whether or not she
3  can be held liable under the PIA, and (b) all of her pending legal claims in the Arbitral Proceeding.
4  *Id.* ¶¶ 193-195. The remaining causes of action are all identical to causes of action brought by
5  Plaintiff in her state court action. *See id.* ¶¶ 196-235.

6  On August 29, 2022, Plaintiff filed a motion for preliminary injunction ("PI Motion").
7  ECF No. 14. On September 26, 2022, Defendant filed a motion to dismiss. ECF No. 23. On
8  January 20, 2023, the Court issued an Order denying the motion for preliminary injunction. *See* PI
9  Order. On January 31, 2023, the Court issued an Order granting the motion to dismiss. *See* MTD
10 Order. The Court entered Judgment of Dismissal in the case the same day. ECF No. 48.

11 On November 16, 2022, Oracle's notice of Rule 11 motion was delivered to Plaintiff's
12 counsel. Declaration of Gautam Dutta, ECF No. 55-1 ("Dutta Decl.") ¶¶ 3-9, Exs. 22-23. On
13 February 13, 2023, Defendant filed the instant motion for sanctions. ECF No. 49 ("Mot."); *see*
14 *also* ECF No. 56 ("Reply"). Plaintiff opposes the motion. ECF No. 55 ("Opp.").

15 **II.    REQUEST FOR JUDICIAL NOTICE AND EVIDENTIARY OBJECTIONS**

16 Oracle seeks judicial notice of Exhibits A-I and M-O to the Declaration of Lucky Meinz,
17 all of which are documents from the state court and arbitration proceedings between these parties.
18 Mot. at 10; Declaration of Lucky Meinz, ECF No. 50 ("Meinz Decl."); *see Haoning Richter v.*
19 *Oracle America, Inc., et al.*, Case No. 18-cv-337194 (Santa Clara Superior Court). Plaintiff
20 opposes the request. *See* Opp. at 10.

21 Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public
22 record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). A
23 court may not take judicial notice of a fact that is "subject to reasonable dispute." Fed. R. Evid.
24 201(b). Public records, including judgments and other court documents, are proper subjects of
25 judicial notice. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Rulings in
26 an arbitration are also proper subjects of judicial notice. *See Rachford v. Air Line Pilots Ass'n,*
27 *Int'l*, 284 F. App'x 473, 475 (9th Cir. 2008). Richter opposes the request on the basis that Oracle
28 failed to provide a list of the documents or identify the purpose for which the documents are

1 offered or the facts for which judicial notice is requested. Opp. at 10. Richter previously referred
2 to many of these documents in her Complaint and briefing on the PI Motion.

Defendant requests judicial notice of filings and orders in proceedings involving the parties in state court and arbitration, which are properly subject to judicial notice. *See* Mot. at 10. The Court GRANTS Defendant's Request for Judicial Notice.

Plaintiff also objects to certain portions of the Meinz Declaration on the basis that they were proffered for the improper purpose of describing the purported discovery abuses in the arbitral proceeding. Opp. at 10-11. The Court OVERRULES the objection, and it will give these documents the weight they deserve.

## III. LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure imposes upon attorneys a duty to certify that they have read any pleadings or motions they file with the court and that such pleadings/motions are well-grounded in fact, have a colorable basis in law, and are not filed for an improper purpose. *See* Fed. R. Civ. P. 11(b); *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 541–542 (1991). If a court finds that Rule 11(b) has been violated, the court may impose appropriate sanctions to deter similar conduct. Fed. R. Civ. P. 11(c)(1); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("[T]he central purpose of Rule 11 is to deter baseless filings in district court."). However, "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Rule 11 sanctions should be reserved for the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id.* at 1344. "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." *Id.* In determining whether Rule 11 has been violated, a "court must consider factual questions regarding the nature of the attorney's prefiling inquiry and the factual basis of the pleading." *Cooter*, 496 U.S. at 399. However, courts should "avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11 Advisory Comm.

3

Notes (1983 Amendment). "[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter*, 496 U.S. at 396.

In the Ninth Circuit, Rule 11 sanctions are appropriate where: (1) attorneys make or use a court filing for an improper purpose; or (2) such a filing is frivolous. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc); *see also Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). A "frivolous" argument or claim is one that is "both baseless and made without a reasonable and competent inquiry." *Townsend*, 929 F.2d at 1362.

