UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HAONING RICHTER,<br><br>  Plaintiff,<br><br>v.<br><br>ORACLE AMERICA, INC.,<br><br>  Defendant. | Case No. 22-cv-04795-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF No. 69] |

Before the Court is Plaintiff Haoning Richter's Administrative Motion to File Under Seal two declarations in support of her Opposition to Defendant Oracle America, Inc.'s Motion for Attorneys' Fees. ECF No. 69. For the reasons stated below, the motion is GRANTED as it pertains to the paragraphs of the declarations identified below.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that

1    warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

2    alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5

3    requires the moving party to provide "evidentiary support from declarations where necessary."

4    Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable

5    material." Civ. L.R. 79-5(c)(3).

## II. DISCUSSION

This Court follows numerous other district courts within the Ninth Circuit in concluding that the good cause standard applies to motions to seal documents relating to a motion for attorneys' fees. *See, e.g., In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *33 (N.D. Cal. Aug. 17, 2018) (applying good cause standard because issues in attorneys' fees motion were only tangentially related to the merits of the case); *MacDonald v. Ford Motor Co.*, No. 13-CV-02988-JST, 2016 WL 7826647, at *2 (N.D. Cal. Mar. 7, 2016) (same); *TVIIM, LLC v. McAfee, Inc.*, No. 13-CV-04545-HSG, 2015 WL 5116721, at *2 (N.D. Cal. Aug. 28, 2015) (applying good cause standard "[b]ecause Defendant's motion for attorneys' fees and costs is a nondispositive motion.").

Plaintiff requests to file under seal the declarations in support of her Opposition because they contain personal financial information. ECF No. 69 at 3.  Although Plaintiff's motion identifies portions of the declarations that are sealable, ECF No. 69 at 3–4, Plaintiff's motion, the supporting declaration, and its proposed order request that the Court seal the declarations, rather than portions of the declarations. ECF Nos. 69 at 4, 69-1 ¶ 1, 69-2.  The Court presumes that the request is to seal only the portions of the declarations identified in the table on pages 3 and 4 of Plaintiff's motion. ECF No. 69 at 3–4.

District courts within the Ninth Circuit have found that a party's legitimate interest in ensuring the privacy of personal information outweighs the public's interest in access to court filings. *See Activision Publ'g, Inc. v. EngineOwning UG*, No. CV 2:22-cv-00051-MWF (JCx), 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) ("[C]ompelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."); *Gomo v. NetApp, Inc.*, No. 17-CV-02990-BLF, 2019 WL 1170775, at *3

2

(N.D. Cal. Mar. 13, 2019) (finding compelling reasons to seal exhibits containing details regarding "NetApp's compensation structure and personal information about NetApp executives and their spouses"); *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (finding compelling reasons to seal home addresses and financial account information). Such information is therefore sealable under the "less exacting" good cause standard. *See Ctr. for Auto Safety*, 809 F.3d at 1097.

The Court finds good cause to seal Plaintiff's declarations. The protection of personal financial information will protect the declarants' privacy interests and protect them from harm. The Court also finds that, construed as a request to seal only the identified paragraphs, Plaintiff's request is narrowly tailored.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 69-3 | Declaration of Gautam Dutta | Paragraphs 3–5 | GRANTED, as containing confidential personal financial information, the disclosure of which would cause harm. |
| 69-4 | Declaration of Haoning Richter | Paragraphs 4–7 | GRANTED, as containing confidential personal financial information, the disclosure of which would cause harm. |

### III. ORDER

For the foregoing reasons, the Court hereby GRANTS Plaintiff's motion to file under seal, ECF No. 69, with respect to the paragraphs identified above. Plaintiff is directed to file redacted versions of the declarations on the public docket no later than September 6, 2023.

Dated: August 30, 2023

BETH LABSON FREEMAN
United States District Judge