1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

7

8

9

10

11

HAONING RICHTER,

        Plaintiff,

    v.

ORACLE AMERICA, INC.,

        Defendant.

Case No.  22-cv-04795-BLF

**ORDER DENYING MOTION TO ALTER JUDGMENT AND GRANTING IN PART MOTION FOR ATTORNEYS' FEES**

[Re:  ECF No. 60, 61]

12

United States District Court
Northern District of California

13     Before the Court are Plaintiff Haoning Richter's Motion to Alter Judgment (ECF No. 60)

14 and Defendant Oracle America, Inc.'s Motion for Attorneys' Fees (ECF No. 61).  The Court

15 previously vacated the hearing on both motions, finding them suitable for submission without oral

16 argument.  *See* ECF No. 83; Civ. L.R. 7-1(b).  For the reasons discussed below, Richter's motion

17 is DENIED and Oracle's motion is GRANTED IN PART and DENIED IN PART.

18     **I.     BACKGROUND**

19     The background of this case was laid out in detail in the Court's Orders denying the

20 preliminary injunction and granting the motion to dismiss.  *See Richter v. Oracle Am., Inc.*, No.

21 22-cv-04795-BLF, 2023 WL 350405 (N.D. Cal. Jan. 20, 2023) ("PI Order"); *Richter v. Oracle*

22 *Am., Inc.*, No. 22-cv-04795-BLF, 2023 WL 1420722 (N.D. Cal. Jan. 31, 2023) ("MTD Order").

23 The Court will provide an abbreviated version here.

24     Richter filed suit against Oracle on October 29, 2018 in Santa Clara County Superior

25 Court.  ECF No. 1 ("Compl.") ¶ 147.  The state court determined that Richter was bound by an

26 arbitration agreement and, on May 3, 2019, it transferred all claims except those brought under the

27 Private Attorney General Act to a JAMS arbitral proceeding.  *Id.* ¶¶ 148–50, Ex. C ("Arbitration

28 Agreement").  On August 22, 2022, Richter filed her Complaint in this case in federal court.  *See*

United States District Court
Northern District of California

1   Compl.  The first cause of action is for declaratory relief seeking "a judicial declaration that

2   [Richter] has the contractual right to litigate, in this Court, (a) the legal issue of whether or not she

3   can be held liable under the [Proprietary Information Agreement ("PIA")], and (b) all of her

4   pending legal claims in the Arbitral Proceeding. *Id.* ¶¶ 193–95.  The remaining causes of action

5   are all identical to causes of action brought by Richter in her state court action.  *See id.* ¶¶ 196–

6   235.  On August 29, 2022, Richter filed a motion for preliminary injunction ("PI Motion").  ECF

7   No. 14.  On September 26, 2022, Oracle filed a motion to dismiss.  ECF No. 23.  On January 20,

8   2023, the Court issued an Order denying the motion for preliminary injunction.  *See* PI Order.  On

9   January 31, 2023, the Court issued an Order granting the motion to dismiss.  *See* MTD Order.  The

10   Court entered Judgment of Dismissal in the case the same day.  ECF No. 48.

11        On November 16, 2022, Oracle's notice of Rule 11 motion was delivered to Richter's

12   counsel.  ECF No. 55-1 ("Dutta Decl.") ¶¶ 3–9, Exs. 22–23.  On February 13, 2023, Oracle filed a

13   motion for sanctions.  ECF No. 49.  On June 15, 2023, the Court granted in part and denied in part

14   Oracle's motion for sanctions.  *Richter v. Oracle Am., Inc.*, No. 22-CV-04795-BLF, 2023 WL

15   4053793 (N.D. Cal. June 15, 2023) ("Sanctions Order").  The Court concluded that Richter's

16   Complaint and PI Motion were frivolous and filed for an improper purpose but denied without

17   prejudice Oracle's request for reasonable attorneys' fees because Oracle failed to provide

18   contemporaneous billing records.  *Id.* at *4–5.

19   **II.    EVIDENTIARY OBJECTIONS**

20        Richter objects to references in the reply brief to "discovery in the arbitration proceeding"

21   and to the Meinz Declaration (ECF No. 77) ("Meinz Reply Decl."), which was filed in support of

22   Oracle's reply brief on its motion for attorneys' fees.  ECF No. 78.  Richter argues that this

23   evidence is improper reply evidence that could have been presented in Oracle's opening brief and

24   that the evidence is irrelevant.  *Id.* at 1–2.

25        In general, "[n]ew evidence submitted as part of a reply is improper because it does not

26   allow the defendant an adequate opportunity to respond." *Stiner v. Brookdale Senior Living, Inc.*,

27   No. 17-CV-03962-HSG, 2023 WL 2722294, at *14 (N.D. Cal. Mar. 30, 2023).  However,

28   "[e]vidence submitted in direct response to evidence raised in the opposition . . . is not 'new.'" *In*

2

1    *re ConAgra Foods, Inc.*, 90 F.Supp.3d 919, 955 (C.D. Cal. 2015).  In this case, the Meinz Reply

2    Declaration and references to discovery in the arbitration proceeding in Oracle's reply brief were

3    offered in response to Richter's arguments that Oracle's evidentiary misconduct in arbitration

4    caused Richter to bring this lawsuit and that the Rule 11 motion could have been heard on January

5    5, 2023.  Because this evidence is responsive to Richter's opposition brief, it is neither improper

6    nor irrelevant, and the Court OVERRULES Richter's objections.