**IV.     DISCUSSION**

Defendant moves for sanctions on the basis that the Complaint and PI Motion were frivolous and filed for an improper purpose. *See* Mot. at 6-10. Plaintiff argues that Defendant failed to comply with Rule 11's safe harbor provision, that the motion was not timely, and that the motion fails on the merits because the Complaint and PI Motion were neither frivolous nor made for an improper purpose. Opp. at 4-10.

**A.     Safe Harbor Provision**

Plaintiff first argues that Oracle did not comply with the safe-harbor provisions of Rule 11. Opp. at 4-5. "Rule 11 provides for a mandatory 21 day safe-harbor period before a motion for sanctions is filed with the court." *Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1151 (9th Cir. 2002). The prospective movant must serve the allegedly offending party with a motion as notice that it plans to seek sanctions. *Id.* If the allegedly offending party has not withdrawn the filing after 21 days, then the movant may file the motion with the court. *Id.* "This period is meant to give litigants an opportunity to remedy any alleged misconduct before sanctions are imposed." *Id.*

Defendant sent a copy of its motion to Plaintiff's counsel on November 16, 2022. Dutta Decl. ¶¶ 3-9, Exs. 22-23. Defendant then filed a copy of the motion with the Court on February 13, 2023. ECF No. 49. Plaintiff argues that Oracle did not comply with the safe-harbor requirement because the copy of the motion that was sent to Plaintiff's counsel on November 16,

4

2022 was unsigned, and Oracle did not serve a *signed* copy of its sanctions motion on Plaintiff's counsel prior to filing the sanctions motion with the Court. Opp. at 4-5.

Rule 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name." Fed. R. Civ. P. 11(a). As Oracle argues, this requirement applies to documents that are filed with the Court. *See* Reply at 5. There is no requirement that the copy that is served on the allegedly offending party for purposes of the safe-harbor requirement be signed. Therefore, Oracle properly complied with Rule 11's safe-harbor provision by sending a copy of the motion to Plaintiff's counsel on November, 16, 2022, as this was more than 21 days before the motion was filed with the Court.

### B.     Timeliness

Plaintiff next argues that the motion for sanctions was not timely because Oracle filed its motion nearly half a year after the Complaint and PI Motion were served and Oracle filed its motion after the Court had entered judgment. Opp. at 5-8.

First, the Court declines to find that the motion is time-barred on the basis that it was filed nearly half a year after the Complaint and PI Motion were served. The Civil Local Rules for the Northern District of California state that a motion for sanctions "must be made as soon as practicable after the filing party learns of the circumstances that it alleges makes the motion appropriate." Civ. L.R. 7-8(c). They also provide that "[u]nless otherwise ordered by the Court, no motion for sanctions may be served and filed more than 14 days after entry of Judgment by the District Court." Civ. L.R. 7-8(d). "The timeliness of the Rule 11 motion rests within the judge's discretion." *Cmty. Elec. Serv. of Los Angeles, Inc. v. Nat'l Elec. Contractors Ass'n, Inc.*, 869 F.2d 1235, 1242 (9th Cir. 1989), *abrogated on other grounds by Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1990). And "[t]he optimum timing of sanctions to further the deterrence aspect of Rule 11 depends on the circumstances." *Id.* (citing *In re Yagman*, 796 F.2d 1165, 1184 (9th Cir. 1986)). The Advisory Committee Notes state: "The time when sanctions are to be imposed rests in the discretion of the trial judge. However, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter."

5

1   Fed. R. Civ. P. 11 Advisory Comm. Notes (1983 Amendment).  Here, the Complaint was filed on
2   August 22, 2022, and the PI Motion was filed on August 29, 2022.  ECF Nos. 1, 14.  The Court
3   issued the PI Order on January 20, 2023, and the Court issued the MTD Order on January 31,
4   2023.  *See* PI Order; MTD Order.  The Court entered Judgment of Dismissal on January 31, 2023.
5   ECF No. 48.  The motion was filed on February 13, 2023.  ECF No. 49.  The Court determines the
6   motion was timely.