**III.   LEGAL STANDARD**

**A.   Altering or Amending the Judgment and Relief from a Judgment**

9    Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend

10   judgment within 28 days after entry of the judgment.  *See* Fed. R. Civ. P. 59(e).  The Ninth Circuit

11   has identified "four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such

12   motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if

13   such motion is necessary to present newly discovered or previously unavailable evidence; (3) if

14   such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an

15   intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir.

16   2011).

17   "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the

18   rule offers an extraordinary remedy, to be used sparingly in the interests of finality and

19   conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bisho*p, 229 F.3d 877, 890 (9th

20   Cir. 2000) (internal quotation marks and citation omitted).  Rule 59(e) relief "should not be

21   granted, absent highly unusual circumstances, unless the district court is presented with newly

22   discovered evidence, committed clear error, or if there is an intervening change in the controlling

23   law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  "A Rule 59(e)

24   motion may not be used to raise arguments or present evidence for the first time when they could

25   reasonably have been raised earlier in the litigation." *See Kona*, 229 F.3d at 890 (emphasis in

26   original).

27   Federal Rule of Civil Procedure 60(b), provides for reconsideration where one or more of

28   the following is shown:  "(1) mistake, surprise, or excusable neglect; (2) newly discovered

United States District Court
Northern District of California

1    evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or

2    (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d

3    1437, 1442 (9th Cir. 1991); *see also* Fed. R. Civ. P. 60(b).  Mere dissatisfaction with the Court's

4    order, or belief that the Court is wrong in its decision, are not grounds for relief under Rule 60(b).

5    *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981); *Beckway v.*

6    *DeShong*, No. C07-5072 TEH, 2012 WL 1355744, at *2 (N.D. Cal. Apr. 18, 2012).

7    **B.    Attorneys' Fees**

8         Sanctions pursuant to Federal Rule of Civil Procedure 11 "if imposed on motion and

9    warranted for effective deterrence, [may include] an order directing payment to the movant of part

10   or all of the reasonable attorney's fees and other expenses directly resulting from the violation."

11   Fed. R. Civ. P. 11(c)(4).  "In a case like this, where the original complaint is the improper

12   pleading, all attorney fees reasonably incurred in defending against the claims asserted in the

13   complaint form the proper basis for sanctions."  *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993);

14   *see also Huettig & Schromm, Inc. v. Landscape Contractors Council of N. California*, 790 F.2d

15   1421, 1427 (9th Cir. 1986) (affirming an award of "reasonable attorneys' fees incurred for the

16   defense of the action").

17        In the context of fee-shifting statutes, the Supreme Court has said that there is "a 'strong

18   presumption' that the lodestar represents the 'reasonable' fee."  *City of Burlington v. Dague*, 505

19   U.S. 557, 562 (1992) (citation omitted); *see also Mogan*, 2022 WL 1458518, at *1 (applying the

20   lodestar method to a sanction of reasonable attorneys' fees under Rule 11); *Uziel*, 2021 WL

21   5830040, at *5 (same).  Ascertaining what constitutes a "reasonable" fee requires determining "the

22   number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

23   *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986).  "This

24   calculation provides an objective basis on which to make an initial estimate of the value of a

25   lawyer's services."  *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

26        "In determining a reasonable hourly rate, the district court should be guided by the rate

27   prevailing in the community for similar work performed by attorneys of comparable skill,

28   experience, and reputation."  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir.

United States District Court
Northern District of California

1    1986), *amended on other grounds by* 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenso*n, 465

2    U.S. 886, 895 n.11 (1984)).

3          In determining a reasonable amount of time spent, the Court should only award fees based

4    on "the number of hours reasonably expended on the litigation" and exclude "hours that are

5    excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433–34. "There is no

6    precise rule or formula for making these determinations." *Id.* at 436. "The court necessarily has

7    discretion in making this equitable judgment." *Id.* at 437.

8          The party seeking fees bears the initial burden of establishing the hours expended litigating

9    the case and must provide detailed time records documenting the tasks completed and the amount

10   of time spent. *Hensley*, 461 U.S. at 434; *Welch v. Met. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th

11   Cir. 2007). "Where the documentation of hours is inadequate, the district court may reduce the

12   award accordingly." *Hensley*, 461 U.S. at 433. The district court may also exclude any hours that

13   are excessive, redundant, or otherwise unnecessary. *Id.* at 434. However, the party seeking fees

14   need not provide comprehensive documentation to prevail. *Id.* at 437 & n.12.

15   **IV.    DISCUSSION**

16         **A.    Plaintiff Haoning Richter's Motion to Alter Judgment (ECF No. 60)**

17                **i.    Rule 59(e)**

18         Richter argues that the Court may only consider whether her claims are frivolous because

19   the Ninth Circuit bars Rule 11 motions where the complaint or motion is not frivolous. ECF No.

20   60 ("Richter Mot.") at 5, 9. Richter next argues that the Court clearly erred in concluding that her

21   Complaint and PI Motion were frivolous because she had a plausible basis to assert that her claims

22   were not precluded. *Id.* at 6–7. In particular, she argues that her claims were not decided by the

23   state court, state court temporary restraining order ("TRO") rulings are not on the merits, decisions

24   on motions to compel arbitration are not final judgment on the merits because she can seek a direct

25   appeal, and that the state court only denied a TRO, so she was not precluded from seeking a

26   preliminary injunction in federal court. *Id.* at 7–8. Richter also states that her argument that the

27   Anti-Injunction Act did not apply was supported by evidence. *Id.* at 8–9. Finally, Richter argues

28   that her attorney, Gautam Dutta, has a good reputation in the community. *Id.* at 9–10.