7   As to Plaintiff's second argument, at issue here is whether a motion for sanctions that is
8   *served* before the dispute is resolved but *filed* after the dispute is resolved is timely.  And the Court
9   determines that it is.  The Ninth Circuit addressed the timeliness of a Rule 11 sanctions motion in
10  *Islamic Shura Council of Southern California v. FBI*.  757 F.3d 870 (9th Cir. 2014).  The Ninth
11  Circuit stated that it agreed with Defendant "that the sanctions order must be reversed because
12  Shura Council served its motion after the district court decided the merits of the underlying
13  dispute."  *Id.* at 872.  The Ninth Circuit discussed Rule 11's safe harbor provision, and it explained
14  that "[m]otions for Rule 11 attorney's fees cannot be served after the district court has decided the
15  merits of the underlying dispute giving rise to the questionable filing . . . because once the court
16  has decided the underlying dispute, the motion for fees cannot serve Rule 11's purpose of judicial
17  economy."  *Id.* at 873.  Therefore, this decision makes clear that a motion that is served on the
18  allegedly offending party after the merits of the underlying dispute is not timely.  The Ninth
19  Circuit does make some statements focused on the timing of the motion's filing as opposed to
20  service.  For example, it states:  "What Shura Council fails to observe, however, is that the district
21  court had already resolved the underlying dispute at the time Shura Council *filed* its motion for
22  sanctions."  *Id.* (emphasis added).  Similarly, it stated that the plaintiff "*moved* for sanctions on
23  September 26, 2011, long after the district court had ruled" on the merits.  *Id.* (emphasis added).
24  But the Ninth Circuit's holding was ultimately that a motion for Rule 11 sanctions must be *served*
25  on the allegedly offending party prior to the Court's ruling on the underlying dispute.  *Id.*; *see also*
26  *Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998).  The Court determines that the decision in
27  *Islamic Shura Council* requires only that the motion be served prior to the Court's decision on the
28  underlying dispute.  *See Hamilton v. Yavapai Cmty. Coll. Dist.*, No. CV-12-08193-PCT-GMS,

6

2018 WL 6696906, at *1 (D. Ariz. Dec. 20, 2018) ("The Ninth Circuit has consistently found that a party may not *serve* a Rule 11 motion for sanctions on an opposing party after the Court resolved the offending motion or claim." (emphasis in original)). Therefore, the motion is not untimely on the basis that it was filed with the Court after the Court entered Judgment in the case.

### C. Merits

The Court now turns to the merits of the motion. As stated above, in the Ninth Circuit, Rule 11 sanctions are appropriate where: (1) attorneys make or use a court filing for an improper purpose; or (2) such a filing is frivolous. *See Townsend*, 929 F.2d at 1362. A "frivolous" argument or claim is one that is "both baseless and made without a reasonable and competent inquiry." *Id.* Oracle argues that the Complaint and PI Motion were both frivolous and made for an improper purpose. Mot. at 6-9.

#### 1. Frivolous

Oracle first argues that the Complaint and PI Motion were frivolous because they were baseless and because a reasonable attorney would not have filed them. Mot. at 6-8. Plaintiff retorts that the Complaint and PI Motion were not baseless. Opp. at 8-10.

Oracle asserts that the Complaint and PI Motion were baseless because they raised claims and arguments that had already been rejected by the superior court and because the action was barred under the Anti-Injunction Act. Mot. at 7. The Court agrees. The Court has significant discretion in determining whether Rule 11 sanctions shall be applied. *See Cooter*, 496 U.S. at 405. Plaintiff elected the state court forum under the terms of the employment contract. As the Court explained in the MTD Order, Plaintiff twice sought to enjoin the arbitration in that state court action. *Richter*, 2023 WL 1420722, at *1. The second time that Plaintiff sought to enjoin the state court arbitration, she raised the same arguments that she raised here. *Id.* at 6-8. Disappointed by that result, she filed this federal court case. Nowhere in the contract was Plaintiff afforded two bites at the apple. The Ninth Circuit has recognized that cases are frivolous when they are filed despite being barred by preclusion, and a reasonable and competent inquiry would have led to this conclusion. *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997) (collecting cases). In upholding the district court's decision that a case was frivolous on this basis, the Ninth Circuit