United States District Court
Northern District of California

United States District Court
Northern District of California

1          Oracle responds that Richter's claims were frivolous because they were filed without a

2     competent inquiry into whether her claims were barred by preclusion principles, because a

3     competent inquiry would have revealed "directly on point" binding precedent.  ECF No. 66

4     ("Oracle Opp.") at 6–7.  Next, Oracle argues that Richter does not identify clear error regarding

5     her Anti-Injunction Act argument and instead rehashes arguments and case law that the Court

6     rejected in its MTD Order.  *Id.* at 7–8.  Oracle also argues that the Court's Sanctions Order

7     properly considered improper purpose and that Dutta's reputation is irrelevant to this motion.  *Id.*

8     at 8–9.

9          In the Ninth Circuit, Rule 11 sanctions are appropriate where:  (1) attorneys make or use a

10    court filing for an improper purpose; or (2) such a filing is frivolous.  *See Townsend v. Holman*

11    *Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc).  "Although the 'improper

12    purpose' and frivolousness' inquiries are separate and distinct, they will often overlap since

13    evidence bearing on frivolousness or non-frivolousness will often be highly probative of purpose."

14    *Id.*  The Ninth Circuit has acknowledged that complaints that initiate actions are not filed for an

15    improper purpose if they are non-frivolous.  *Id.* (discussing *Zaldivar v. City of Los Angeles*, 780

16    F.2d 823, 829 (9th Cir. 1986), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*,

17    496 U.S. 384 (1990)).  Richter argues that the Ninth Circuit does not consider improper purpose

18    where filings are not frivolous, Richter Mot. at 5, 9, but the Court need not consider this argument

19    because, as stated below, Richter's Complaint and PI Motion were frivolous.  Several courts in the

20    Ninth Circuit have found that filings seeking to relitigate in federal court issues that have already

21    been decided in state court were frivolous *and* filed for an improper purpose.  *See, e.g.*, *Mogan v.*

22    *Sacks, Ricketts & Case LLP*, No. 21-CV-08431-TSH, 2022 WL 119212, at *3 (N.D. Cal. Jan. 12,

23    2022); *Uziel v. Superior Ct. of California for Cnty. of Los Angeles*, No. CV 19-1458-DSF (JEM),

24    2020 WL 2528818, at *10–11 (C.D. Cal. Mar. 23, 2020).

25         The Court further finds that it did not commit clear error in determining that Richter's

26    Complaint and PI Motion were frivolous.  The Ninth Circuit has recognized that cases are

27    frivolous when they are filed despite being barred by preclusion, and a reasonable and competent

28    inquiry would have led to this conclusion.  *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)

1    (collecting cases).  Richter's motion ignores the context of the state court litigation.  As discussed

2    in detail in the MTD Order, Richter elected to file her employment case in state court under the

3    terms of her employment agreement.  MTD Order at *1–3.  Oracle successfully obtained an order

4    compelling arbitration, which Richter appealed to the California Court of Appeal and California

5    Supreme Court and lost.  This case proceeded in arbitration for years until Richter sought a TRO

6    in the state court action enjoining arbitration on the grounds that a separate employment agreement

7    had been implicated in a discovery dispute in the arbitration proceedings.  The state court denied

8    the TRO, thus maintaining its order compelling arbitration.  Richter then filed this action in federal

9    court seeking to undo the order compelling arbitration.  As the Court has explained in the MTD

10   Order and the Sanctions Order, Richter's claims were barred by collateral estoppel because her

11   Complaint and PI Motion involve the same parties as the state court action, Richter sought to

12   relitigate issues that were necessarily decided in her state court action, and the state court's order

13   compelling arbitration was a final order for purposes of collateral estoppel.  MTD Order at *6

14   (finding that the three elements of collateral estoppel under California law are satisfied) (citing *Se.*

15   *Res. Recovery Facility Auth. v. Montenay Int'l Corp.*, 973 F.2d 711, 712–13 (9th Cir. 1992)).

16        Richter's arguments to the contrary are unavailing.  First, as noted above, the Court found

17   that Richter's claims were necessarily decided by the state court when it issued its order

18   compelling arbitration and maintained that order by denying a TRO.  Second, Richter's argument

19   that TRO rulings are not on the merits relies on inapposite case law.  As the Court discussed in

20   detail in its MTD Order, *Thomas v. Quintero* addressed whether the grant of a TRO reflected

21   whether there was a probability that the enjoining party would prevail for purposes of a special

22   motion to strike under California's Anti-SLAPP statute, not whether a TRO has a preclusive

23   effect.[1]  *See* MTD Order at *7 (discussing *Thomas v. Quintero*, 126 Cal. App. 4th 635 (2005)).