7

1  noted that the action at issue "involves the same parties and the same 'transactional nucleus of
2  fact' as the prior suit and it seeks to relitigate issues that were conclusively resolved in the prior
3  suit." *Id.* The same is true here. The instant federal court action involves the same parties as the
4  state court proceeding, and the Complaint and PI Motion involved the same "nucleus of fact" as
5  the state court proceeding. Plaintiff was seeking to relitigate issues that had already been decided
6  by the state court. The Court determines that counsel could have reached this conclusion with a
7  reasonable and competent inquiry. Further, counsel should have known, with a reasonable and
8  competent inquiry, that Plaintiff could not relitigate the issue of whether the arbitration should be
9  enjoined because the requested federal court injunction was barred by the Anti-Injunction Act. *Cf.*
10 *Huettig & Schromm, Inc. v. Landscape Contractors Council of N. Cal.*, 790 F.2d 1421, 1427 (9th
11 Cir. 1986) ("As experienced labor lawyers, counsel certainly must have known that they could not
12 relitigate the issue of whether H & S was bound by the collective bargaining agreement. This was
13 foreclosed by the decision of the NLRB which was confirmed by this court."). As the Court
14 recognized in the MTD Order, the Anti-Injunction Act case law makes clear that "[i]njunctions
15 must be denied when they are sought for impermissible purposes, such as 'an attempt to seek
16 appellant review of a state decision in the federal district court.'" *Flanagan v. Arnaiz*, 143 F.3d
17 540, 545 (9th Cir. 1998) (quoting *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*,
18 398 U.S. 281, 293 (1970)). With a reasonable and competent inquiry, Plaintiff's counsel should
19 have known that it could not relitigate the injunction in federal court. The Court agrees that the
20 Complaint and PI Motion were frivolous.

### 2. Improper Purpose

22 Oracle also argues that the Complaint and PI Motion were filed for improper purposes,
23 including harassment, delay, and increased cost to an adversary. Mot. at 8-9. The Court again
24 agrees. "Harassment under Rule 11 focuses upon the improper purpose of the signer, objectively
25 tested, rather than the consequences of the signer's act, subjectively viewed by the signer's
26 opponent." *Zaldivar*, 780 F.2d at 832. The Ninth Circuit has held that "successive complaints
27 based upon propositions of law previously rejected may constitute harassment under Rule 11." *Id.*
28 "For a claim of harassment to be sustained on the basis of successive filings, there must exist an

8

1  identity of parties involved in the successive claim, and a clear indication that the proposition

2  urged in the repeat claim was resolved in the earlier one." *Id.* at 834.  Several district courts in this

3  Circuit have found improper purpose where a party sought to relitigate in federal court issues that

4  had already been decided in state court.  *See Uziel v. Sup. Ct. of Cal. for Cnty. of Los Angeles*, No.

5  CV 19-1458-DSF (JEM), 2020 WL 2528818, at *10-11 (C.D. Cal. Mar. 23, 2020) ("Plaintiff's

6  continued pursuit of baseless claims in two different forums constitutes harassment under Rule

7  11(b)(1), and Plaintiff should be sanctioned to deter him from further abusing the legal process.");

8  *Mogan v. Sacks, Ricketts & Case LLP*, 2022 WL 119212, at *3 (N.D. Cal. Jan. 12, 2022) (finding

9  an improper purpose where the plaintiff "attempted to relitigate numerous prior cases").  The

10 Court here can infer an improper purpose on the basis that Plaintiff seeks to relitigate issues

11 decided in state court.  Therefore, sanctions are also warranted on the basis on improper purpose.

### D. Amount of Sanctions

Once the Court finds that sanctions are warranted, it must select an appropriate sanction. The Ninth Circuit has upheld sanctions in "the amount of the reasonable attorneys' fees incurred for the defense of the action." *Huettig*, 790 F.2d at 1427.  Defendant requests $152,067.07 in fees. *See* Meinz Decl. ¶ 26.  Plaintiff notes that Defendant does not provide any contemporaneous billing records.  Opp. at 11.  The Court cannot determine the *reasonable* amount of attorneys' fees without more specific billing records.  The request for $152,067.07 in fees as sanctions is DENIED.  This denial is WITHOUT PREJUDICE to refiling a further motion that includes additional support for the amount of fees requested.  Defendant must submit more specific billing records indicating the time for each task performed, as well as declarations from attorneys indicating the reasonableness of their requested rates.

//
//
//
//
//
//

9

V.   **ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the motion for sanctions is GRANTED IN PART and DENIED IN PART WTIHOUT PREJDUICE to refiling a request for attorneys' fees with sufficient documentation.

Dated:  June 15, 2023

*[signature]*
BETH LABSON FREEMAN
United States District Judge