24   Even if Richter were correct, her argument ignores the fact that her PI Motion in federal court was

25

26   [1] The cases discussed in Richter's Statement of Recent Decision also do not address the issue here.
     *See* ECF No. 84.  Richter points the Court to *Zambito v. Martino*, a decision from the California
27   Court of Appeal, arguing that it cites favorably *Upland Police Officers Assn. v. City of Upland*,
     111 Cal. App. 4th 1294 (2003).  *See* --- Cal.App.5th ---, No. D080846 (Cal. Ct. App. Oct. 18,
28   2023).  Neither *Zambito* nor *Upland* address the preclusive effect of a decision on a TRO seeking
     to enjoin arbitration.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    actually a direct attack on the state court order compelling arbitration.  The Ninth Circuit has held

2    that an attempt to enjoin arbitration is "simply a defense to a petition to compel arbitration" and

3    "is always treated as if the court were ruling on a petition to compel arbitration."  *Se. Res.*

4    *Recovery Facility*, 973 F.2d at 713.  Because the Ninth Circuit has also held that an order

5    compelling arbitration is a final order for purposes of res judicata, it follows that the state court's

6    order compelling arbitration and its order denying a TRO are final orders.  *See id.* at 713–14.  For

7    that reason, Richter's third argument, that a motion to compel arbitration is not a final order must

8    also be rejected.  Fourth, although Richter argues that her PI Motion in federal court was the

9    equivalent of bringing a preliminary injunction motion in state court after her state court motion

10   for a TRO was denied without prejudice, she cites no authority for this comparison and the Court

11   finds it contrary to the principles of preclusion, which prohibit federal courts from reexamining

12   state court orders.

13           In addition, Richter's Complaint and PI Motion were frivolous because her claims were

14   barred by the Anti-Injunction Act.  Richter argues that her position—that the "aid in jurisdiction"

15   exception should apply—was based on case law, but that position was not based on a reasonable

16   or competent inquiry into that case law.  As the Court recognized in the MTD Order, the Anti-

17   Injunction Act case law makes clear that "[i]njunctions must be denied when they are sought for

18   impermissible purposes, such as 'an attempt to seek appell[ate] review of a state decision in the

19   federal district court.'"  *Flanagan v. Arnaiz*, 143 F.3d 540, 545 (9th Cir. 1998) (quoting *Atl. Coast*

20   *Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 293 (1970)).  Here, Richter's

21   counsel should have known that she could not relitigate the state court order compelling

22   arbitration.

23           Finally, even assuming that attorney Dutta has a good reputation in the community, this

24   fact does not warrant reconsideration of the Court's Sanctions Order.

25           Because a reasonable and competent inquiry would have led counsel to the conclusion that

26   Richter's claims were barred by preclusion and the Anti-Injunction Act, Richter's Complaint and

27   PI Motion were frivolous, and none of Richter's arguments warrant reconsideration under Rule

28   59(e).

### ii.   Rule 60(b)

Richter argues that the Court committed errors of law in the Sanctions Order.  First, Richter argues that the Oracle's Rule 11 motion was time-barred because it was filed months after the Complaint was filed and after the Court denied Richter's PI Motion and granted Oracle's motion to dismiss.  Richter Mot. at 10–11.  Second, Richter argues that Oracle's notice of its Rule 11 motion did not comply with Fed. R. Civ. P. 11 because Oracle served an unsigned draft on Richter and the draft was substantively different than the filed motion.  *Id.* at 11–12.

Oracle responds that its Rule 11 motion was timely and consistent with the Northern District's local rules and precedent.  Oracle Opp. at 9–10.  Oracle also responds that Richter's argument that the draft Rule 11 motion was substantively different from the filed motion is a new argument that is waived because it was not previously asserted in her opposition to the Sanctions Order.  *Id.* at 10–11.  Even if considered, Oracle argues that courts do not require the filed Rule 11 motion to be identical to the served notice and that the changes that Richter identified were made to correct alleged misstatements and to add quotations from the hearing on Richter's PI Motion, which had not yet occurred when the notice was served.  *Id.* at 11–13.

The Court again concludes that Oracle's Rule 11 motion was not time-barred.  First, the fact that the motion was filed almost half a year after the Complaint and PI Motion were served does not require the Court to find that the motion is time-barred.  In fact, the law is clear that "[t]he timeliness of the Rule 11 motion rests within the judge's discretion."  *Cmty. Elec. Serv. of Los Angeles, Inc. v. Nat'l Elec. Contractors Ass'n, Inc.*, 869 F.2d 1235, 1242 (9th Cir. 1989), *abrogated on other grounds by Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1990); *see also* Fed. R. Civ. P. 11 Advisory Comm. Notes (1983 Amendment) ("The time when sanctions are to be imposed rests in the discretion of the trial judge.").  The only explicit time limitation on the Rule 11 motion was that Oracle was required to file it no more than 14 days after the entry of the judgment, and Oracle satisfied that requirement.  *See* Civ. L.R. 7-8(d).

Second, Richter is incorrect that Rule 11 motions must be filed before the Court has resolved the underlying claim.  The Ninth Circuit has explicitly declined to adopt a requirement that Rule 11 motions be filed before the entry of judgment.  *See Cmty. Elec. Serv. of Los Angeles*,

United States District Court
Northern District of California

1   869 F.2d at 1242 (affirming the grant of a Rule 11 motion filed within 30 days after the entry of

2   judgment).  Similarly, other courts have granted Rule 11 motions after judgment was entered.  *See,*

3   *e.g.*, *Rosco v. Transunion, LLC*, No. 2:17-CV-86-RMP, 2018 WL 1692937, at \*2 (E.D. Wash. Jan.

4   8, 2018), *aff'd sub nom. Rosco v. Trans Union LLC*, No. 18-35484, 2020 WL 1846976 (9th Cir.

5   Apr. 13, 2020).  Although Richter argues that other courts have held that Rule 11 motions cannot

6   be filed after the court has resolved the underlying claim, none of Richter's cited cases address

7   whether a motion for sanctions that is *served* before the dispute is resolved but *filed* after the

8   dispute is resolved is timely.  The Court previously concluded and continues to conclude that the

9   Ninth Circuit's decision in *Islamic Shura Council of Southern California v. FBI*, 757 F.3d 870

10  (9th Cir. 2014), requires only that the motion be served prior to the Court's decision on the

11  underlying dispute, which took place here.  *See also Hamilton v. Yavapai Cmty. Coll. Dist.*, No.

12  CV-12-08193-PCT-GMS, 2018 WL 6696906, at \*1 (D. Ariz. Dec. 20, 2018) ("The Ninth Circuit

13  has consistently found that a party may not serve a Rule 11 motion for sanctions on an opposing

14  party after the Court resolved the offending motion or claim." (emphasis in original)).

15          On Richter's argument that Oracle's served motion failed to comply with Rule 11 because

16  it differed substantively from the filed motion, the Court finds that this argument is waived

17  because Richter could have raised it in her original opposition to Oracle's Rule 11 motion.  *See*

18  *Johnson v. CFS II, Inc.*, 628 F. App'x 505 (9th Cir. 2016) (affirming a district court's denial of a

19  Rule 60(b) motion in part on the basis that previously unraised arguments were waived).

20  Moreover, Richter's argument fails on the merits.  The Ninth Circuit has never imposed a

21  requirement that a served Rule 11 motion be identical to the filed motion, and courts have found

22  that a served motion that rests on substantially the same grounds as a filed motion complies with

23  Rule 11's safe harbor provision.  *See, e.g.*, *Edgerly v. City & Cnty. of San Francisco*, No. C 03-

24  02169 WHA, 2005 WL 235710, at \*3 (N.D. Cal. Feb. 1, 2005) (holding that a Rule 11 motion

25  "was not rendered procedurally defective because 'the filed motion differs from the motion served

26  21 days before the filing of the motion'"), *aff'd Edgerly v. City & Cnty. of San Francisco*, 599

27  F.3d 946, 963 (9th Cir. 2010); *see also Eric Hodgson, Plaintiff, v. Randle Roper, et al.*,

28  *Defendants.*, No. 2:20-CV-00650-KJM-DB, 2022 WL 297089, at \*12 (E.D. Cal. Feb. 1, 2022)

1    (finding that a served motion that differed from the filed motion complied with the safe harbor

2    provision because "it included the same arguments, and any difference caused no prejudice to [the

3    non-movant]"); *Urenia v. Pub. Storage*, No. CV 13-01934 DDP AJWX, 2015 WL 3378247, at *2

4    (C.D. Cal. May 7, 2015) (similar).  To the extent that Richter relies on *Monterrosa v. City of*

5    *Vallejo*, that case found that serving a draft of a Rule 11 motion was insufficient to satisfy the safe

6    harbor provision.  *Monterrosa v. City of Vallejo*, No. 2:20-CV-01563-TLN-DB, 2021 WL 516736,

7    at *15 (E.D. Cal. Feb. 11, 2021).  Unlike in *Monterrosa*, Oracle did not serve a draft of a motion,

8    but a complete motion that stated the same arguments and sought sanctions on the same basis as

9    the filed motion.  *Compare* ECF No. 55-1 ("Dutta Decl.") ¶¶ 3–9, Exs. 22–23, *with* ECF No. 49.

10   Thus, the Court finds that Oracle has complied with the safe harbor requirement because Oracle

11   informed Richter's counsel during the safe harbor period that Oracle was seeking sanctions under

12   Rule 11, the basis on which Oracle alleged Rule 11 had been violated, and the relief requested.

13   *See* Fed. R. Civ. P. 11(c)(2).

14                                             *       *       *

15            Accordingly, the Court DENIES Richter's motion to alter judgment because Richter has

16   failed to demonstrate that relief under Rule 59(e) or Rule 60(b) is warranted.

17       **B.     Defendant Oracle America Inc.'s Motion for Attorneys' Fees (ECF No. 61)**

18            Because the Court finds that sanctions are warranted, it will award reasonable attorneys'

19   fees to Oracle under Rule 11(c)(4).  *See Huettig* 790 F.2d at 1427 (upholding sanctions in "the

20   amount of reasonable attorneys' fees incurred for the defense of the action").  Oracle requests

21   attorneys' fees of $152,028.60, which represents only the fees on work performed by Sheppard,

22   Mullin, Richter & Hampton LLP attorneys Brendan Dolan, Lucky Meinz, and Lowell Ritter on or

23   before November 14, 2022.  *See* ECF No. 61 ("Oracle Mot.") at 2.  In addition, Oracle requests an

24   additional $89,970.50 for fees on work performed by the same attorneys after November 14, 2022.

25   *Id.* at 3.  As stated above, courts in the Ninth Circuit have calculated the amount of reasonable

26   attorney's fees using the lodestar method, which requires the Court to determine "the presumptive

27   lodestar figure by multiplying the number of hours reasonably expended on the litigation by the

28   reasonable hourly rate." *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (quoting *Intel*

United States District Court
Northern District of California

11

United States District Court
Northern District of California

1    *Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993)).

2             **i.    Rates**

3         The Court first considers whether Oracle's counsel's hourly rates are reasonable.  Oracle

4    requests fees based on the 2022 discounted hourly billing rates for attorneys Dolan, Meinz, and

5    Ritter, which represent an over 25% discount on the rate that Sheppard Mullin charged other

6    clients:

| Attorney | Hourly Rate |
|----------|-------------|
| Dolan    | $701        |
| Meinz    | $638        |
| Ritter   | $472        |

10   ECF No. 63 ("Meinz Decl.") ¶ 5.  Richter's opposition to Oracle's motion did not contest the

11   reasonableness of Sheppard Mullin's rates.  *See* ECF No. 68 ("Richter Opp.").  As stated above, in

12   determining a reasonable hourly rate, the Court is guided by "the rate prevailing in the community

13   for similar work performed by attorneys of comparable skill, experience, and reputation."

14   *Chalmers*, 796 F.2d at 1210–11.  The district court considers the "experience, reputation, and

15   ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the

16   novelty or the difficulty of the question presented."  *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044

17   (9th Cir. 2016) (quoting *Chalmers*, 796 F.2d at 1211).  The fee applicant bears the burden of

18   producing satisfactory evidence supporting the reasonableness of its attorneys' rates.  *See Jordan*

19   *v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).

20        The Court finds that the requested hourly rates for Oracle's counsel are reasonable based

21   on the prevailing rates in the Northern District.  *See, e.g.*, *Mogan*, 2022 WL 1458518, at *2–3

22   (finding that the following rates were reasonable:  $1,015.75/hour for a partner with six years of

23   litigation experience and $450 for a junior associate with no known experience in practice); *Sols.*

24   *30 E. Eur., S.R.L. v. Muddy Waters Cap. LLC*, No. 4:21-CV-02423-YGR, 2022 WL 1814439, at

25   *2 (N.D. Cal. Apr. 28, 2022) (finding reasonable rates of up to $980/hour for a partner and $625

26   for an associate); *Aguilar v. Zep Inc.*, No. 13-cv-00563-WHO, 2014 WL 4063144, at *4 (N.D.

27   Cal. Aug. 15, 2014) (approving hourly rates in an employment case of $700 for a partner with 31

28

United States District Court
Northern District of California

1    years of experience and $650 for an attorney with 22 years of experience).  Dolan is a partner at

2    Sheppard Mullin with 35 years of litigation experience.  ECF No. 62 ("Dolan Decl.") ¶ 2.  Meinz

3    is a partner at Sheppard Mullin with 15 years of litigation experience.  Meinz Decl. ¶ 2.  Ritter is

4    an associate at Sheppard Mullin with almost six years of litigation experience.  ECF No. 64

5    ("Ritter Decl.") ¶ 2.  Oracle's requested hourly rates are comparable to, if not lower than, the rates

6    that other courts in this district have found reasonable for attorneys of similar experience.

7    Moreover, Oracle has presented sufficient evidence to show that Sheppard Mullin's rates in this

8    case are lower than the rates of firms with similar reputations and practices in the San Francisco

9    Bay Area.  *See* Meinz Decl. ¶ 9.

10          Accordingly, the Court approves rates of $701/hour for Dolan, $638/hour for Meinz, and

11   $472/hour for Ritter.

12                    **ii.    Hours Expended**

13          The Court next considers the hours expended.  The Court cannot "uncritically" accept the

14   plaintiff's representations of hours expended; rather, the Court must assess their reasonableness.

15   *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984).  In making this

16   determination, the Court can reduce hours when documentation is inadequate, or when the

17   requested hours are redundant, excessive, or unnecessary.  *Hensley*, 461 U.S. at 433–34.

18          Oracle seeks fees for 20.4 hours for Dolan, 125.1 hours for Meinz, and 122.7 hours for

19   Ritter.  *See* Meinz Decl. ¶ 12.  Oracle submitted a detailed time sheet which includes the hours

20   spent by Dolan, Meinz, and Ritter from August 22, 2022 to November 14, 2022.  *See* ECF No. 63-

21   1.  Of the 20.4 hours that Dolan spent on this case, 2.8 hours were spent on case management and

22   tasks related to Fed. R. Civ. P. 26, 8.7 hours were spent on tasks related to opposing Richter's PI

23   Motion, and 8.9 hours were spent on tasks related to Oracle's motion to dismiss.  Meinz Decl.

24   ¶ 12.  Of the 125.1 hours spent by Meinz on this case, 4.3 hours were spent on case management

25   and tasks related to Fed. R. Civ. P. 26, 50.8 hours were spent on tasks related to opposing

26   Richter's PI Motion, 59.4 hours were spent on tasks related to Oracle's motion to dismiss, and

27   10.6 hours were spent on tasks related to Oracle's Rule 11 motion.  *Id.*  Of the 122.7 hours Ritter

28   spent on this case, 15.5 hours were spent on case management and tasks related to Fed. R. Civ. P.

United States District Court
Northern District of California

1    26, 31.4 hours were spent on tasks related to opposing Richter's PI Motion, 52.8 hours were spent

2    on tasks related to Oracle's motion to dismiss, and 23 hours were spent on tasks related to

3    Oracle's Rule 11 motion.  *Id.*  Richter does not argue that the hours spent by Dolan, Meinz, and

4    Ritter are unreasonable.  *See* Richter Opp.

5           After carefully reviewing the Sheppard Mullin attorneys' billing records, the Court finds

6    that most of the requested fees are reasonable.  This case required counsel to understand a

7    complicated litigation history, which included a prior state court litigation and arbitration

8    proceedings, and counsel researched and prepared multiple meritorious bases for dismissal.

9    Moreover, Sheppard Mullin generally staffed the case strategically such that most of the research

10   and briefing was conducted by Meinz and Ritter.  *See* Meinz Decl. ¶ 13, Ritter Decl. ¶ 5.  Other

11   courts have found that similar divisions of labor represent reasonable effort in light of the

12   complexity of the legal issues.  *See, e.g.*, *Mardirossian v. Guardian Life Ins. Co. of Am.*, 457

13   F.Supp.2d 1038, 1050 (C.D. Cal. 2006).

14          However, the Court finds that some of the billed hours are inadequately documented or are

15   redundant, excessive, or unnecessary.  *See Hensley*, 461 U.S. at 433–34.  The Court finds that

16   some billing entries are too general for the Court to discern the nature of the work performed and

17   will thus reduce Dolan's hours by 0.4 and Meinz's hours by 0.6.  *See* ECF No. 63-1 at 1 (Dolan

18   entry dated 8/31/2022 (0.4 hours)); *id.* at 2 (Meinz entry dated 9/2/2022 (0.6 hours)); *see also*

19   *Lexington Luminance LLC v. Feit Elec. Co., Inc.*, No. CV1810513PSGKSX, 2020 WL 7425320,

20   at *7 (C.D. Cal. Oct. 20, 2020) (reducing time where billing records were too general).

21   Additionally, the Court will reduce Dolan's hours by 2.9, Meinz's hours by 7.2, and Ritter's hours

22   by 0.9.  *See* ECF No. 63-1 at 1–3 (Dolan entries dated 8/30/2022 (1 hour), 8/31/2022 (0.4 hours),

23   9/2/2022 (0.4 hours), 9/6/2022 (0.9 hours), and 9/9/2022 (0.2 hours)); *id.* (Meinz entries dated

24   8/30/2022 (1 hour), 8/30/2022 (1.6 hours), 8/31/2022 (0.3 hours), 8/31/2022 (2.1 hours), 9/6/2022

25   (1.7 hours), and 9/9/2022 (.5 hours)); *id.* (Ritter entries dated 8/31/2022 (0.1 hours), 9/2/2022 (0.5

26   hours), 9/6/2022 (0.2 hours), and 9/9/2022 (0.1 hours)).  These billing entries are for time spent on

27   a motion to stay in the arbitration proceeding, which though related is a matter separate from this

28   action.  Oracle does not explain why its attorneys' time spent on the motion pending in arbitration

14

United States District Court
Northern District of California

1  was necessarily in defense of this federal court action. *See Huettig*, 790 F.2d at 1427; *Mogan*,

2  2022 WL 1458518, at *4 (reducing time for hours billed to a separate but related matter).

3  The Court also finds that the hours billed by Meinz for tasks related to opposing Richter's

4  PI Motion and for tasks related to the motion to dismiss were excessive given the number of hours

5  expended by associate attorney Ritter and senior partner Dolan. Ritter devoted 31.4 hours to the

6  PI Motion, Meinz devoted 50.8 hours, and Dolan also devoted 8.7 hours. On the motion to

7  dismiss, Ritter devoted 52.8 hours and Meinz added 59.4 hours along with Dolan's 8.9 hours.

8  Meinz Decl. ¶ 12. It is the Court's determination that Meinz's considerable experience should

9  have allowed greater efficiency in her work and thus the Court will reduce the award for her hours

10  as follows: decrease by 15 hours for her work in opposing the PI Motion and decrease by 20

11  hours for her work regarding the motion to dismiss. *See Wynn v. Chanos*, No. 14-cv-04329-

12  WHO, 2015 WL 3832561, at *5–6 (N.D. Cal. June 19, 2015) (reducing the reasonable hours

13  expended because counsel could have litigated the case more efficiently).

14  Accordingly, the Court finds reasonable fees for 17.1 hours for Dolan, 82.3 hours for

15  Meinz, and 121.8 hours for Ritter. Based on these hours and the reasonable rate above, the

16  adjusted lodestar calculation is $121,984.10.

17  **iii.    Reduction in Fees**

18  The Court next addresses Richter's arguments for why fees should not be imposed or why

19  fees should be reduced. For the most part, Richter's opposition to Oracle's motion argues that

20  fees are inappropriate because Richter's arguments in her Complaint and PI Motion were not

21  frivolous. *See* Richter Opp. at 4–8. As the Court found in its Sanctions Order and in ruling on

22  Richter's motion to alter judgment, Richter's Complaint and PI Motion were frivolous and the

23  award of fees is appropriate.

24  Richter also argues that Oracle is not entitled to attorneys' fees because Richter filed her

25  Complaint and PI Motion in response to Oracle's evidentiary misconduct in the arbitration.

26  Richter Opp. at 8–9. Oracle responds that Richter mischaracterized Oracle's conduct in the

27  arbitration proceeding and that Richter failed to explain how Oracle provoked her into filing her

28  Complaint and PI Motion. ECF No. 76 ("Oracle Reply") at 4. The Court agrees with Oracle.

15

1    Richter fails to explain how her Complaint and PI Motion were provoked by Oracle's alleged

2    misconduct.  Oracle failed to disclose certain documents during discovery in the arbitration

3    proceeding, and Richter moved for and was successful in obtaining sanctions in arbitration.  *See*

4    Compl. ¶¶ 180–86.  However, this conduct does not explain why Richter filed suit in federal court

5    effectively seeking to enjoin the arbitration proceeding.  *Cf. Mossman v. Roadway Exp., Inc.*, 789

6    F.2d 804, 806 (9th Cir. 1986) (finding that sanctions under Rule 11 would not be appropriate for

7    portions of a frivolous motion for summary judgment that were necessarily argued in response to

8    frivolous affirmative defenses).

9           Richter argues that the amount of fees should be reduced because Oracle failed to mitigate.

10   Richter Opp. at 9–10.  Richter argues Oracle did not timely serve its Rule 11 motion on Richter,

11   and that the served motion did not satisfy the safe-harbor provision.  *Id.*  Richter also argues that

12   fees may only be imposed from the end of the safe harbor period (December 7, 2023) to the date

13   on which Oracle's Rule 11 motion could have been heard (allegedly January 5, 2023).  *Id.* at 10.

14   Oracle responds that Richter merely repackages her Rule 60(b) argument and that Oracle's Rule

15   11 motion could not have been heard on January 5, 2023 as Richter alleges.  Oracle Reply at 4–5.

16   As an initial matter, Richter's suggestion that fees may only be imposed starting from the end of

17   the safe harbor period is incorrect.  Although some district courts have done so, there is no legal

18   requirement that fees may only be imposed starting after the safe harbor period has elapsed.

19   Indeed, such a requirement is contrary to the wide discretion afforded to district courts in

20   determining the appropriate sanction under Rule 11 and the Ninth Circuit's instruction that an

21   award of reasonable attorneys' fees may include all fees "incurred for the defense of the action."

22   *Huettig*, 790 F.2d at 1427; *see also Gaskell*, 10 F.3d at 629 (noting that sanctions for a frivolous

23   complaint include all fees reasonably incurred in defending against the claims in the complaint);

24   *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987) ("The district court has

25   wide discretion in determining the appropriate sanction for a Rule 11 violation.").  To the extent

26   that Richter argues that Oracle failed to mitigate, the Court has already rejected Richter's

27   argument that Oracle's service of its Rule 11 motion was untimely or procedurally deficient, and

28   Richter offers an entirely speculative account of why Oracle's Rule 11 motion could have been

United States District Court
Northern District of California

16

1    heard earlier.  As such, the Court does not find that Oracle failed to mitigate and will not impose a

2    limitation on fees to the time frame that Richter proposes.

3         Richter argues that, if fees are imposed, they should only be imposed on Dutta because

4    Dutta filed Richter's papers "based on his legal understanding that they were not frivolous."

5    Richter Opp. at 11.  But aside from this conclusory argument, Richter points to no evidence in the

6    record that indicates that she is free of blame.  *See Kendrick v. Zanides*, 609 F. Supp. 1162, 1173

7    (N.D. Cal. 1985) (imposing joint and several liability because "[n]othing in the record indicates

8    that as between client and counsel, one should be regarded as less blameworthy than the other.").

9         Finally, Richter argues that fees should be reduced in the interest of equity because Richter

10   and Dutta would be severely impacted by an award in the amount that Oracle requests.  Richter

11   Opp. at 11.  "[T]he sanctioned party has the burden to produce evidence of inability to pay."

12   *Gaskell*, 10 F.3d at 629.  Dutta and Richter offer declarations regarding their annual salaries.  *See*

13   ECF No. 69-3 ("Dutta Decl.") ¶¶ 4–5; ECF No. 69-4 ("Richter Decl.") ¶¶ 6–7.  But these

14   declarations do not provide sufficient evidence to preclude sanctions.  *See Mogan*, 2022 WL

15   1458518, at *5 (finding that plaintiff's declaration of inability to pay was insufficient to preclude

16   sanctions).  As such, Richter has failed to meet her burden to show inability to pay.

17        Although Richter has failed to meet her burden to show inability to pay, the Court will

18   exercise its discretion to reduce the attorneys' fee award in light of the purposes of Rule 11.  Rule

19   11 requires that "[a] sanction imposed under this rule must be limited to what suffices to deter

20   repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P.

21   11(c)(4); *see also* Fed. R. Civ. P. 11 Advisory Comm. Notes (1993 Amendment) (noting that the

22   Court has "significant discretion," subject to Rule 11's purpose of deterring repetition of the

23   conduct).  A sanction of almost $122,000 is greater than necessary to deter the conduct at issue in

24   this case, especially because such a sanction would have an outsized impact on Dutta and Richter.

25   *See Hall v. Hamilton Fam. Ctr.*, No. 13-CV-03646-WHO, 2014 WL 1410555, at *12 (N.D. Cal.

26   Apr. 11, 2014) (reducing a sanction award because sanctioned counsel "is a solo practitioner and

27   does not have a big firm's deeper pockets to cushion an award against him").  Accordingly, the

28   Court will reduce its lodestar calculation by 35% to a total attorneys' fee award of $79,289.66.

United States District Court
Northern District of California

17

#### iv.    Request for Additional Fees

Oracle requests that the Court award additional attorneys' fees for work incurred after November 14, 2022.  Oracle Mot. at 3; Oracle Reply at 1.  "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the [Rule 11] motion."  Fed. R. Civ. P. 11(c)(2).  The Court declines to award additional attorneys' fees because the Court finds that further sanctions are would not further serve Rule 11's deterrence purpose.  Accordingly, Oracle's request for attorneys' fees for work incurred after November 14, 2022 is DENIED.

## V.    ORDER

This Court does not relish the task of sanctioning a party or counsel for their conduct.  Rule 11 has an important purpose in the administration of justice and this Order is intended to carry out the Court's duty under Rule 11.  Although the reduction in fees is steep, the final request remains a potent and appropriate remedy for the conduct at issue.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.    Plaintiff Haoning Richter's Motion to Alter Judgment (ECF No. 60) is DENIED.

2.    Defendant Oracle America, Inc.'s Motion for Attorneys' Fees (ECF No. 61) is GRANTED IN PART and DENIED IN PART.  The Court will award Oracle $79,289.66 for attorneys' fees incurred from August 22, 2022 to November 14, 2022 and DENIES Oracle's request for attorneys' fees incurred after November 14, 2022.

Dated:  December 8, 2023

_____
BETH LABSON FREEMAN
United States District Judge